# WIGDOR LLP
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

July 29, 2019

**VIA ECF AND EMAIL**

The Honorable Richard J. Sullivan
United States District Court, Southern District of New York
40 Foley Square, Room 2104
New York, New York 10007

      Re:    Oakley v. Dolan, *et al.*; Civil Case No. 17-cv-06903 (RJS)

Dear Judge Sullivan:

We represent Plaintiff Charles Oakley in the above-captioned matter and write to update the Court on a recent event relevant to the arguments advanced by Defendants James Dolan, MSG Networks, Inc., the Madison Square Garden Company and MSG Sports & Entertainment, LLC (collectively, "Defendants") in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

According to an article published this past Friday,[1] Polly Mosendz, an investigative reporter for Bloomberg LP, recently attended a concert being given by Defendant Dolan and his band at The Paramount, a theater in Long Island. As was the case with Mr. Oakley, Ms. Mosendz had a valid ticket to attend the concert, which was open to members of the general public. Once there, Ms. Mosendz approached Defendant Dolan and identified herself as a reporter. In response:

> [Defendant Dolan] said he hadn't authorized an interview and that I wasn't allowed to be there – despite this being a public show in a public venue . . . . At one point, [Defendant Dolan] flipped my notebook closed. Finally, he stormed off **and summoned security guards to make me leave**.

Id. (emphasis added).

One of the security guards at The Paramount then explained to Ms. Mosendz that, "while **removing reporters was not the venue's policy, Dolan was the headliner and could make such requests**." Id. (emphasis added). This is yet another example of Defendant Dolan wielding his

---

[1] https://www.bloomberg.com/news/articles/2019-07-26/what-it-s-like-to-get-kicked-out-by-knicks-owner-james-dolan (last visited on July 26, 2019).

Case 1:17-cv-06903-RJS   Document 58   Filed 07/29/19   Page 2 of 3



The Honorable Richard J. Sullivan
July 29, 2019
Page 2

power like an irrational despot – just as he had with Mr. Oakley – and deciding that a member of the public should be thrown out of a public venue solely because he could not tolerate her presence.

As was the case with the video showing Defendant Dolan having security forcibly eject a fan from Madison Square Garden (the "Garden") that Plaintiff brought to the Court's attention on March 13, 2019 (the "Fan Incident"), see Dkt. No. 56, Plaintiff is not bringing this newly reported event to the Court's attention as substantive evidence bearing on the merits of Defendants' motion to dismiss. As Plaintiff has explained, in both his opposition papers to the motion to dismiss and in the March 13, 2019 letter, Defendants' motion to dismiss should be determined based solely on the allegations in the Amended Complaint, without resorting to any extrinsic evidence whatsoever.

However, Defendant Dolan's most recent altercation with Ms. Mosendz, as well as the earlier Fan Incident, *is* relevant to the extent that it puts to lie Defendants' misleading characterizations of the incomplete extrinsic evidence they submitted in support of their motion to dismiss. The incidents are further relevant insofar as they demonstrate that it would be inappropriate to dismiss Mr. Oakley's lawsuit based on what is, at best, an incomplete and self-serving selection of videos and documents proffered by Defendants.

Specifically, Defendants claim that the video evidence that they submitted purports to show that Mr. Oakley was acting in a hostile and belligerent manner, yelling at security personnel and Mr. Dolan – despite the fact that this video does not contain any audio indicating what, if anything at all, Mr. Oakley said. They then contend that it was "Oakley's behavior" that "led" to security guards approaching him and throwing him out of Madison Square Garden. See Dkt. No. 42 at pp. 5-7. It is simply impossible to credit Defendants' contention that Mr. Oakley somehow deserved to be violently assaulted and publicly humiliated when they have produced no evidence proving this behavior. More importantly, we now have two separate examples demonstrating that Defendant Dolan requires no such provocation to forcibly eject a patron from a public, ticketed event. Neither Ms. Mosendz nor the individual at the center of the Fan Incident engaged in any behavior that would warrant even being approached by security guards, to say nothing of being thrown out of a venue which they had paid to enter. These two altercations between Defendant Dolan and members of the public show that the video submitted by Defendants is, at the very worst, ambiguous and subject to multiple interpretations.

If this case is to be determined on its merits, it requires discovery so that the parties can view other videos, complete with audio, and speak with relevant witnesses to determine what Plaintiff said prior to being approached by security and what Defendant Dolan told security personnel immediately before they confronted Mr. Oakley, as can be clearly seen in the video submitted by Defendants.[2]  See Dkt. No. 50 at pp. 14-15 (describing the gesture made by Defendant Dolan

---

[2]  Importantly, the admission made by the security guard for The Paramount — that it was not the venue's decision to bar Ms. Mosendz, but that it was merely acceding to Defendant Dolan's demands — also undermines Defendants' claims that the security personnel at Madison Square



The Honorable Richard J. Sullivan
July 29, 2019
Page 3

signaling his security personnel to eject Mr. Oakley from the Garden).  The question of whether Defendants unlawfully forced Mr. Oakley from the Garden and subsequently banned him without any justification, as Plaintiff alleges, inherently involves the resolution of factual issues and credibility determinations that would not be appropriate on a motion for summary judgment, to say nothing of a motion to dismiss.  As a result, and for the reasons explained more fully in Plaintiff's opposition to Defendants' motion to dismiss, Plaintiff respectfully submits that Defendants' motion should be denied in its entirety.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

Douglas H. Wigdor

---

Garden made the decision to eject Mr. Oakley.  It is clear that only Defendant Dolan, the owner of the New York Knicks and Madison Square Garden, and not some unidentified security guard, has the authority to demand that patrons be ejected from public venues.