**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

July 30, 2019

VIA ECF AND E-MAIL (sullivannysdchambers@nysd.uscourts.gov)

Hon. Richard J. Sullivan
United States Circuit Judge
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY 10007

Re:   *Oakley v. Dolan,* et al., 17-cv-6903 (RJS)

Dear Judge Sullivan:

I write as Defendants' counsel in brief response to Plaintiff's counsel's letter of yesterday. Counsel's unauthorized three-page letter submission is inappropriate. Counsel now seeks to inject into this litigation a totally irrelevant—and inaccurate—press account regarding a July 26 incident at a venue not affiliated with Madison Square Garden ("MSG") and involving security guards not associated with MSG. That James Dolan was independently engaged in a live musical performance at that venue, allegedly rebuffed a reporter's persistent efforts to interview him about the Knicks, and third-party security guards not under his control then intervened, has nothing whatsoever to do with the Oakley-MSG incident from nearly two-and-a-half years ago.

Plaintiff's counsel's letter is nothing more than a transparent attempt to try to reargue issues, now *sub judice*, that the parties fully briefed last year warranting dismissal of this case. As previously explained, there are numerous grounds on which this Court can and should dismiss Plaintiff's Amended Complaint in its entirety as a matter of law, without regard to *any* extrinsic evidence. But even as to the significance of the previously submitted video evidence, which depicts the very incident at issue in this litigation, counsel misses the point. That video evidence is no less compelling because it lacks audio. It captures the *entire* February 2017 incident in question here—before, during, and after. And it unquestionably shows Oakley initiating physical contact with MSG security personnel, belying the Amended Complaint's allegations that Oakley was physically struck first by MSG security personnel when, in fact, he hit them. The video evidence further shows that, contrary to Oakley's allegations that he was falsely imprisoned by MSG and then arrested by the NYPD based on false accusations, one or more NYPD officers accompanied MSG security at all times and directly witnessed the entire incident.

We have tried mightily to avoid burdening the Court with sideshow submissions, even as Mr. Oakley's own problems with law enforcement and ejection from at least one other venue have occurred over the past year. Our adversary has not exercised such restraint. In short, Plaintiff's counsel's latest letter served no proper purpose and should not be countenanced.

Respectfully,
/s/ *Randy M. Mastro*
Randy M. Mastro

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.