**WIGDOR LLP**
ATTORNEYS AND COUNSELORS AT LAW

85 FIFTH AVENUE
NEW YORK, NY 10003
TEL 212.257.6800
FAX 212.257.6845
WWW.WIGDORLAW.COM

**Douglas H. Wigdor**
dwigdor@wigdorlaw.com

September 4, 2019

**VIA ECF AND EMAIL**

The Honorable Richard J. Sullivan
United States District Court
Southern District of New York
40 Foley Square, Room 2104
New York, New York 10007

      Re:    Oakley v. Dolan, *et al.*; Civil Case No. 17-cv-06903 (RJS)

Dear Judge Sullivan:

We, along with co-counsel Petrillo Klein & Boxer LLP, represent Plaintiff Charles Oakley in the above-captioned matter against Defendants James Dolan, MSG Networks, Inc., the Madison Square Garden Company and MSG Sports & Entertainment, LLC (collectively, "Defendants").  For the reasons described below, we respectfully request that the stay of discovery entered by the Court on March 15, 2018, be lifted and that the parties be permitted to proceed to discovery while Your Honor adjudicates the motion to dismiss filed by Defendants ("Defendants' Motion").

In the March 15, 2018 Order staying discovery, Your Honor ruled that "the Court is confident that neither party will be prejudiced by such a stay."  See Dkt. No. 38.  Defendants' Motion is still pending, and discovery in this action has been stayed for 17 months.  While Plaintiff did not object to the initial stay of discovery, as it did not seem to unduly prejudice either party at the time, permitting discovery to be continued to be stayed for an indefinite period of time would unfairly prejudice Plaintiff's ability to prosecute his claims.

Mr. Oakley was forcibly and unlawfully ejected from Madison Square Garden ("MSG") on February 8, 2017 (the "Ejection").  Based on both parties' arguments in connection with Defendants' Motion, resolution of the merits of Plaintiff's claims will depend on factual issues that can only be assessed after discovery.  Specifically, based on Defendants' argument that they were justified in using force to remove Mr. Oakley from MSG, this case will turn on Mr. Oakley's behavior from the moment he entered MSG until the moment he was approached by security, including, *inter alia*, what he said to security guards and other personnel, how he treated fans, whether he appeared intoxicated and whether he was behaving in a violent and/or otherwise threatening manner.  The proper adjudication of these issues, we submit, will require the parties to depose numerous witnesses, including Defendants' employees and third parties who were present



The Honorable Richard J. Sullivan
September 4, 2019
Page 2

during the Ejection.  Given the amount of time that has already elapsed since the event, a continued stay would make it increasingly difficult for Plaintiff to adduce accurate and complete recollections of Mr. Oakley's actions.

While Defendants might respond that the prejudice identified by Plaintiff is no different than the prejudice that parties customarily face in a civil litigation, Defendants are aware that the scope of this case presents unique challenges not normally present in other matters.  This case is not the type of litigation that involves a series of events taking place over an extended period of time where witnesses' memories could be refreshed and/or supplemented by ample documentary and other physical evidence.  Instead, because the Ejection occurred in a matter of minutes, it is unlikely that this case will have substantial documentary evidence supporting either side's arguments about Mr. Oakley's behavior.  Likewise, because the internal security video evidence submitted by Defendants in support of their motion to dismiss did not contain any sound, it is unclear whether any audio record, or for that matter any other video, or near-contemporaneous notes or memoranda of the circumstances preceding the Ejection, exists.  It is likely that much of the evidence in this matter will center around the recollections of the witnesses who were present for a short duration of time, now over *two and a half years ago*; further delay will prejudice the Plaintiff.  See, e.g., Long Island Hous. Serv., Inc. v. Nassau Cty. Indus. Dev. Agency, 14 Civ. 3307 (ADS)(AKT), 2015 WL 7756122 at *4 (E.D.N.Y. Dec. 1, 2015) (finding that the passage of 18 months since the filing of the complaint constituted prejudicial delay warranting denial of stay of discovery).  Accordingly, a continued stay will unfairly prejudice Plaintiff and that prejudice can only be mitigated by allowing the parties to commence discovery forthwith.

To be clear, Plaintiff has no intention of harassing Defendants or otherwise abusing the discovery process.  In order to mitigate any potential prejudice identified by Defendants, Plaintiff is prepared to move promptly through discovery so as to identify potential witnesses and obtain relevant testimony in a timely manner.  To the extent that the Court thinks it is necessary, Plaintiff is willing to meet and confer with Defendants about an expedited discovery schedule to minimize any concerns that Plaintiff intends to use the discovery tools to engage in a fishing expedition and to ensure that discovery is targeted and limited to the needs of this case.  To that end, Plaintiff has also engaged experienced co-counsel at Petrillo Klein & Boxer LLP to assist in conducting discovery in such a manner.  Plaintiff's *only* concern is preserving the evidence that is necessary to prosecute his claims.

In sum, Plaintiff respectfully submits that a stay is no longer appropriate and the parties should be permitted to engage in discovery forthwith.



The Honorable Richard J. Sullivan
September 4, 2019
Page 3

We thank the Court for its time and attention to this matter.

Respectfully Submitted,

Douglas H. Wigdor

/s/Nelson A. Boxer
Nelson A. Boxer