# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell:            (917) 273-2693
nboxer@pkbllp.com

November 15, 2019

**By ECF and Email**

The Hon. Richard J. Sullivan
United States Circuit Judge
U.S. Court of Appeals for the Second Circuit
40 Foley Square
New York, NY  10007

    Re:    *Oakley v. Dolan, et al.*, **17 Civ. 6903 (RJS)**

Dear Judge Sullivan:

    We, along with co-counsel Wigdor LLP, represent Plaintiff Charles Oakley in the above-captioned matter and write to inform the Court of a recent event that bears on the motion to dismiss filed by Defendants James Dolan, MSG Networks, Inc., the Madison Square Garden Company and MSG Sports & Entertainment, LLC (collectively, "Defendants").

    This past week, according to media reports, a fan attending the New York Knicks (the "Knicks") game on November 10, 2019, "was escorted out of his seat by security guards at [Madison Square Garden] ... for starting a 'Fire Dolan' chant."[1]  The fan was escorted to the basement of Madison Square Garden ("MSG") by six of Defendants' security guards, who informed him that he would be required to leave if he continued to chant that Defendant Dolan should sell the Knicks.  *Id.*  The security personnel proceeded to escort the fan and his friend to the exit.[2]

    As was the case with the incidents that Plaintiff brought to the Court's attention earlier this year, *see* Dkt. Nos. 56, 58, Plaintiff is not seeking to introduce these events as evidence bearing on the merits of Defendants' motion or Plaintiff's claims.  As Plaintiff has maintained, the decision on Defendants' motion to dismiss should be limited to the allegations in the four corners of the Amended Complaint.  Instead, these events underscore why consideration of extrinsic evidence is especially inappropriate in this case, where Defendants' repeated behavior towards other MSG attendees undercuts their claims that their incomplete extrinsic evidence forms a basis for dismissal.

---

[1] https://www.si.com/extra-mustard/2019/11/11/knicks-kick-out-fan-for-anti-james-dolan-chant (last visited November 12, 2019).

[2] https://clutchpoints.com/knicks-news-fan-gets-kicked-out-madison-square-garden-chanting-fire-dolan/ (last visited November 12, 2019).

In their motion to dismiss, Defendants claim that the video footage they submitted demonstrates that Mr. Oakley was "disruptive, yelling obscenities and disturbing those around him" and was "shouting obscenities from his seat at a group of MSG security guards standing near an NYPD officer." *See* Dkt. No. 42 at pp. 1, 5-6. It was this behavior that Defendants argue compelled security to approach Mr. Oakley and violently confront him as they sought to eject him from Madison Square Garden. Id. at p. 6. They make this argument despite the fact that the video footage is tellingly incomplete: it contains no audio of what Mr. Oakley said and provides no circumstantial evidence that Mr. Oakley said anything at all to Mr. Dolan. *See* Dkt. No. 50 at pp. 12-14. In the absence of such evidence, it is apparent that Defendants are arguing that the only reason their security personnel would have approached Mr. Oakley and demanded that he leave was because he was acting in a belligerent or aggressive manner. The three separate incidents where Defendants demanded that other paying audience members, who apparently did not engage in any abusive or harassing behavior, leave public events belie Defendants' argument.

The question of whether Defendants unlawfully forced Mr. Oakley from Madison Square Garden and subsequently banned him without any justification, as Plaintiff alleges, involves the resolution of factual issues and credibility determinations that are inappropriate on a motion to dismiss. The mere fact that there is video footage of Mr. Oakley being approached by security personnel is irrelevant and cannot form the basis of a motion to dismiss. Instead, the parties should be permitted to develop a full factual record in discovery to determine, *inter alia*, what (if anything) Mr. Oakley said that prompted MSG security to confront him, eyewitness accounts, and any other available evidence, including video evidence. It is all of this evidence, rather than the inferences and suppositions advanced by Defendants before discovery has even occurred, that is relevant to the claims and defenses in this action.

Respectfully submitted,

/s/ Douglas H. Wigdor
Douglas H. Wigdor

Nelson A. Boxer