# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell:          (917) 273-2693
nboxer@pkbllp.com

December 11, 2020

**By ECF**

The Hon. Richard J. Sullivan
United States Court of Appeals for the Second Circuit
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2530
New York, New York 10007

      Re:    *Oakley v. Dolan, et al.*, 17-cv-06903 (RJS)

Dear Judge Sullivan:

      We represent Plaintiff Charles Oakley in the above-referenced action and write in opposition to Defendants' December 7, 2020 (Dkt. 75) request for permission to file a motion for summary judgment and for a discovery stay. For the reasons set forth below, Defendants' requests should be denied.

      First, Defendants' December 7 letter ascribes a finding to the Second Circuit that does not appear in that court's opinion – namely, that the court "made clear that this lone surviving claim is exceedingly narrow." The opinion makes no such conclusion; in fact, what remains as a result of the Second Circuit's opinion and Mandate are two claims, one for assault (the Fifth Cause of Action), and one for battery (the Sixth Cause of Action), neither of which is a "narrow" claim nor "exceedingly" so. As the Second Circuit opined, the determination of whether Defendants' force was reasonable is "generally best left for the jury to decide" "because of its intensely factual nature." *Oakley v. Dolan*, No. 20-642, 2020 WL 6703527, at *3 (2d Cir. Nov. 16, 2020) (internal citations omitted)

      Second, summary judgment should not be granted where, as here, the parties have not had any opportunity to conduct discovery and develop a factual record. *See, e.g., Sutera v. Schering Corp.*, 73 F.3d 13, 18 (2d Cir. 1995) ("A party opposing a motion for summary judgment must have had the opportunity to discover information that is essential to his opposition to the motion"). Defendants would have this court, rather than a jury, render a decision on the merits without providing Plaintiff an opportunity to discover relevant and admissible evidence. The litany of factual conclusions contained on page three of Defendant's December 7 letter highlight the need for discovery and jury resolution of these and other contentions.

      Third, Defendants' contention – that because "what precipitated [Plaintiff's] removal" from MSG are irrelevant to assess his assault and battery claims, Plaintiff is not entitled to

December 11, 2020
Page 2

discovery – is erroneous. Even in the criminal context, where the Second Circuit has held that a defendant is entitled to *more* deference than a private security guard, plaintiff's behavior, including what precipitated his behavior, is a necessary part of the analysis as to whether the force used was reasonable. *See Oakley v. Dolan*, WL 6703527 at *3 (*quoting Graham v. Connor*, 490 U.S. 386, 396 (1989)) (noting that the "severity of the crime" is directly relevant to assessing whether the forced used was reasonable); *Noonan v. Luther*, 206 N.Y. 105, 108 (1912) (upon revoking a license, a property owner could only use reasonable force, "after having afforded her a reasonable opportunity to leave, or while she was behaving in a disorderly manner, she refused to go"). The central question remaining in this action is whether Defendants' use of force in removing Plaintiff was reasonable (*see* Amend. Compl., Dkt. 36 at ¶¶ 50, 123, 124, 127), and the answer to that question depends upon the facts and circumstances of Defendants' conduct, which requires discovery. For example, it may be reasonable to use a greater amount of force to eject an aggressive, belligerent, or intoxicated fan (Defendants' contention regarding Plaintiff) or to eject someone who posed a threat to others or had a weapon in her possession, whereas use of such force would be unreasonable to remove a fan watching a game unobtrusively. Irrespective of the right to revoke Plaintiff's license, if Defendants' perpetrated unreasonable violence on Plaintiff – that is, *without justification*, taking into account all of the facts and circumstances, including what precipitated Plaintiff's removal, as well as what occurred during his removal – they are liable for assault and battery. *See, e.g., J.L. v. E. Suffolk Boces*, No. 14 Civ. 4565, 2018 WL 1882847, at *13 (E.D.N.Y. Apr. 19, 2018) (even at the summary judgment phase, defendant's alleged perception of the plaintiff's behavior created a jury question as to whether the amount of force used was reasonable in assault claim).

