# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell:            (917) 273-2693
nboxer@pkbllp.com

December 11, 2020

**By ECF**

The Hon. Richard J. Sullivan
United States Court of Appeals for the Second Circuit
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2530
New York, New York 10007

      Re:    *Plaintiff v. Dolan, et al.*, 17-cv-06903 (RJS)

Dear Judge Sullivan:

      We represent Plaintiff in the above-referenced action and, pursuant to Your Honor's Individual Rule of Practice 2A, we respectfully request permission to file a motion, pursuant to Fed. R. Civ. P. 15(a), to serve the attached proposed Second Amended Complaint to add James Dolan as a defendant in the Fifth (assault) and Sixth (battery) causes of action based upon evidence that was not in Plaintiff's possession at the time the Amended Complaint was filed.[1] *See* Ex. A (additions in redline); Ex. B (clean).

      Fed. R. Civ. P. 15(a) provides that the court "should freely give leave [to amend a pleading] when justice so requires." *See Capitol Records, LLC v. Vimeo, LLC*, 972 F Supp. 2d 537, 549 (S.D.N.Y. 2013) ("Courts must 'freely give leave' to amend a complaint 'when justice so requires'") (quoting Rule 15(a)(2)).  The liberal tenor of FRCP 15(a) is reinforced by the underlying goal of the Federal Rules of Civil Procedure that cases are litigated on the merits where possible, *see Foman v. Davis*, 371 U.S. 178, 181 (1982), and leave should be freely granted where, as here, there is no indication of "futility, bad faith, undue delay, or undue prejudice," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

      Prior to filing the original and amended complaints, Plaintiff was unaware of Mr. Dolan's role in the assault and battery perpetrated against Mr. Oakley.  After filing the Amended Complaint, Plaintiff came into possession of evidence that demonstrated that Mr. Dolan, too, engaged in sufficient conduct to be held liable for the assault and battery at issue in this case. Specifically, Plaintiff learned the following concerning the moments before and after the alleged assault and battery: during a stoppage in game play, while Plaintiff was not acting boisterously, Mr. Dolan, after looking at Plaintiff, called over and conferred with a security guard; that guard then walked away and joined a group of approximately ten other security guards that had

---

[1] Plaintiff also seeks to amend his complaint to remove the causes of action that were dismissed by the Court and affirmed by the Second Circuit Court of Appeals.  *See* Ex. A.

December 11, 2020
Page 2

assembled on the side of the court. Thereafter, Mr. Dolan signaled to his security personnel by making a downward pointing gesture with his right hand, immediately after which the large group of security personnel converged on Plaintiff. After Plaintiff stood from his seat, he was immediately grabbed by security personnel and roughly pulled backwards, all while Mr. Dolan looked on. Security personnel then violently removed Plaintiff from his seat and dragged him out of Madison Square Garden, while Mr. Dolan again looked on; and, after Plaintiff was forcibly removed from his seat, Mr. Dolan made a "thumbs up" gesture.

Based upon the foregoing, a claim of assault and battery can be stated against Mr. Dolan under two theories. First, that he acted in concert with his security personnel's assault and battery, because he communicated with and directed his employees to remove Plaintiff, he witnessed from a close distance (and without making any effort to intervene) a large number of security guards' approach and subsequent assault and battery of Plaintiff, and he ratified and adopted the assault and battery of Plaintiff as evidenced by his thumbs up gesture after Plaintiff was dragged out of his seat with unreasonable force. *See, e.g.*, *Weldon v. Rivera*, 301 A.D.2d 934, 935 (3d Dep't 2003) (under concerted action theory, individuals can be liable for assault if they "lend aid or encouragement to the wrongdoer, or ratify and adopt his acts done for their benefit" (internal quotation omitted)); *Scollo v. Nunez*, 60 A.D.3d 840 (2d Dep't 2009) (finding that defendants were liable under a concerted action theory where they "acted tortiously pursuant to a tacit agreement to assault or batter the plaintiffs"). Second, Mr. Dolan aided and abetted his employees' assault and battery, because he directed the large number of security personnel to remove Plaintiff from his seat and the arena. *See, e.g.*, *McKiernan v. Vaccaro*, 168 A.D.3d 827, 830 (2d Dep't 2019) ("To be liable for an assault under an aiding and abetting theory, a defendant must have committed some overt act, either by words or conduct, in furtherance of the assault"). The above-summarized evidence, including reasonable inferences to be drawn therefrom, evidence a plan and instruction from Mr. Dolan that states a claim for assault and battery, and will also likely have additional evidentiary support after discovery.

Because discovery has not begun, neither Mr. Dolan, nor any of the other defendants, could be prejudiced if Plaintiff is permitted to file the proposed Second Amended Complaint. *See*, *e.g.*, *Presser v. Key Food Stores Co-op., Inc.*, 218 F.R.D. 53, 56 (E.D.N.Y. 2003) (finding no prejudice where "although over twenty-one months has elapsed since Plaintiff filed this lawsuit, discovery has not yet begun and no trial date is set").

Finally, claims against Mr. Dolan for assault and battery would be timely, because they relate back to the time Plaintiff filed his original claims. A complaint can be amended to assert new claims against a defendant that relate back to the initial claims if (1) the claims arose "out of the conduct, transaction, or occurrence set out" in the original pleading; (2) the defendant "received such notice of the action that it will not be prejudiced in defending on the merits"; and (3) the newly named defendant "knew or should have known that the action would have brought against it, but for a mistake concerning the proper party's identity." *See Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 547 (2010); *see also Petruzzi v. Purow*, 180 A.D.3d 1083, 1084 (2d Dep't 2020) (same). With regard to "mistake," prong (3) of the test, the Supreme Court has held that the

>reasonableness of the mistake is not itself at issue. As noted, a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about his status or role in the events giving rise to the claim at issue, and she may mistakenly choose to sue a different defendant based on that misimpression. That kind of deliberate but mistaken choice does not foreclose a finding that Rule 15(c)(1)(C)(ii) has been satisfied.

*Id*. at 549. Additionally, a "plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the 'conduct, transaction, or occurrence,'" but the "only question under Rule 15(c)(1)(C)(ii) . . . is whether party A knew or should have known that, absent some mistake, the action would have been brought against him." *Id*.

Mr. Dolan's alleged liability for assault and battery arises out of the same event that gave rise to the assault and battery claims against the other Defendants. Defendants' security personnel all work for Mr. Dolan and initiated the confrontation with Plaintiff, in furtherance of their job duties, after consultation with Mr. Dolan. *See Sims v Bergamo*, 3 N.Y.2d 531, 535 (1957) (employee's perpetration of assault in furtherance of "maintenance of peace and order" in owner's property "would have been pursuant to unexpressed rules and in the performance of duties enjoined upon him by his employment and in the furtherance of his employer's interests"). Thus, Mr. Dolan was both on notice of Plaintiff's assault and battery claims and knew or should have known that, but for Plaintiff not being aware of Mr. Dolan's role in the assault and battery against Mr. Oakley, he would have been named as a defendant.

Based upon the foregoing, Plaintiff respectfully requests permission to move, pursuant to Fed. R. Civ. P. 15(a), to file and serve the attached Second Amended Complaint, which is based upon information discovered after the filing of the Amended Complaint.

Respectfully submitted,

Nelson A. Boxer
John Allen
Petrillo Klein & Boxer LLP
- and -
Douglas Wigdor
Renan F. Varghese
Wigdor LLP
*Counsel for Plaintiff Charles Oakley*