GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

January 5, 2021

VIA ECF AND E-MAIL (CA02_RJSChambers@ca2.uscourts.gov)

Hon. Richard J. Sullivan
United States Circuit Judge
500 Pearl St., Room 2530
New York, New York 10007

Re: <u>Oakley v. MSG Networks, Inc.,</u> et al., 17-cv-6903 (RJS)

Dear Judge Sullivan:

I write as Defendants' counsel, pursuant to Your Honor's Rule 1(C), to request that Defendants' time to serve their answer to Plaintiff Charles Oakley's Amended Complaint be stayed and extended until two weeks after disposition of Defendants' summary judgment motion, if Oakley's claim were to survive.

As previously explained (*see* Dkt. No. 91), such a stay would be consistent with this Court's order staying discovery pending resolution of this dispositive motion (*see* Dkt. No. 90). Moreover, such a stay would be consistent with the federal rules' directive that courts "secure the just, speedy and inexpensive determination of every action." *Rashidi v. Albright*, 818 F. Supp. 1354, 1357 (D. Nev. 1993) (quoting Federal Rule of Civil Procedure 1 in granting a stay pending resolution of a summary judgment motion "entirely dispositive of the action"). Indeed, courts in this circuit have expressly held in granting such stays that it is "incorrect as a matter of law" that "responsive pleadings must of necessity be considered in adjudicating a summary judgment motion." *Flaherty v. Filardi*, 388 F. Supp. 2d 274, 281 (S.D.N.Y. 2005) (Swain, J.) (granting defendants' motion to stay their obligation to file an answer pending the resolution of a summary judgment motion); *accord Seuffert v. Pecore*, 2014 WL 4247785, at *3 n.4 (N.D.N.Y. Aug. 26, 2014); *Delphi-Delco Elecs. Sys. v. M/V NEDLLOYD EUROPA*, 324 F. Supp. 2d 403, 406 n.1 (S.D.N.Y. 2004) (Leisure, J.).[1]

Last night, Plaintiff's counsel finally responded to our pre-holidays request, informing us that they "cannot consent" to such a stay. Plaintiff's counsel claimed "prejudice" from not "hav[ing] any evidence concerning Defendants' position about any of the factual issues relevant to the claims upon which we can rely in opposing summary judgment." But this misses the point. It is Oakley's burden to plead and prove objectively unreasonable force. *See, e.g., Lowth v. Town of Cheektowaga*, 82 F.3d 563, 573 (2d Cir. 1996). Defendants' summary judgment motion seeks dismissal of Oakley's sole remaining assault/battery claim because he cannot possibly sustain this

---

[1] Notably, despite the lack of a specific rule recognizing such a stay, "[m]ost courts [] have determined that Rule 12(a)(4) operates by analogy to a defendant that has filed a pre-answer summary judgment motion and, therefore, have declined to find a defendant in default by failing to file an answer until after disposition of the motion." *DeRosier v. Czarny*, 2019 WL 4697504, at *3 (N.D.N.Y. May 24, 2019), *report and recommendation adopted*, 2019 WL 4691251 (N.D.N.Y. Sept. 26, 2019); *see also* 10A Wright & Miller, Federal Practice and Procedure § 2718 (4th ed. 2020) ("[A] summary-judgment motion made prior to an answer should have the benefit of the Rule 12(a) language tolling the period of time in which an answer must be filed.").

GIBSON DUNN

December 7, 2020
Page 2

heavy burden in the face of definitive video evidence documenting Oakley's removal. *How* Defendants respond to Oakley's specific pleading allegations does not bear on disposition of that motion or alter Oakley's burden in any way. *See generally Delphi-Delco*, 324 F. Supp. 2d at 406 n.1 ("[T]he Court need not postpone ruling on a motion for summary judgment where the moving defendant has failed to file an answer if the answer would not clarify the issues raised by the motion or aid the Court in determining whether there are any genuine issues of material fact that would preclude granting summary judgment"). Moreover, Defendants have specifically broken down how and where the dispositive video evidence undermines and belies Oakley's specific allegations—including his false allegation that he was purportedly twice "thrown onto the ground"—exposing that he cannot possibly meet his burden of proving objectively unreasonable force. (*See, e.g.*, Dkt. No. 75; Dkt. No. 42 at 5–8.)

This Court granted Defendants' first request, on consent, for an extension of their time to answer Oakley's Amended Complaint to and including January 11, 2021. (*See* Dkt. No. 92.) At that time, we informed the Court that we had requested Oakley's counsel's consent to a longer stay extending our time to answer through disposition of our summary judgment motion and were awaiting a response. (*See* Dkt. No. 91.) In refusing to consent, Oakley's counsel has nevertheless advised that they agree to extend Defendants' time to answer by another week, to and including January 18, 2021 which, at a minimum, we would appreciate.

In any event, we now hereby request that this Court stay and extend Defendants' time to answer Oakley's Amended Complaint until two weeks after disposition of Defendants' summary judgment motion.

As always, we appreciate the Court's consideration.

Respectfully,

*/s/ Randy M. Mastro*

Randy M. Mastro


cc: All Counsel of Record (via ECF)