# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell:          (917) 273-2693
nboxer@pkbllp.com

January 8, 2021

**By ECF**

The Hon. Richard J. Sullivan
United States Court of Appeals for the Second Circuit
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2530
New York, New York 10007

      Re:    *Plaintiff v. Dolan, et al., 17-cv-06903 (RJS)*

Dear Judge Sullivan:

      On behalf of Plaintiff Charles Oakley we respond to Defendants' January 5, 2021, letter to the Court ("Defendants' Letter") seeking a stay of their deadline to file an Answer to the Amended Complaint pending a resolution on their motion for summary judgment.

      The Federal Rules of Civil Procedure recognize the distinction between a pre-answer motion pursuant to Rule 12 and a motion for summary judgment pursuant to Rule 56 as anticipated here. Specifically, while Rule 12 mandates an automatic stay of the deadline to answer a pleading, "there is no parallel rule governing a defendant's obligation to answer a complaint when he files a pre-answer motion for summary judgment pursuant to Rule 56." *Head v. Ebert*, No. 14 Civ. 06546 (EAW), 2019 WL 1316978, at *4 (W.D.N.Y. Mar. 22, 2019) (quotation omitted); *see also Modrowski v. Pigatto*, 712 F.3d 1166, 1170 (7th Cir. 2013) ("While serving a Rule 12 motion tolls the deadline for a defendant to file an answer, filing a Rule 56 motion has no such effect"); *Poe v. Cristina Copper Mines, Inc.*, 15 F.R.D. 85, 87 (D. Del. 1953) (finding that the extension of time to file a response under Rule 56 "is not a definite and fixed right").

      The case law cited by Defendants does not warrant a stay of their deadline to file an Answer. Those cases held that *after* a defendant had already filed a summary judgment motion, a court *may* order a stay of the deadline to file an answer to avoid finding the defendant in default. *See, e.g., Seuffert v. Pecore*, No. 13 Civ. 1303 (FJS/DEP), 2014 WL 4247785, at *3 n.4 (N.D.N.Y. Aug. 26, 2014) ("in order to avoid any contention that they have defaulted, in my discretion, I will *sua sponte* order a stay of defendants' time to answer plaintiff's complaint"); *DeRosier v. Czarny*, No. 18 Civ. 0919 (GLS)(DEP), 2019 WL 4697504, at *3 n.2 (N.D.N.Y. May 24, 2019), *report and recommendation adopted*, No. 18 Civ. 0919 (GLS)(DEP), 2019 WL 4691251 (N.D.N.Y. Sept. 26, 2019) ("Most courts that have determined that Rule 12(a)(4) operates by analogy to a defendant that has filed a pre-answer summary judgment motion and,

January 8, 2021
Page 2

therefore, have declined to find a defendant in default by failing to file an answer until after disposition of the motion").

Most significantly, Plaintiff will likely suffer prejudice if Defendants are permitted to move for summary judgment without answering the Amended Complaint. For example, if Defendants admit in their Answer that Mr. Oakley was not intoxicated or behaving inappropriately from the time he entered Madison Square Garden until he entered the arena and took his seat, *see* Am. Comp. at ¶ 31, or admit that Mr. Oakley never refused Defendants' security personnel's request that he leave, *id.* at ¶ 41, or admit that Defendants' security personnel "pushed" Mr. Oakley to the ground, *id.* at ¶ 42, those answers would bear on the amount of force that could reasonably have been used under the circumstances to remove Mr. Oakley from Madison Square Garden and would be relevant to Plaintiff's opposition to Defendant's' summary judgment motion. *See Noonan v. Luther*, 206 N.Y. 105, 108 (1912) (holding that, upon revoking a license, a property owner could only use reasonable force "after having afforded her a reasonable opportunity to leave, or while she was behaving in a disorderly manner, she refused to go").

The cases cited by Defendants are not inconsistent with the above-described risk of prejudice to Plaintiff. For example, in *Flaherty v. Filardi*, 388 F. Supp. 2d 274 (S.D.N.Y. 2005), the court stayed the individual defendants' deadline to answer the complaint in a copyright infringement case because it found that "the absence of an answer from these Producer–Defendants does not in any way prejudice Plaintiff in the context of the motion practice." *Id*. at 281. The court in *Flaherty* held that because the case involved a discrete issue of whether "a comparison of Plaintiff's screenplay and Defendants' movie to determine whether the two works are substantially similar for copyright purposes," both of which were in the record, the lack of an answer did not prejudice the plaintiffs. *Id*.; *see also Delphi-Delco Elecs. Sys. v. M/V NEDLLOYD EUROPA*, 324 F. Supp. 2d 403, 406 n.1 (S.D.N.Y. 2004) ("there was no indication here that answers by the other . . . defendants would change the Court's analysis of their motion").[1]

As the Second Circuit has explained, "only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery[,]" because the "'nonmoving party must have had the opportunity to discover information that is essential to his opposition.'" *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000) (quoting *Trebor Sportswear Co. v. The Limited Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989)). Here, the videotapes upon which Defendants seek to rely in support of their motion for summary judgment do not depict the entire chain of events leading up to Plaintiff's assault and battery and do not contain audio of who said what

---

[1] Defendants' reliance on *Lowth v. Town of Cheektowaga*, 82 F.3d 563 (2d Cir. 1996), *as amended* (May 21, 1996), is misplaced. While it is correct that it will ultimately be Plaintiff's burden to prove that the amount of force used was unreasonable *at trial*, at the summary judgment stage, the "moving party bears the initial burden of showing that there is no genuine dispute as to a material fact." *Rizk v. City of New York*, 462 F. Supp. 3d 203, 219 (E.D.N.Y. 2020) (internal quotations omitted). The nonmoving party must then be given the opportunity to "come forward with admissible evidence sufficient to raise a genuine issue of material fact" to avoid summary judgment. *Id*. Here, Defendants' failure to provide an Answer to the Amended Complaint would deny Plaintiff access to some of the very evidence that he requires to oppose summary judgment.

to whom before and after Mr. Oakley was approached by Defendants' security personnel. While we believe that summary judgment is inappropriate at this stage in the proceedings, or, for that matter, at any point in a case such as this, an Answer to the Amended Complaint is presently the only vehicle for Plaintiff to obtain some evidence that bears on Defendants' motion for summary judgment and that may be material to "the intensely factual nature" of whether Defendants' security personnel's "use of force was reasonable under the circumstances." *Oakley v. Dolan*, 980 F.3d 279, 284 (2d Cir. 2020) (quoting *Holland v. City of Poughkeepsie*, 90 A.D. 3d 841, 844 (2d Dep't 2011)). Accordingly, Defendants application to stay of their deadline to file an Answer to the Amended Complaint pending a resolution on their motion for summary judgment should be denied.

Respectfully submitted,

Nelson A. Boxer
John Allen
Petrillo Klein & Boxer LLP
    - and -
Douglas Wigdor
Renan F. Varghese
Wigdor LLP
*Counsel for Plaintiff Charles Oakley*