UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES OAKLEY,

                              Plaintiff,

        -v-

JAMES DOLAN *et al.*,

                              Defendants.

No. 17-cv-6903 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

        The Court is in receipt of Defendants' letter, dated January 5, 2021, requesting that Defendants' time to serve their answer to Plaintiff's Amended Complaint be stayed and extended until two weeks after disposition of Defendants' motion for summary judgment, in the event that any claims survive. (Doc. No. 95.) The Court previously granted Defendants' unopposed request to stay filing their answer until January 11, 2021, (Doc. No. 92), but Plaintiff opposes Defendants' current request on the ground that "Plaintiff will likely suffer prejudice if Defendants are permitted to move for summary judgment without answering the Amended Complaint," (Doc. No. 99).

        Unlike its Rule 12 counterpart, Rule 56 of the Federal Rules of Civil Procedure does not automatically stay a defendant's obligation to answer a complaint if the defendant files a pre-answer motion for summary judgment. *Compare* Fed. R. Civ. P. 12(a)(4) *with* Fed. R. Civ. P. 56. Nevertheless, a court "need not postpone ruling on a motion for summary judgment where the moving defendant has failed to file an answer if the answer would not clarify the issues raised by the motion or aid the [c]ourt in determining whether there are any genuine issues of material fact that would preclude granting summary judgment." *Delphi-Delco Elecs. Sys. v. M/V Nedlloyd*

*Europa*, 324 F. Supp. 2d 403, 406 n.1 (S.D.N.Y. 2004) (citing *Rashidi v. Albright*, 818 F. Supp. 1354, 1357 (D. Nev. 1993)).

Here, Plaintiff contends that he would be prejudiced if Defendants were not required to submit their answer before adjudication of their motion for summary judgment because Defendants' answers to various allegations in the Amended Complaint (such as the fact that "Mr. Oakley was not intoxicated or behaving inappropriately" before taking his seat) will necessarily "bear on the amount of force that could reasonably have been used under the circumstances to remove Mr. Oakley from Madison Square Garden." (Doc. No. 99 at 2.) This argument resembles Plaintiff's reasons for opposing Defendants' request to stay discovery, (Doc. No. 82 at 1–2), and the Court is similarly unpersuaded that Defendants' answer will aid the Court in resolving Defendants' motion for summary judgment. *See Flaherty v. Filardi*, 388 F. Supp. 2d 274, 281–82 (S.D.N.Y. 2005) (granting defendants' motion to stay their obligation to file an answer pending the resolution of a summary judgment motion, where the magistrate had already "stay[ed] all discovery pending adjudication of the summary judgment motions").

In a case such as this, where Defendants indicate that they will move for summary judgment based upon video evidence that they contend is completely dispositive of the action, "[t]here seems little reason to require a long, burdensome[,] and expensive investigation to file an answer when the contents of the answer may be [rendered] entirely useless by the dispositive nature of the action on the motion." *Rashidi*, 818 F. Supp. at 1357. If Plaintiff disputes Defendants' characterization of the video evidence or maintains that he cannot adequately oppose the motion for summary judgment without additional evidence, he can raise those arguments in opposition to summary

judgment – including through an affidavit pursuant to Rule 56(d).[1]  *See* Fed. R. Civ. P. 56(d).  But the Court concludes that requiring Defendants to file their answer to Plaintiff's Amended Complaint before disposition of their motion for summary judgment is not necessary to ensure "the just, speedy, and inexpensive determination" of this action as required by the Federal Rules. Fed. R. Civ. P. 1.

Accordingly, Defendants' request to stay their obligation to file an answer until after the Court resolves their motion for summary judgment is GRANTED.

SO ORDERED.

Dated:    January 11, 2021
          New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[1] Indeed, Plaintiff argues in his letter that "summary judgment is inappropriate . . . *at any point* in a case such as this." (Doc. No. 99 at 3 (emphasis added).)  This presumably refers to Plaintiff's previous contention that the reasonableness of force in an assault and battery case should, as a general rule, be left to the jury.  (Doc. No. 82 at 1.)  Plaintiff certainly can raise this purely legal argument in opposition to summary judgment without Defendants' answer.