# PETRILLO KLEIN & BOXER LLP

655 Third Avenue
22nd Floor
New York, NY 10017
Telephone: (212) 370-0330
www.pkbllp.com

Nelson A. Boxer
Direct Dial: (212) 370-0338
Cell:            (917) 273-2693
nboxer@pkbllp.com

December 2, 2021

The Honorable Richard J. Sullivan
United States Courthouse
500 Pearl Street
New York, New York 10007

     Re:    *Oakley v. Dolan, et al.*; Civil Case No. 17-cv-06903 (RJS)

Dear Judge Sullivan:

     We write in response to the letter filed by Defendants seeking a pre-motion conference for their anticipated motion for sanctions pursuant to Fed. R. Civ. P. 11 ("Rule 11") ("Defendants' Letter") against Plaintiff Charles Oakley and Douglas H. Wigdor.  As explained below, Defendants' request should be denied.

## I.    <u>Defendants' Intended Motion is Jurisdictionally and Procedurally Defective</u>

     First, any motion for Rule 11 sanctions cannot be entertained, as the Court has already dismissed Plaintiff's claims at summary judgment and has closed the case.  <u>See</u> Dkt. Nos. 121 and 122.  As a result, the Court does not have jurisdiction to entertain a Rule 11 motion.  <u>See</u>, e.g., <u>Melchner v. Town of Carmel</u>, No. 13 Civ. 8164 (VB), 2015 WL 5514587, at *1 (S.D.N.Y. Aug. 28, 2015) (refusing to award sanctions once the "case was closed . . . and the amended complaint is no longer before the Court").

     Second, even if the Court had jurisdiction, a Rule 11 motion would be untimely.  In the Advisory Committee notes to Rule 11, Congress made clear that parties can only seek sanctions *before* a case has been dismissed: "a party cannot delay serving its Rule 11 motion until conclusion of the case (or judicial rejection of the offending contention)."  Advisory Committee's note to 1993 amendment (emphasis added).  As a result, courts have rejected attempts to impose sanctions after a case has been dismissed.  <u>See</u>, e.g., <u>Langdon v. Cty. of Columbia</u>, 321 F. Supp. 2d 481, 484 (N.D.N.Y. 2004) ("service and filing of a Rule 11 motion must occur prior to final judgment and quite clearly then, a party cannot move for sanctions after the court has already dismissed the case").

     Third, even if Defendants' motion for sanctions was made prior to the Court granting their motion for summary judgment, it still would have been untimely.  The original Complaint was filed on September 12, 2017, and the Amended Complaint was filed on February 9, 2018; both documents contained similar allegations of assault and battery.  Thus, the "false pleadings" that purportedly form the predicate for Defendants' sanctions request have been in place for *over three*

*years*.[1]  Defendants' had an obligation to make their motion in connection with their original motion to dismiss in 2018.  They also failed to file a Rule 11 motion in connection with Plaintiff's motion to amend in February 2021.  Permitting Defendants' motion would create a perverse incentive whereby defendants could send a safe harbor letter at the inception of the case and wait to file a motion for sanctions if the case is dismissed, in this case years later.  This procedure is not in accord with Rule 11.  See, e.g., Team Obsolete Ltd. V. A.H.R.M.A. Ltd., 216 F.R.D. 29, 44 (E.D.N.Y. 2003) ("[i]f the claims on their face were patently frivolous or without any basis in existing law (as opposed to containing factual allegations that only subsequent discovery would reveal lacks support), [the defendant] could have moved far sooner").

Fourth, the Defendants decided to seek sanctions and filed their letter only after Plaintiff filed his Notice of Appeal.  Their spokesperson then also made the following extra judicial admission (in a press release): "*Enough is enough*—we have no choice but to pursue damages[.]"  See https://www.law360.com/articles/1443913 (visited November 30, 2021) (emphasis added).  Using Rule 11 as a tactical device to intimidate or punish Plaintiff for pursuing his appellate rights, and/or to prejudice the eventual Second Circuit panel that will hear Plaintiff's appeal, should not be countenanced.[2]

## II.     Defendants' Intended Motion is Substantively Without Basis

Whether an alleged cause of action can survive on the merits is wholly distinct from whether that claim is sanctionable, and "courts must resolve all doubts in favor of the signer of the pleading."  Abdelhamid v. Altria Grp., Inc., 515 F. Supp. 2d 384, 392 (S.D.N.Y. 2007) (citation omitted).

