**GIBSON DUNN**

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Randy M. Mastro
Direct: +1 212.351.3825
Fax: +1 212.351.5219
RMastro@gibsondunn.com

December 3, 2021

VIA ECF AND E-MAIL  (CA02_RJSChambers@ca2.uscourts.gov)

Hon. Richard J. Sullivan
U.S. Court of Appeals for the Second Circuit
500 Pearl Street, New York, NY 10007

Re:   *Oakley v. MSG Networks, et al.*, 17-cv-6903 (RJS)

Dear Judge Sullivan:

I write as Defendants' counsel in brief reply to Plaintiff Charles Oakley's letter responding to Defendants' request for a pre-motion conference in anticipation of filing a motion seeking sanctions pursuant to Rule 11.  (*See* Dkt. 125.)  While Your Honor's rules do not ordinarily permit pre-motion reply letters, we seek the Court's indulgence as Oakley raised a completely new threshold issue in opposition—timeliness—not addressed in our opening letter.[1]  Oakley's position is contrary to the weight of authority on this issue.

*First*, there can be no serious dispute that this Court has jurisdiction to consider a sanctions motion pursuant to Rule 11, despite the entry of judgment.  *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) ("It is well established that a federal court may consider collateral issues" such as imposition of a Rule 11 sanction "after an action is no longer pending.").  Oakley's half-hearted attempt to contend otherwise is wrong.  *Melchner v. Town of Carmel*, which Oakley cites (Dkt. 125 at 1), expressly held that the court had subject-matter jurisdiction to consider the defendant's Rule 11 motion post-dismissal, despite ultimately denying the motion given that there (unlike here) the plaintiffs "were never provided an opportunity to correct or withdraw the amended complaint."  2015 WL 5514587, at *1 (S.D.N.Y. Aug. 28, 2015).

*Second*, Defendants' motion is timely.  The Supreme Court has instructed that "under Rule 11, sanctions may be imposed years after a judgment on the merits."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 56 (1991).  "Thus, in the Second Circuit, 'there is no requirement that a moving party *file* a sanctions motion at a specific time, so long as the motion is served on the nonmoving party twenty-one days prior to filing the motion and the final judgment by the Court.'"  *In re Koper*, 2020 WL 5075549, at *10 (Bankr. E.D.N.Y. Aug. 25, 2020) (quoting *Salvini v. ADVFN PLC*, 2016 WL 1703414, at *2 (S.D.N.Y. Apr. 27, 2016)); *accord, e.g.*, *Mealus v. Nirvana Spring Water N.Y. Inc.*, 2015 WL 4546023, at *5 (N.D.N.Y. July 28, 2015).  Here, those conditions were met by service on Oakley and his counsel of Rule 11 letters and notices of motion on March 7, 2018 and February 12, 2021.  (*See* Dkt. 124 at 2.)[2]  Imposing sanctions at this stage would, moreover, fully accord with the Advisory Committee's guidance that "sanctions issue[s] under Rule 11 normally will be determined at the end of the litigation."  Fed. R. Civ. P. 11 note to 1983 amend.

Respectfully,

/s/ Randy M. Mastro

---

[1]  We therefore do not address in this letter the substantive arguments in Oakley's letter unrelated to timeliness.

[2]  By contrast, the "cases within the Second Circuit that have held a Rule 11 motion untimely when filed after the court rendered its judgment . . . all involved situations where the moving party did not provide the opposing party the proper safe harbor notice and opportunity to withdraw or appropriately correct the challenged pleading prior to the court's entry of judgment."  *Koper*, 2020 WL 5075549, at *10.

Beijing • Brussels • Century City • Dallas • Denver • Dubai • Frankfurt • Hong Kong • Houston • London • Los Angeles • Munich
New York • Orange County • Palo Alto • Paris • San Francisco • São Paulo • Singapore • Washington, D.C.