UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES OAKLEY,

                Plaintiff,

-v-

MSG NETWORKS, INC. *et al.*,

                Defendants.

No. 17-cv-6903 (RJS)
<u>ORDER</u>

<u>RICHARD J. SULLIVAN</u>, Circuit Judge:

        The Court is in receipt of a letter from Plaintiff Charles Oakley, dated June 1, 2023, requesting that the Court recuse itself from this case under 28 U.S.C. § 455, as well as Defendants' response, dated June 2, 2023, opposing that request. For the reasons set forth below, the request is DENIED.

        In support of the recusal request, Oakley alleges that "statements the Court has made during various conferences and even in the decisions in this case to date have raised genuine concerns about the Court's ability to oversee the remainder of these proceedings in an impartial manner." Oakley Letter at 1–2. Under 18 U.S.C. § 455(a), a federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Impartiality is evaluated on an objective basis, and therefore, recusal is required when "a reasonable person, knowing all the facts" could reasonably question the judge's impartiality or "entertain significant doubt that justice would be done absent recusal." *United States v. Lovglia*, 954 F.2d 811, 815 (2d Cir. 1992). But as a general matter, a judge's comments and behavior in court almost never constitute a valid basis for finding bias or impartiality. *See Liteky v. United States*, 510 U.S. 540, 554–55 (1994) (explaining with respect to section 455(a) that "opinions

formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings" generally "do not constitute a basis for a bias or partiality motion"). Even when a district court has been reversed on appeal, the "general rule" is that cases are remanded "without any directions or suggestions as to the judge before whom they are to be conducted." *United States v. Robin*, 553 F.2d 8, 9 (2d Cir. 1977) (en banc). Accordingly, there is a presumption that a judge who has been presiding over the case will continue to preside absent "unusual circumstances" that threaten the appearance of impartiality. *Id.* The decision to recuse is "committed to the sound discretion of the district court." *United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998) (internal quotation marks omitted).

Here, Oakley fails to identify a valid basis for recusal under the statute. Oakley principally relies on statements made by the Court on three separate occasions – January 12, 2018, December 22, 2020, and January 3, 2022 – as evidence of its partiality. But when those comments are placed in context and viewed in light of the history of this case, they do not reveal the type of "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. To the contrary, the Court's comments, including those concerning the possibility of future sanctions, were made in connection with Oakley's contemplated motions and amount to nothing more than "ordinary efforts at courtroom administration." *Id.* at 556; *see also DeMartino v. N.Y. State Dep't of Lab.*, 167 F. Supp. 3d 342, 352 (E.D.N.Y. 2016) (holding that "a judge's statement that sanctions could be awarded is not grounds for recusal"), *aff'd in part, dismissed in part*, 712 F. App'x 24 (2d Cir. 2017). Moreover, even if it could be argued that the quotes Oakley has cherry-picked from the record include "expressions of impatience, dissatisfaction, annoyance, and even anger" – a contention that the Court regards as inaccurate – such statements would still be insufficient to justify recusal. *Liteky*, 510 U.S. at 555–56.

Oakley also makes the extraordinary claim that the Court has predetermined this action. But Oakley's logic would require recusal of any judge who granted a motion to dismiss or summary judgment and then was reversed on appeal, which is clearly not the law of this, or any, Circuit. *See id.* at 551 ("It has long been regarded as normal and proper for a judge to sit in the same case upon its remand."). While Oakley may disagree with the Court's prior rulings, the prior orders in this case say nothing about how the Court may rule on any motion submitted by either party in the future. Oakley's contention to the contrary is "based on the rankest of speculation," *DeLuca v. Long Island Lighting Co.*, 862 F.2d 427, 429 (2d Cir. 1988), about what the future of this case might hold and thus does not "provide a reasonable basis for questioning a judge's impartiality," *United States v. Colon*, 961 F.2d 41, 44 (2d Cir. 1992).

Accordingly, because Oakley has failed to provide an objective basis to support recusal, the Court is obliged to deny Oakley's motion. *See In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."). The parties are directed to comply with the Court's May 30, 2023 Order, Doc. No. 141, and file their joint submission regarding next steps in this action by June 16, 2023. The parties are further directed to promptly file the letters submitted to the Court in connection with this motion.

SO ORDERED.

Dated:   June 13, 2023
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

3