UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES OAKLEY,

                              Plaintiff,

      -v-                                                 No. 17-cv-6903 (RJS)
                                                           ORDER

MSG NETWORKS, INC. *et al.*,

                              Defendants.

RICHARD J. SULLIVAN, Circuit Judge:

      The Court is in receipt of the parties' joint letter, dated June 16, 2023, in which Plaintiff Charles Oakley requests a stay of these proceedings pending resolution of his anticipated petition to the Court of Appeals for a writ of mandamus. For the reasons set forth below, Oakley's request is denied.

      In determining whether to grant a stay pending mandamus, the Court must consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *U.S. S.E.C. v. Citigroup Glob. Mkts. Inc.*, 673 F.3d 158, 162–63 (2d Cir. 2012) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors are the most critical, but a stay 'is not a matter of right, even if irreparable injury might otherwise result'; rather, a stay is 'an exercise of judicial discretion,' and 'the party requesting a stay bears the burden of showing that the circumstances justify an exercise of discretion.'" *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020) (alterations omitted) (quoting *Nken v. Holder*, 556 U.S. 418, 433–34 (2009)).

      Here, Oakley does not even attempt to argue that the four factors favor issuing a stay. Nor could he. As to the likelihood of success on the merits, the Court carefully considered Oakley's recusal request, which is premised on his insistence that a reasonable person would "question the Court's

ability to adjudicate this case impartially going forward." (Doc. No. 145 at 1.) But nothing in the record supports that conclusion. The handful of statements that Oakley purports to rely on have been plucked out of context and reveal nothing more than the Court's "ordinary efforts at courtroom administration." *Liteky v. United States*, 510 U.S. 540, 556 (1994). And while the Court has cautioned Oakley's counsel against engaging in sanctionable conduct, "a judge's statement that sanctions could be awarded is not grounds for recusal." *DeMartino v. N.Y. State Dep't of Lab.*, 167 F. Supp. 3d 342, 352 (E.D.N.Y. 2016); *see Liteky*, 510 U.S. at 554–55 (explaining with respect to section 455(a) that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings," as a general matter, "do not constitute a basis for a bias or partiality motion"). Oakley's claim that the Court has predetermined this action is equally baseless. The mere fact that the Court has previously been called upon to rule on motions in this case says nothing about how the Court may rule on any motions in the future. It is therefore highly unlikely that the Second Circuit will disturb the Court's sound exercise of its broad discretion in denying Oakley's recusal motion. *See New York v. U.S. Dep't of Com.*, 339 F. Supp. 3d 144, 148 (S.D.N.Y. 2018) (explaining that under the likelihood-of-success requirement, the movant must demonstrate not only that "this Court erred in its decisions, but also that the Second Circuit is likely to grant mandamus").

Nor has Oakley identified any irreparable harm that he would suffer by filing his motion to amend while the mandamus petition is pending. *See New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015) ("Irreparable harm is injury that is neither remote nor speculative, but actual and imminent." (internal quotation marks omitted)). Given that the Second Circuit directed the Court "to consider Oakley's request for leave to amend in the first instance," *Oakley v. Dolan*, No. 21-2939, 2023 WL 3263618, at *4 (2d Cir. May 5, 2023), it seems clear that the panel contemplated that briefing on the motion would proceed in the ordinary course before the same judge. *See United States v. Robin*, 553 F.2d 8, 9 (2d Cir. 1977) (en banc) ("As a general rule, cases sent back to a district court for further proceedings are remanded without any directions or suggestions as to the judge before

whom they are to be conducted."). Indeed, it bears noting that Oakley's appeal made no request for the case to be reassigned to a different judge in the event of a remand, suggesting that Oakley's recusal motion and contemplated mandamus petition are nothing more than an opportunistic attempt at judge-shopping. *See In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001) (explaining that recusal motions must be "scrutinized with care" to prevent "judge-shopping").

Finally, the third and fourth factors likewise weigh against granting a stay, since Defendants and the public have an interest in the resolution of this long-running litigation, and the issuance of a stay will surely delay these proceedings even longer.

Accordingly, IT IS HEREBY ORDERED THAT Oakley's request for a stay of the proceedings pending resolution of his contemplated petition for a writ of mandamus is DENIED. IT IS FURTHER ORDERED THAT Oakley shall file his motion to amend his complaint by July 24, 2023, Defendants shall file their opposition brief by August 24, 2023, and Oakley shall file his reply brief by September 15, 2023. IT IS FURTHER ORDERED THAT discovery shall be stayed pending the Court's decision on Oakley's motion to amend.

SO ORDERED.

Dated:   June 26, 2023
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation