UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES OAKLEY,<br><br>                    Plaintiff,<br><br>        v.<br><br>MSG NETWORKS, INC., THE MADISON SQUARE GARDEN COMPANY, and MSG SPORTS & ENTERTAINMENT, LLC,<br><br>                    Defendants. | Case No. 17-cv-6903 (RJS) |

**DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants MSG Networks, Inc., Madison Square Garden Sports Corp. (f/k/a The Madison Square Garden Company), and MSG Sports & Entertainment, LLC (collectively, "Defendants"), by and through undersigned counsel, hereby submit this Answer and Affirmative Defenses to the Second Amended Complaint filed by Plaintiff Charles Oakley ("Plaintiff") on April 18, 2024 (ECF No. 164) ("Second Amended Complaint"). Defendants hereby respond to the correspondingly numbered paragraphs of the Second Amended Complaint, deny each and every allegation not expressly admitted, and assert their Affirmative Defenses as follows:

**GENERAL DENIAL**

Defendants deny any and all liability under Plaintiff's Second Amended Complaint. Defendants also generally deny all allegations contained in titles, headings, footnotes, subheadings, and any other material not contained in a numbered paragraph. Unless otherwise indicated, the answers and defenses contained in Defendants' Answer to the Second Amended Complaint are on behalf of all Defendants. By responding as to all Defendants, no representation is made as to whether any Defendant has sufficient knowledge to admit or deny a particular


allegation. To the extent that any allegation in the Second Amended Complaint is directed at one of the Defendants, those other Defendants to whom the allegation is not directed (unless otherwise stated in this Answer) lack knowledge or information sufficient to admit or deny the allegation. Defendants reserve the right to seek to amend or supplement their Answer as may be necessary and appropriate.

## RESPONSES TO SPECIFIC ALLEGATIONS

The introductory paragraph does not contain any allegations to which a response is required.

### "PRELIMINARY STATEMENT"

1. Admit that Charles Oakley was traded to the New York Knicks in 1988, but the remaining allegations in Paragraph 1 consist of Plaintiff's own characterizations and conclusions, to which no response is required.

2. Deny the allegations in Paragraph 2.

3. Deny the allegations in Paragraph 3.

4. Deny the allegations in Paragraph 4.

5. Paragraph 5 consists of Plaintiff's own characterizations and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 5 and deny that Plaintiff is entitled to any relief, including the relief sought in this action.

### "PARTIES'

6. Admit that Plaintiff is a former NBA All-Star and was a power forward for the New York Knicks. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6.

7. Admit that MSG Networks Inc. was a publicly traded Delaware corporation at the time of the events in question, with its principal place of business at Eleven Pennsylvania Plaza, New York, New York 10121, but deny that MSG Networks, Inc. owned or operated the Knicks or Madison Square Garden.

8. Admit that Madison Square Garden Sports Corp. (f/k/a The Madison Square Garden Company) owns and operates the Knicks and is a publicly traded corporation with its principal place of business at Two Pennsylvania Plaza, New York, New York 10121, and admit that Madison Square Garden Sports Corp. (f/k/a The Madison Square Garden Company) owned and operated Madison Square Garden at the time of the events in question, but deny the remaining allegations in Paragraph 8.

9. Admit that the principal place of business for Sphere Entertainment Group, LLC (f/k/a MSG Sports & Entertainment, LLC) is Two Pennsylvania Plaza, New York, New York 10121 and that MSG Sports & Entertainment, LLC owned and operated Madison Square Garden and the New York Knicks at the time of the events in question, but deny the remaining allegations of Paragraph 9 because MSG Sports & Entertainment, LLC was wholly owned by Madison Square Garden Sports Corp. (f/k/a The Madison Square Garden Company), and not by MSG Networks, Inc. as alleged, at the time of the events in question.

## "JURISDICTION AND VENUE"

10. Paragraph 10 states a legal conclusion regarding jurisdiction, to which no response is required.

11. Paragraph 11 states a legal conclusion regarding venue, to which no response is required.

## "FACTUAL ALLEGATIONS"

12. Admit the allegations in Paragraph 12.

13. The allegations in Paragraph 13 concern Plaintiff's own characterizations and conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 13 to the extent Plaintiff implies that his record as a player is relevant to this lawsuit.

14. Admit that Oakley was named to the All-Defensive First Team and appeared in the NBA All-Star Game during the 1993-94 season, but the remaining allegations in Paragraph 14 concern Plaintiff's own characterizations and conclusions, to which no response is required. Defendants further deny Paragraph 14 to the extent Plaintiff implies that his record as a player is relevant to this lawsuit.

