UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES OAKLEY,

                Plaintiff,

-v-

MSG NETWORKS, INC., *et al.*,

                Defendants.

No. 17-cv-6903 (RJS)
ORDER

---

RICHARD J. SULLIVAN, Circuit Judge:

    Before the Court is the parties' joint letter regarding plaintiff Charles Oakley's proposed deposition of the defendants' corporate representative pursuant to Federal Rule of Civil Procedure 30(b)(6). (Doc. No. 172.) The defendants object to the scope of the topics that Oakley noticed for the deposition and also move for an order requiring that the deposition be conducted only after Oakley is deposed. For the reasons set forth below, the defendants' proposed narrowing of Oakley's Rule 30(b)(6) deposition topics is GRANTED in part and DENIED in part, and the defendants' motion to schedule the Rule 30(b)(6) deposition after Oakley's deposition is GRANTED.

    **I.    Background**

    This case stems from a 2017 incident at Madison Square Garden ("MSG") in which Oakley was forcibly removed from a New York Knicks basketball game. Shortly thereafter, Oakley brought a number of civil claims against MSG Networks, Inc., Madison Square Garden Company, MSG Sports and Entertainment, LLC (collectively, the "MSG defendants"), and James Dolan, MSG's executive chairman. The defendants moved to dismiss the case in its entirety for failure to state a claim (Doc. No. 41), and the Court granted the motion (Doc. No. 68). The Second Circuit affirmed the Court's ruling with respect to all but Oakley's assault and battery claims, which named only the

MSG defendants. *See Oakley v. Dolan*, 833 F. App'x 896, 902 (2d Cir. 2020); *Oakley v. Dolan*, 980 F.3d 279, 284 (2d Cir. 2020).

On remand, the MSG defendants moved for summary judgment on the assault and battery claims (Doc. No. 102), while Oakley simultaneously moved for leave to file a second amended complaint to add new claims against Dolan (Doc. No. 106). In November 2021, the Court granted the MSG defendants' motion for summary judgment and denied Oakley's motion to amend as futile. (Doc. No. 121.) In May 2023, the Second Circuit vacated the Court's grant of summary judgment and remanded the case for, among other things, reconsideration of Oakley's motion to amend, since it was no longer futile. *See Oakley v. Dolan*, No. 21-2939, 2023 WL 3263618, at *3 (2d Cir. May 5, 2023).

Following the Second Circuit's decision, Oakley renewed his motion for leave to file a second amended complaint. (Doc. No. 148.) The Court granted the motion to the extent that the proposed amended complaint alleged new facts in support of the claims against the MSG defendants, but denied the motion insofar as it added Dolan as a defendant, since "an amendment adding a new defendant without substituting a previous, improperly named defendant does not relate back under Rule 15(c)(1)(C)," making the new claims against Dolan time-barred. (Doc. No. 158 at 8.) Thereafter, the MSG defendants filed an answer (Doc. No. 166), and the parties commenced discovery on the only remaining claims in the case: Oakley's assault and battery claims against the MSG defendants.

On May 31, 2024, Oakley noticed his intent to depose a witness pursuant to Rule 30(b)(6). After conferring with the MSG defendants and agreeing to narrow the scope of the deposition in certain respects, Oakley identified the following topics as ones to be discussed during the depositions: (1) the MSG defendants' policies concerning fan security and/or fan safety during basketball games from February 8, 2017 to present; (2) the MSG defendants' policies concerning the recording of incidents and/or the conduct of investigations in the event of a security or safety breach or a threatened

security or safety breach; (3) the means, media, and technologies used by the MSG defendants' employees to communicate with one another; (4) the MSG defendants' relationship with the NYPD concerning the assignment of NYPD officers to the Knicks game on February 8, 2017; (5) the video recording and audio recording devices in use at MSG on the evening of February 8, 2017; and (6) the MSG defendants' policies and practices for taking and retaining video and audio recordings. (*See* Doc. No. 172 at 2.) The MSG defendants now object, asserting that certain deposition topics are overbroad; they also ask the Court to order that any Rule 30(b)(6) deposition be taken after Oakley is deposed. On July 23, 2024, the parties submitted a joint letter to the Court describing their respective positions on the disputed topics. (Doc. No. 172.) Only Topic 2 is not in dispute.