Fourth, two videos offered to date by Defendants undermine their contention that their use of force was, as a matter of law, reasonable. One video shows Plaintiff calmly shaking hands with fans, laughing with people sitting next to him, and speaking with Defendants' service employees. *See* Dkt. No. 43-2a at 8:13-8:18. Then, after a stoppage in play and without provocation, James Dolan signals to security personnel (with a downward pointing gesture), *id*. at 8:19:12, who, seconds thereafter, converge upon Plaintiff, confront him, and, when Plaintiff stands up, grab, and pull Plaintiff backwards. *Id*. at 8:19:49. It was after Dolan's unprovoked signal – evidence of a plan or prior instruction – that Defendants' security personnel resorted to unreasonable force. Another video depicts Plaintiff's arms raised in a defensive posture, when a security guard grabs Plaintiff's arm and pushes him back, causing Plaintiff to fall. *See* Dkt. 43-4 at 0:11-0:19. This limited evidence – we do not even yet know, for example, what was said[1] to and by Plaintiff at the moments depicted in the two videos – demonstrates that factual questions

---

[1] The two cases Defendants cite to argue that audio is unnecessary are not on point. In each, plaintiff was incarcerated (which impacted the determination of reasonableness) and was indisputably the initial aggressor – "assumed a boxing stance and made clear his willingness to fight," in *McKinney v. Dzurenda*, 555 F. App'x 110, 111 (2d Cir. 2014) (summary order), and initiated the physical struggle, after which defendant correctional officers responded "to an alert for officer assistance," in *McCoy v. Ferguson*, 2019 WL 3806008, at *2–3 (S.D.W.Va. Aug. 13, 2019) (defendant "easily, reasonably, and should have concluded that immediate action was necessary because the physical altercation … posed an imminent threat to the safety" of a corrections officer and "to the security of the facility"). *See also Oakley* at *3 (*quoting Graham v. Connor*, 490 U.S. 386, 396 (1989)) ("'tense, uncertain, and rapidly evolving'" circumstances in the criminal context "is not necessarily reasonable in the civil context to remove a person whose license to remain on private property has been revoked").

December 11, 2020
Page 3

exist requiring discovery as to whether Defendants' use of force was reasonable.  As the Second Circuit found, "[w]hen a plaintiff alleges that he was 'thrown to the ground' by actions that 'greatly exceeded the amount of force that was necessary' and 'clearly exceeded the bounds of reasonable behavior,' and that he 'has suffered and continues to suffer harm,' the reasonable inference to be drawn is that he has been subjected to an unreasonable amount of force."  *Oakley v. Dolan*, WL 6703527 at *3.

Fifth, Defendants waived their ability to move for summary judgment prior to discovery.  In connection with their motion to dismiss, Defendants asked the court to consider one of its videos, a request Your Honor rejected, explaining that before making any decision based upon the proffered video, Defendants would have to make a motion for summary judgment.  *See* Oral Argument (Jan. 12, 2018) at 30:19-24 ("If you want to make a motion for summary judgement … I can look at [the videos] … and then I guess we will hear from Mr. Wigdor whether he thinks some additional discovery is necessary including testimonial discovery").  Your Honor asked Defendants if they wanted to convert their motion to dismiss to one for summary judgment.  *Id.* at 49:2-5 ("So, one question I had for Mr. Mastro and I have asked it a couple of times is do you want to move for summary judgment quickly relying just on the tapes?  It sounds like you don't.").  Defendants rejected the court's offer, and instead made the tactical decision to proceed with a motion to dismiss.  *See* Dkt. No. 37.  Now, after having failed to dismiss Plaintiff's assault and battery claims on the pleadings, Defendants seek a do-over; by declining to convert their motion to dismiss to a motion for summary judgment in the first instance, Defendants waived their right to do so now.

And sixth, none of the cases cited by Defendants in ostensible support of their application – *Kalfus v. New York & Presbyterian Hosp.*, 476 F. App'x 877, 881 (2d Cir. 2012); *Pizarro v. Bd. of Correction*, No. 16 Civ. 2418 (RJS), 2018 WL 3462512, at *3 (S.D.N.Y. July 17, 2018); *Lin v. City of New York*, No. 14 Civ. 9994 (PAE), 2016 WL 7439362, at *7 (S.D.N.Y. Dec. 21, 2016); *Marcavage v. City of New York*, 689 F.3d 98, 101 (2d Cir. 2012); and *Scott v. Harris*, 550 U.S. 372 (2007) – were decided prior to discovery.

The Second Circuit held that Plaintiff should be permitted to prosecute his assault and battery claims.  Defendants' December 7 submission is an effort to prevent Plaintiff from doing so.  For the reasons describe above, the court should deny Defendants' request for permission to file a motion for summary judgment and should direct that discovery proceed forthwith.

Respectfully submitted,

Nelson A. Boxer
John Allen
Petrillo Klein & Boxer LLP
- and -
Douglas Wigdor
Renan F. Varghese
Wigdor LLP
*Counsel for Plaintiff Charles Oakley*