The Second Circuit has explained that sanctions are unwarranted under Rule 11(b)(3) "unless a particular allegation is utterly lacking in support."  Storey v. Cello Holdings, LLC., 347 F.3d 370, 388 (2d Cir. 2003).  The "standard certification for factual allegations [in a complaint] under Rule 11(b)(3) is that there is (or likely will be) evidentiary support' for the allegation, not that the party will prevail with respect to its contention."  O'Brien v. Alexander, 101 F.3d 1479, 1489 (2d Cir. 1996) (internal quotations omitted).

Mr. Oakley filed an affidavit (in opposition to summary judgment) attesting that he did not trip and was pushed, pulled and/or dragged to the ground by security personnel.  See Dkt. No. 114.  In addition, counsel, in good faith, did not believe that the videos were conclusive to the point that they would make any claim that Oakley was assaulted to be utterly lacking in factual support.  For example, it does not make sense that a former professional athlete who played a contact sport for decades would fall to the ground of his own accord on two separate occasions.  There is also no dispute that Defendants' employees laid their hands on Plaintiff before each time

---

[1]     Defendants originally threatened to seek sanctions against Plaintiff for the allegations in the Complaint on March 7, 2018, to which Plaintiff replied on March 27, 2018.  On February 12, 2021, Defendants sent Plaintiff a second letter threatening sanctions unless he agreed to withdraw his Amended Complaint and his request to file a Second Amended Complaint.  Plaintiff responded to this letter on February 18, 2021.

[2]     At a minimum, the Court should deny Defendants' request for a pre-motion conference until after the Second Circuit rules on Plaintiff's upcoming appeal of the Order.  To the extent that the Second Circuit reverses the Order, Defendants' motion for sanctions based on the allegations in the Complaint would be moot.

Plaintiff fell.  And while we understand that the Court rejected our contention that what is depicted on the Defendants'-selected videos is not open to interpretation by a reasonable jury, only Plaintiff is in a position to testify to the effect of feeling Defendants' pushing and/or pulling him.  Without discovery,[3] including any other videos from different angles or with sound throughout the entire incident, counsel could not dismiss, out of hand, Mr. Oakley's statements about what had occurred.[4]  See, e.g., Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1329 (2d Cir. 1995) ("The new version of Rule 11 makes it even clearer that an attorney is entitled to rely on the objectively reasonable representations of the client").

At heart, the merits of Oakley's claims, and even the Court's Summary Judgment Order, turn on the *interpretation* of evidence.  That the Court ultimately disagreed with our good faith interpretation should not form the basis of a sanctions award.  See Goldberger Co., LLC v. Uneeda Doll Co., Ltd., No. 16 Civ. 4630 (AJP), 2017 WL 3098110, at *4 (S.D.N.Y. July 21, 2017) ("A party advances an objectively unreasonable claim if, at the time the party signed the pleading, it is patently clear that [the] claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify or reverse the law as it stands") (internal quotations omitted).

Finally, Defendants base their sanctions request on their claim that this case was brought to harass, because Plaintiff and his counsel sought to wage a public relations campaign. There is no evidence that Plaintiff, a beloved former New York Knick, had any motivation in bringing this case other than to hold Defendants accountable for what he believes occurred.  The contention that counsel brought this matter to harass is belied by the fact that it was Defendants who took to Twitter to publicly excoriate Plaintiff's behavior and went on a national radio show to falsely accuse Oakley of having a drinking problem, inciting violence, and making "racial" and "sexual" comments in the presence of others.

For all the above reasons, Defendants' request to file a Rule 11 Motion should be denied.

Respectfully submitted,

Nelson A. Boxer
Petrillo Klein & Boxer LLP
*Co-counsel for Plaintiff Charles Oakley*

---

[3]      As the Court itself acknowledged during the pre-motion conference for Defendants' motion to dismiss, "there might be any number of videos of this" incident.  Transcript of Jan. 12, 2018 Conference at 16.

[4]      On appeal to the Second Circuit, all  the video at issue was in the record and analyzed by both parties in their respective briefs.  Moreover, the parties agreed at oral argument that the Second Circuit should review the video.  In fact, one of the judges on the panel indicated that he watched the videos submitted. Of course, if the videos were so indisputable as to render Plaintiff's claims of assault and battery sanctionable, it belies logic that the Second Circuit would have remanded the assault and battery claims for further proceedings.