15. The allegations in Paragraph 15 concern Plaintiff's own characterizations and conclusions, to which no response is required. Defendants further deny to the extent Plaintiff implies that his record as a player is relevant to this lawsuit.

16. Admit that Mr. Dolan became chairman of MSG in 1999, but the remaining allegations in Paragraph 16 concern Plaintiff's own characterizations and conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 16.

17. Deny the allegations in Paragraph 17.

18. Defendants respectfully refer the Court to the referenced jury award for a complete and accurate description of its contents and deny the remainder of the allegations in Paragraph 18.

19. Deny the allegations in Paragraph 19.

20. Deny the allegations in Paragraph 20 which concern Plaintiff's own

characterizations and conclusions, to which no response is required.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 concerning Mr. Oakley's efforts. All remaining allegations are denied.

23. Deny the allegations in Paragraph 23.

24. Deny the allegations in Paragraph 24. Defendants further deny the allegations in Paragraph 24 to the extent they attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

25. Deny the allegations in Paragraph 25. Defendants further deny the allegations in Paragraph 25 to the extent they attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

26. Deny the allegations in Paragraph 26.

27. Admit the allegations in Paragraph 27.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Admit the fact that Plaintiff's seat was several rows behind Mr. Dolan but deny knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's knowledge in Paragraph 29. Defendants also deny any characterization by Plaintiff of the seat location via the word "coincidentally" in Paragraph 29.

30. Deny the allegations in Paragraph 30.

31. Deny the allegations in Paragraph 31 to the extent they state Plaintiff "acted calmly and without incident." Deny knowledge or information sufficient to form a belief as to the truth

of the remaining allegations about who Plaintiff spoke to in Paragraph 31.

32. Deny the allegations in Paragraph 32. Defendants further deny the allegations in Paragraph 32 to the extent they attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

33. Deny the allegations in Paragraph 33. Defendants further deny the allegations in Paragraph 33 to the extent they attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

34. Admit that MSG security guards were present but deny the remaining allegations in Paragraph 34. Defendants further deny the allegations in Paragraph 34 to the extent they attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

35. Admit that MSG security personnel were present but deny the remaining allegations in Paragraph 35.

36. Deny the allegations in Paragraph 36.

37. Deny the allegations in Paragraph 37.

38. Deny the allegations in Paragraph 38. Defendants further deny the allegations in Paragraph 38 to the extent they attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

39. Deny the allegations in Paragraph 39.

40. Deny the allegations in Paragraph 40. Defendants further deny the allegations in Paragraph 40 to the extent they attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

41. Deny the allegations in Paragraph 41.

42. Deny the allegations in Paragraph 42.

43. Deny the allegations in Paragraph 43.

44. Deny the allegations in Paragraph 44.

45. Deny the allegations in Paragraph 45.

46. Deny the allegations in Paragraph 46.

47. Deny the allegations in Paragraph 47.

48. Deny the allegations in Paragraph 48.

49. Deny the allegations in Paragraph 49.

50. Deny the allegations in Paragraph 50.

51. Deny the allegations in Paragraph 51.

52. Deny the allegations in Paragraph 52.

53. Deny the allegations in Paragraph 53.

54. Deny the allegations in Paragraph 54.  Defendants further deny the allegations in Paragraph 54 to the extent they attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

55. Admit the allegations in Paragraph 55 but note that they are incomplete. Defendants respectfully refer the Court to the criminal charges referenced for a complete and accurate description of its contents.

56. Deny knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff being embarrassed.  Deny the remaining allegations in Paragraph 56.

57. Deny knowledge or information sufficient to form a belief as to the truth of the allegations about Plaintiff being bewildered.  Deny the remaining allegations in Paragraph 57.

58. Deny knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in Paragraph 58.

59. Deny the allegations in Paragraph 59.

60. Deny the allegations in Paragraph 60.

61. Deny the allegations in Paragraph 61. Defendants further deny the allegations in Paragraph 61 to the extent they concern now-dismissed and unpled defamation claims.

62. Defendants admit the existence of the Twitter post by @NY_KnicksPR referenced in this Paragraph, which speaks for itself, but deny any inconsistent allegations in Paragraph 62. Defendants respectfully refer the Court to the post itself for a complete and accurate description of its contents. Defendants further deny the allegations in Paragraph 62 to the extent they mischaracterize Defendants' control of the Twitter account and to the extent they concern now-dismissed and unpled defamation claims.

63. Deny the allegations in Paragraph 63. Defendants further deny the allegations in Paragraph 63 to the extent they concern now-dismissed and unpled defamation claims.

64. Deny the allegations in Paragraph 64. Defendants further deny the allegations in Paragraph 64 to the extent they concern now-dismissed and unpled defamation claims.