## II. Legal Standards

"Like other forms of discovery, a Rule 30(b)(6) Notice is subject to limitations under Rule 26 of the Federal Rules of Civil Procedure." *Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 72 (D. Conn. 2010). Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, among other things, "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues," and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26 further provides that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

"The party seeking discovery bears the initial burden of proving the discovery is relevant." *In re Subpoena to Loeb & Loeb LLP*, No. 19 Misc. Civ. 241 (PAE), 2019 WL 2428704, at *4 (S.D.N.Y. June 11, 2019) (internal quotation marks omitted). If the party seeking discovery "establishes the relevance of the materials sought, the burden then shifts to the movant to demonstrate an undue burden." *Id.*

### III. Discussion

#### A. Topic 1: Policies Concerning Fan Security and Fan Safety

The MSG defendants object to Topic 1 to the extent that Oakley seeks testimony concerning policies and procedures at MSG that post-date the February 8, 2017 Knicks game from which Oakley was removed. They contend that the Second Circuit remanded the case for discovery regarding a "very narrow [set of] issues tied to Oakley's physical interactions with security guards at the Garden on February 8, 2017," and that their policies in the seven years since the incident "have nothing to do with whether the force used to eject Oakley on February 8, 2017 was reasonable." (Doc. No. 172 at 3–4 (internal quotation marks omitted).) Oakley counters that the MSG defendants' statements since the event indicate that they have changed their policies and that "[h]ow and why such policies may have changed speaks to the reasonability of those that were applied to Oakley on February 8, 2017." (*Id.* at 2.)

The Court is not persuaded that the MSG defendants' policies in the years since the February 8, 2017 game have any relevance to the question of whether the MSG defendants are liable for an alleged assault and battery on February 8, 2017. As best the Court can tell from Oakley's one-sentence justification, Oakley is suggesting that policy changes could be relevant as subsequent remedial measures. But Oakley has not explained how later policies – as opposed to the actual policies in place on February 8, 2017 – would make it any more or less likely that the force used to remove Oakley on February 8, 2017 was (or was not) objectively unreasonable. Oakley has therefore failed to meet his burden to "make a *prima facie* showing that the discovery sought is more than merely a fishing expedition." *C.K. through P.K. v. McDonald*, 345 F.R.D. 262, 266 (E.D.N.Y. 2023) (internal quotation marks omitted). And even if it could somehow be argued that subsequent remedial policy changes "could . . . be relevant to the issues in this case, or could lead to other matter[s] that might be relevant to this case, or might be admissible to prove a consequential material fact other than

4

culpable conduct," *Loc. 3621, EMS Officers Union, DC-37, AFSCME, AFL-CIO v. City of New York*, No. 18-cv-4476 (LJL) (JW), 2023 WL 8804257, at *14 (S.D.N.Y. Dec. 20, 2023) (alterations and internal quotation marks omitted), the request for testimony regarding the seven years of policies employed at MSG since February 8, 2017 is disproportional to the needs of this case, *see Eiklor v. Lowe's Home Centers, LLC*, No. 21-cv-5082 (GRB) (JMW), 2022 WL 16834574, at *3 (E.D.N.Y. Nov. 9, 2022), in which Oakley asserts a single instance of assault and battery on an isolated evening in 2017.  The MSG defendants' motion to limit Topic 1 is therefore GRANTED.

### B.  Topics 3, 5, and 6:  Written Statements in Lieu of Deposition

The parties disagree as to whether Oakley should be permitted to inquire as to Topics 3, 5, and 6 during the Rule 30(b)(6) deposition.  Topic 3 covers the means, media, and technologies used by the MSG defendants' employees to communicate with one another; Topic 5 covers the video recording and audio recording devices in use at MSG and in use on the evening of February 8, 2017; and Topic 6 covers the MSG defendants' policies and practices for taking and retaining video and audio recordings.  The MSG defendants have offered to provide written statements responding to questions on these issues, but object to these topics being included in the Rule 30(b)(6) deposition, arguing that a deposition is more burdensome than written answers and that a deposition on top of written answers would be cumulative.  Oakley argues that written answers could be used to streamline the deposition questioning, but objects to accepting written answers in lieu of deposition testimony.