65. Deny the allegations in Paragraph 65.

66. Defendants admit the existence of the Twitter post by @NY_KnicksPR referenced in this Paragraph, which speaks for itself, but deny any inconsistent allegations in Paragraph 66. Defendants respectfully refer the Court to the post itself for a complete and accurate description of its contents. Defendants further deny the allegations in Paragraph 66 to the extent they mischaracterize Defendants' control of the Twitter account and to the extent they concern now-dismissed and unpled defamation claims.

67. Deny the allegations in Paragraph 67.

68. Paragraph 68 states legal arguments and conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 68.

69. Admit that Mr. Dolan appeared on "The Michael Kay Show" on February 10, 2017, but Mr. Dolan's statements on the show speak for themselves. Defendants respectfully refer the Court to the interview itself for a complete and accurate description of its contents. Defendants further deny the allegations in Paragraph 69 to the extent they concern now-dismissed and unpled defamation claims or attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

70. Deny the allegations in Paragraph 70.

71. Admit that Mr. Dolan appeared on "The Michael Kay Show" on February 10, 2017, but Mr. Dolan's statements on the show speak for themselves. Defendants respectfully refer the Court to the interview itself for a complete and accurate description of its contents. Defendants further deny the remaining allegations in Paragraph 71, including but not limited to the extent they concern now-dismissed and unpled defamation claims or attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

72. Admit that Mr. Dolan appeared on "The Michael Kay Show" on February 10, 2017, but Mr. Dolan's statements on the show speak for themselves. Defendants respectfully refer the Court to the interview itself for a complete and accurate description of its contents. Defendants further deny the remaining allegations in Paragraph 72, including but not limited to the extent they concern now-dismissed and unpled defamation claims or attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

73. Admit that Mr. Dolan appeared on "The Michael Kay Show" on February 10, 2017,

but Mr. Dolan's statements on the show speak for themselves. Defendants respectfully refer the Court to the interview itself for a complete and accurate description of its contents. Defendants further deny the allegations in Paragraph 73 to the extent they concern now-dismissed and unpled defamation claims or attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

74. Deny the allegations in Paragraph 74. Defendants further deny the allegations in Paragraph 74 to the extent they concern now-dismissed and unpled defamation claims or attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

75. Admit that Mr. Dolan appeared on "The Michael Kay Show" on February 10, 2017, but Mr. Dolan's statements on the show speak for themselves. Defendants respectfully refer the Court to the interview itself for a complete and accurate description of its contents. Defendants further deny the allegations in Paragraph 75 to the extent they concern now-dismissed and unpled defamation claims or attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

76. Admit that Mr. Dolan appeared on "The Michael Kay Show" on February 10, 2017, but Mr. Dolan's statements on the show speak for themselves. Defendants respectfully refer the Court to the interview itself for a complete and accurate description of its contents. Defendants further deny the allegations in Paragraph 76 to the extent they concern now-dismissed and unpled defamation claims or attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

77. Admit that Mr. Dolan appeared on "The Michael Kay Show" on February 10, 2017, but Mr. Dolan's statements on the show speak for themselves. Defendants respectfully refer the

Court to the interview itself for a complete and accurate description of its contents. Defendants further deny the remaining allegations in Paragraph 77, including but not limited to the extent they concern now-dismissed and unpled defamation claims or attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

78. Deny the allegations in Paragraph 78. Defendants further deny the allegations in Paragraph 78 to the extent they concern now-dismissed and unpled defamation claims or attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

79. Deny the allegations in Paragraph 79. Defendants further deny the allegations in Paragraph 79 to the extent they concern now-dismissed and unpled defamation claims.

80. Paragraph 80 states legal arguments and conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 80.

81. Deny the allegations in Paragraph 81. Defendants further deny the allegations in Paragraph 81 to the extent they attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan.

82. Deny the allegations in Paragraph 82.

83. Defendants respectfully refer the Court to the e-mail referenced in Paragraph 83, which speaks for itself, but deny all other allegations in Paragraph 83.

84. Deny the allegations in Paragraph 84.

85. Deny the allegations in Paragraph 85.

86. Deny the allegations in Paragraph 86.

87. To the extent Paragraph 87 references specific statements made by any of the

Defendants, such statements speak for themselves, and Defendants deny any inconsistent allegations in Paragraph 87. Defendants further deny the allegations in Paragraph 87 to the extent they concern now-dismissed and unpled defamation claims.

88. To the extent Paragraph 88 references specific statements made by any of the Defendants, such statements speak for themselves, and Defendants deny any inconsistent allegations in Paragraph 88. Defendants further deny the allegations in Paragraph 88 to the extent they concern now-dismissed and unpled defamation claims or attempt to implicate or assign liability for Plaintiff's remaining claims to now-dismissed non-party Mr. Dolan. Defendants deny the remaining allegations in Paragraph 88.

89. Deny the allegations in Paragraph 89. Defendants further deny the allegations in Paragraph 89 to the extent they concern now-dismissed and unpled defamation claims.

90. Deny the allegations in Paragraph 90. Defendants further deny the allegations in Paragraph 90 to the extent they concern now-dismissed and unpled defamation claims.

91. Deny the allegations in Paragraph 91. Defendants further deny the allegations in Paragraph 91 to the extent they concern now-dismissed and unpled defamation claims.

92. Deny the allegations in Paragraph 92. Defendants further deny the allegations in Paragraph 92 to the extent they concern now-dismissed and unpled defamation claims.

93. Deny the allegations in Paragraph 93. Defendants further deny the allegations in Paragraph 93 to the extent they concern now-dismissed and unpled defamation claims.

94. Deny the allegations in Paragraph 94. Defendants further deny the allegations in Paragraph 94 to the extent they concern now-dismissed and unpled defamation claims.

**"FIRST CAUSE OF ACTION
(Assault)
Against All Defendants"**

95.     Defendants reallege and incorporate their answers above as though fully set forth herein.

96.     Paragraph 96 states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 96.

97.     Paragraph 97 states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 97.

98.     Paragraph 98 states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 98.

**"SECOND CAUSE OF ACTION
(Battery)
Against All Defendants"**

99.     Defendants reallege and incorporate their answers above as though fully set forth herein.

100.    Paragraph 100 states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 100.

101.    Paragraph 101 states legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 101.

\*     \*     \*

The remainder of the Second Amended Complaint sets forth Plaintiff's requested relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any relief, including the relief sought in this action.

**RIGHTS RESERVED**

Except to the extent explicitly admitted or qualified above, Defendants deny each and every allegation of the Second Amended Complaint. Nothing herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to this action.

**AFFIRMATIVE DEFENSES**

Without assuming any burden of any matter not required by law, Defendants assert the following defenses. These defenses are pleaded in the alternative, and none constitutes an admission that Defendants are in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief whatsoever, including the relief sought in this action.

**FIRST DEFENSE**

The Second Amended Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Defendants properly exercised their legal right to exclude ticketholders from their property for any reason or no reason at all.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the evidence establishes that Plaintiff refused to leave MSG when directed to do so and therefore became a trespasser, thus Defendants were permitted to exercise reasonable force in accomplishing the removal of Plaintiff from the premises.

**FOURTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because the evidence demonstrates that the Defendants, working in conjunction with NYPD officers, were authorized to use objectively

reasonable force in removing Plaintiff from MSG (and did not use objectively unreasonable force).

**FIFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because to the extent any force was used, Plaintiff presented a physical threat to security personnel and/or other guests, therefore Defendants only exerted force proportional to the threat posed by Plaintiff.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any use of force was accidental and not intentional.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff violated MSG's Code of Conduct, and Plaintiff consented to potential ejection by reasonable force via agreeing to MSG's Terms of Use at the time he purchased his tickets, which state that MSG reserves the right, without refund of any amount paid, to refuse admission to, or eject, any person whose conduct management deems disorderly, who uses vulgar or abusive language or who fails to comply with Madison Square Garden rules" and "[b]reach of terms or rules will terminate your license to attend the event without refund."

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any injuries or damages.

**NINTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries or damages, if any, are not the direct and proximate result of Defendants' allegedly tortious conduct.

**TENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries or damages, if any, were caused by his own conduct.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any injuries or damages suffered by Plaintiff were caused by his failure to mitigate his injuries or damages.

**TWELFTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because any injuries or damages suffered by Plaintiff resulted wholly or in substantial part from Plaintiff's failure to exercise due care while being reasonably ejected.

\*   \*   \*

Defendants reserve the right to assert each and every other defense of which they may become aware through discovery or other investigation, as may be appropriate at a later time.

WHEREFORE, Defendants, having fully answered Plaintiff's Second Amended Complaint, respectfully request:

(1) that the Second Amended Complaint be dismissed with prejudice;

(2) that judgment be entered in Defendants' favor;

(3) that all costs of this action be taxed against Plaintiff and awarded to Defendants; and

(4) for such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: New York, New York<br>    May 2, 2024 | KING & SPALDING LLP<br><br>By:  /s/ Randy M. Mastro  <br>    Randy M. Mastro<br>    Lauren Myers<br>    1185 Avenue of the Americas,<br>    34th Floor<br>    New York, NY 10036<br>    Tel. (212) 556-2100<br>    Fax (212) 556-2222<br><br>*Attorneys for Defendants* |