What the MSG defendants seek, in effect, is permission to treat Oakley's proposed topics as interrogatories and then provide written responses.  The local rules for this district generally restrict interrogatories "to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location, and general description of relevant documents . . . and other physical evidence, or information of a similar nature."  Loc. R. 33.3(a).  While interrogatories are permitted "if they are

5

a more practical method of obtaining the information sought," Loc. R. 33.3(b), the general rule "reflects a preference" for other discovery tools "such as depositions and document requests," *CG3 Media, LLC v. Belleau Techs., LLC*, No. 21-cv-4607 (MKV), 2022 WL 1172499, at *1 (S.D.N.Y. Apr. 20, 2022). "Among the reasons for this preference is the need for follow-up, observation of a prospective witness's demeanor, and avoidance of receiving pre-prepared answers so carefully tailored that they are likely to generate additional discovery disputes." *Id.* (internal quotation marks omitted).

Given that a Rule 30(b)(6) deposition will already take place concerning other topics, the Court is not persuaded that the inclusion of Topics 3, 5, and 6 is so burdensome as to outweigh the preference for depositions over written statements. The Court therefore DENIES the MSG defendants' motion to strike Topics 3, 5, and 6 from the Rule 30(b)(6) deposition. Nonetheless, the Court agrees with the MSG defendants that Topic 3 is overly broad, as only the communication means, media, and technologies in use (or available for use) on February 8, 2017 are relevant to this case. The MSG defendants' motion is therefore GRANTED to the extent it limits inquiries regarding Topic 3 to the conditions as they existed on February 8, 2017.

### C. Topic 4: Defendants' Relationship with NYPD

The parties' dispute as to Topic 4 is not entirely clear. Oakley states that he agreed to narrow Topic 4 to the "Defendants' relationship with the NYPD concerning the assignment of NYPD officers to the Knicks game on February 8, 2017." (Doc. No. 172 at 2.) But his arguments suggest that he intends Topic 4 to cover the MSG defendants' relationship with the NYPD both before and after the February 2017 game. The MSG defendants characterize Topic 4 in nearly identical terms – as pertaining to "Defendants' relationship with the NYPD concerning the assignment of NYPD officers to the Knicks game on February 8, 2017 at MSG," (*id.* at 5) – but their arguments make clear that they intend Topic 4 to be limited solely to the relationship as it existed on February 8, 2017.

6

Oakley does not provide a persuasive reason as to why the MSG defendants' relationship with the NYPD is in *any* way relevant to the issues presented in this case. He does not, for instance, suggest that the non-defendant uniformed NYPD officer involved in removing Oakley from MSG was somehow an agent of the MSG defendants. But given that the MSG defendants have already agreed to permit limited inquiries pertaining to Topic 4, the Court approves the topic as articulated by the MSG defendants. The MSG defendants' motion with respect to Topic 4 is therefore GRANTED.

### D. Sequence of Depositions

Finally, the MSG defendants move for an order requiring that the Rule 30(b)(6) deposition take place only after Oakley's deposition. (*See id.* at 3 n.2.) Rule 26 provides that, unless the Court orders otherwise, "methods of discovery may be used in any sequence," and "discovery by one party does not require any other party to delay its discovery." Fed. R. Civ. P. 26(d)(3). In short, "there is no rule of discovery priority, and the order regarding the sequence of discovery is at the discretion of the trial judge." *Guidehouse LLP v. Shah*, No. 19-cv-9470 (MKV), 2020 WL 13927593, at *2 (S.D.N.Y. Oct. 27, 2020) (alterations and internal quotation marks omitted).

Given that Oakley's assault and battery claims are based on physical events that happened to him, and of which he therefore has first-hand knowledge, his description of those events is central to this case. Having Oakley deposed first will likely clarify the factual issues and streamline further discovery in this case. The MSG defendants' motion to schedule Oakley's deposition before the Rule 30(b)(6) deposition is therefore GRANTED.

\*   \*   \*

For the reasons stated above, IT IS HEREBY ORDERED THAT the defendants' motion to narrow Oakley's Rule 30(b)(6) deposition topics is GRANTED in part and DENIED in part.

Furthermore, the defendants' motion to schedule the Rule 30(b)(6) deposition after Oakley's deposition is GRANTED.

SO ORDERED.

Dated:   August 12, 2024
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation