**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLES OAKLEY, | |
| Plaintiff, | |
| v. | Case No. 17-cv-6903 (RJS) |
| MSG NETWORKS, INC., THE MADISON SQUARE GARDEN COMPANY, and MSG SPORTS & ENTERTAINMENT, LLC, | **STIPULATION AND [PROPOSED] CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |
| Defendants. | |

WHEREAS, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public and competitively sensitive information that they may need to disclose in connection with discovery in this action; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

WHEREAS, this Court finds that good cause exists for the issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms:

1. **Scope.** All materials produced or adduced in the course of discovery, including documents, initial disclosures, written discovery requests, interrogatory responses, responses to

1

requests for admission, responses to requests for documents, deposition testimony and exhibits, and any other information or material discussed verbally, provided, produced, or exchanged as well as information derived directly therefrom, including any summary, compilation, notes, electronic images, or database (hereinafter collectively "documents"), shall be subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. The parties further acknowledge, as set forth in Section 8 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal.

2.    **Confidential Information.**  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL" by the producing party. Any producing party may designate any material as "Confidential" under the terms of this Order if such party in good faith believes that such material is either restricted by law, contains non-public confidential information, or will cause harm to the business, personal, strategic, proprietary, or commercially sensitive information of the producing party and/or a third party to whom a duty of confidentiality is due and which requires the protections provided in this Order. This includes, but is not limited to, material that falls within one or more of the following categories:

a.    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

b.    previously nondisclosed information relating to ownership or control of any non-public company, or previously nonpublic information which the designating party believes in good faith might reasonably be restricted by statute, or would likely harm the interests of the designating party or nonparties, and/or result in economic or competitive, or business injury to the designating party;

c.    previously nondisclosed commercial information relating to any party's business including, but not limited to, tax data; proposed strategic transactions or other

business combinations; internal audit practices, procedures and outcomes; trade secrets; marketing plans and strategies; studies or analyses by internal or outside experts; competitive analyses or strategic information; customer or prospective customer lists and information; product or service pricing or billing agreements or guidelines; and/or confidential project-related information;

     **d.**    any information of a sensitive, personal, or intimate nature regarding any individual (including, without limitation, medical information, Personally Identifying Information ("PII"), and information prohibited from disclosure by statute);

     **e.**    any information required by law or regulation to be protected from public disclosure; or

     **f.**    any other category of information hereinafter given confidential status by the Court.

     **3.**    **Highly Confidential Information.**  As used in this Order, "Highly Confidential Information" means information designated as "HIGHLY CONFIDENTIAL" by the producing party.  Any producing party may designate any material as "Highly Confidential" under the terms of this Order if such party in good faith believes that the information (regardless of how it is generated, stored, or maintained) (i) constitutes particularly sensitive trade secrets, technical, commercial, financial, competitive, proprietary, or business information; (ii) for which there is a substantial and imminent risk that absent such designation, disclosure would cause competitive and/or economic harm to the designating or producing party; and (iii) requires protection beyond that afforded by a Confidential Information designation.

     **4.**    **Designation.**

     **a.**    Each party or non-party may designate a document as Confidential Information or Highly Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page, an entire document, or family of documents that contains protected material and on all copies in a manner

that will not interfere with the legibility of the document. Each party may also produce for future public use another copy of said Confidential Information or Highly Confidential Information with the confidential information redacted.  For documents produced in native format, the producing party must endeavor to include to the extent technologically feasible the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in either the native file name or on the Bates-numbered slip sheet produced with the native file or on the media containing the Confidential Information (e.g., CD-ROM, DVD).  For information produced in some form other than documentary and for any other tangible items, the producing party may designate the item as containing Confidential Information or Highly Confidential Information by affixing in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

       **b.**     As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be applied prior to or at the time the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also be so marked, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information or Highly Confidential Information are not required to be marked.

       **5.**    **Depositions.**  All depositions and other pretrial testimony shall be treated as Highly Confidential Information until the designation of such testimony pursuant to section (i) and (ii) of this paragraph.  Depositions and other pre-trial testimony may be designated as Confidential Information (i) by a statement on the record, by counsel, before the conclusion of the deposition

4

or testimony, that either a specific portion of the testimony or the entire transcript shall be treated as Confidential Information or Highly Confidential Information; or (ii) by written Notice of Designation served to all parties of record no later than thirty (30) days after the transcript is delivered to any party or the witness. Counsel for the person being deposed shall, within thirty (30) days after receiving the deposition transcript, designate those portions of the transcript which contain testimony containing Confidential Information or Highly Confidential Information, which shall be protected by the terms of this Order. The parties and the court reporter shall thereafter mark such pages in all copies of the transcript with the legend, "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER," and will note on the cover page of any such deposition the following legend: "Certain Designated Pages of this Deposition are [Confidential or Highly Confidential] and Subject to a Protective Order." Until expiration of the 30-day period, if invoked, the entire deposition transcript will be treated as Highly Confidential, unless designated otherwise at the time of the deposition.

The parties may modify this procedure for any particular deposition or other pre-trial testimony through agreement on the record at such deposition or testimony, without further order of the Court.

6. **Protection of Confidential or Highly Confidential Material.**

a. **General Protections.** Confidential Information, Highly Confidential Information, and information derived therefrom shall be used solely for purposes of this litigation, including any appeal thereof, and shall not be used or disclosed for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding.

b. **Confidential Information.** No person subject to this Protective Order other than the producing person shall disclose any of the Confidential Information designated by the producing person as Confidential to any other person whomsoever, except to:

1. the Parties to this action;

2.  counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

3.  outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

4.  any mediator or arbitrator who the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

5.  any insurer and counsel to insurers;

6.  as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

7.  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, or who is called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

8.  any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

**9.** stenographers engaged to transcribe depositions conducted in this action; and

**10.** this Court, including any appellate court, and the court reporters and support personnel for the same.

      **c.**    **Highly Confidential Information.**   No person subject to this Protective Order other than the producing person shall disclose any of the Highly Confidential information designated by the producing person as Highly Confidential to any other person whomsoever, except to those listed in Section 6(b)(2) through 6(b)(10).

      **d.**    Prior to any disclosure of any Confidential or Highly Confidential Information to any person referred to in subparagraphs 6(b)(4), 6(b)(5), 6(b)(7), or 6(b)(8) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign an Acknowledgement and Agreement to Be Bound in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Counsel shall retain each signed Acknowledgement and Agreement to Be Bound, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

      **e.**    This Order has no effect upon, and shall not apply to, a producing party's use or disclosure of its own Confidential Information or Highly Confidential Information for any purpose. Nothing in this Order shall prevent a producing party from disclosing its own Confidential Information or Highly Confidential Information. Recipients of Confidential Discovery Information under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Information for any business, commercial or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action.

7

Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

**f.** The designation of any material or document as Confidential Information or Highly Confidential Information is subject to challenge by any party. Unless and until the challenge is resolved by the parties or ruled upon by the Court, the material or document will be considered and treated as Confidential Information or Highly Confidential Information. The following procedure shall apply to any such challenge: (1) Any party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection; (2) The parties shall, within ten (10) business days after service of the written objections unless otherwise agreed, meet and confer in good faith concerning the objections. In conferring, the objecting party must explain the basis for its belief that any designation was improper; and (3) If the Parties cannot reach agreement, counsel for all Parties will address their dispute to this Court in accordance with Section 2(G) of Judge Richard J. Sullivan's Individual Practices. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Highly Confidential Information under the terms of this Order.

**7.    Security and Data Breach**

**a.** Any PII (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from

unauthorized disclosure.

      **b.**    Receiving parties must take reasonable precautions to protect Confidential Information or Highly Confidential Information from loss, misuse and unauthorized access, disclosure, alteration and destruction.

      **8.**    **Failure to Designate.**   A failure to designate a document as Confidential Information or Highly Confidential Information does not waive the right to so designate the document. A producing party may designate as Confidential or Highly Confidential any discovery material that has already been produced, including discovery material that the producing party failed to designate as Confidential or Highly Confidential, by notifying in writing the party to whom the production has been made that the material constitutes confidential information. If a party designates a document as Confidential Information or Highly Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order.

      **9.**    **Filing of Confidential Information or Highly Confidential Information.**  All persons seeking to file Confidential or Highly Confidential redacted documents or documents under seal with the Court must first notify the designating party in writing of the intent to so file in order to confirm that the designating party wishes to maintain the confidentiality designation at least five days before a motion is made, or within a time reasonable under the circumstances before a motion is made. The parties shall have a meet and confer, and the designating party must respond to this request expeditiously but in no event later than three days after receiving notification, except where time is of the essence, for instance where a motion must be filed on an emergency basis, in which case the moving party must give the designating party at least 3 hours to respond before filing the motion. If the parties are still not able to confer under this provision, the moving party must file the documents provisionally under seal pending a motion from the designating party. If the designating party wishes to maintain the Confidential Information or Highly Confidential

Information designation, the Parties shall follow Section 3 of Judge Richard J. Sullivan's Individual Practices with respect to redactions and filing under seal.  In all cases, the proponent of confidentiality, i.e. the designating party, regardless of whether that is the party filing the document, shall bear the burden of moving the Court for an order of sealing.

10.    **Action by the Court.**  Any motion for protective order and/or filing under seal must set forth why confidentiality is necessary as to each category of materials or documents sought to be designated as Confidential Information or Highly Confidential Information.  Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.    **Use of Confidential or Highly Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present Confidential or Highly Confidential Information at a hearing or trial shall first notify the designating party in writing of the intent to do so in order to confirm that the designating party wishes to maintain the confidentiality designation.  The designating party must respond to this request expeditiously but in no event later than four (4) business days after receiving notification.  If the designating party wishes to maintain the Confidential Information or Highly Confidential Information designation, the Parties must bring this issue to the Court's attention by motion or in a pretrial memorandum without disclosing the Confidential or Highly Confidential Information publicly so that any use or disclosure may be addressed in accordance with the Court's case-management or other order.

12.    **Confidential or Highly Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

a.    If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this Action as Confidential Information or Highly Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than ten (10) business days

after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

      **b.**      The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

      **c.**      The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Highly Confidential Information. Nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court.  Compliance by a receiving party with a court order directing production will not constitute a violation of this Order.

      **13.**      **Disclosure of Privileged Material.**  In accordance with Federal Rule of Evidence 502(d) and other applicable Rules, the disclosure of any document or information subject to an applicable privilege shall not be deemed to waive any applicable privilege or immunity from discovery that would otherwise attach to the document or information produced or to other documents or information in any other federal or state proceeding, including without limitation, the attorney-client privilege, the work product doctrine, or other privilege or immunity.

      **a.**      Pursuant to Federal Rule of Evidence 502(d), if a producing party at any time notifies any receiving party that the producing party disclosed documents, testimony, information, and/or things that are protected from disclosure under the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity from disclosure,  the disclosure shall not be deemed a waiver in this Action or in any other proceeding, including in federal or state proceedings, of the applicable privilege or protection.

      **b.**      The receiving party shall, upon request, (i) refrain from disclosure of the privileged materials and refrain from examining the materials any more than is essential to ascertain if the materials may be privileged, (ii) within three (3) business days, return to the

producing party, sequester or destroy all copies and summaries of such documents, testimony, information, and/or things, and (iii) shall not use such items for any purpose except as set forth in subsections (c) and (d) herein, until further order of the Court.  Within ten (10) business days of the producing party's request to return or destroy such documents, the producing party shall produce a privilege log with respect to the disclosed materials.  The return or destruction of any documents claimed to be privileged shall not constitute an acknowledgement by the receiving party that the claimed documents or information is in fact privileged or entitled to protections of immunity.

      c.      The return of any discovery material to the producing party shall not in any way preclude the receiving party from moving the Court for a ruling that the disclosed information is not privileged, however, the receiving party cannot assert as a basis for the relief it seeks the fact or circumstance that the producing party produced such documents in this Action, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the produced material (or any portion thereof) that is the subject of such motion, except as an under seal filing. Allegedly privileged documents shall remain protected against disclosure and shall not be used during the pendency of any dispute over their status (except as an under seal filing in the motion). If such a sealed filing is made or is being promptly prepared, the receiving party may also retain a copy of the document or information for this limited purpose until the Court has resolved such claim of privilege or immunity.  The producing party must preserve the information until the claim is resolved.

      d.      If any information, document, or thing has been offered at a deposition, or as a sealed exhibit to, or redacted part of, a dispositive motion or opposition to a dispositive motion and the producing party claims that such information, document, or thing filed under seal or in redacted form was produced and is protected by privilege or work-product immunity, all parties shall comply with Fed. R. Civ. P. 26(b)(5)(B), except that the producing party, within five (5) business days of the deposition or filing and service of the dispositive motion or opposition to

dispositive motion, shall identify the disclosed material and simultaneously produce to all parties a privilege log specifically identifying the disclosed material and a basis for the claim of privilege or work-product immunity.  Promptly after the production of such a log, the producing and receiving parties must conduct a meet and confer to try to resolve the issue.  If, after the parties meet and confer, they cannot reach agreement, the producing party shall, within five (5) business days of the meet and confer, present the dispute to the Court, by means of a motion for protective order pursuant to Rule 26(c) or otherwise.  Any portion of the deposition transcript discussing or reflecting the disclosed material shall be deemed Confidential Information until the claim of privilege or immunity is resolved.  Nothing in this Protective Order shall alter or infringe the right of counsel to instruct a deposition witness not to answer a question on the basis of privilege. Nothing in this Protective Order shall prevent the producing party from seeking immediate relief from the Court, including a protective order under Rule 26(c), where necessary to preserve the claimed privilege or work-product protection and prevent or limit further disclosure of the information, document, or thing pending resolution of the claim.  If the disclosed information, document, or thing has been submitted as part of a filed dispositive motion or opposition to a dispositive motion, any motion for a protective order under Rule 26(c) shall be fully briefed so that it may be heard by the Court before or simultaneously with the hearing on the relevant dispositive motion or opposition to dispositive motion.

**15. Order Subject to Modification.**  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

**16. No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Highly Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until

such time as the Court may rule on a specific document or issue.

17.    **Persons Bound.**  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

18.    **Third Parties.**

a.    A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

b.    Third parties producing documents in this Action may also designate documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL subject to the same protections, obligations, and constraints as the parties to the action.  A copy of this Stipulated Confidentiality Order shall be served along with any subpoena or document request served on third parties in connection with this Action.  All documents produced by such third parties shall be treated as CONFIDENTIAL unless otherwise specified by the third party, for a period of fourteen (14) days from the date of their receipt, and during that period any party or the third party may designate such documents as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to the terms of this Stipulated Confidentiality Order.

19.  **Obligations on Conclusion of Litigation.**

a.    **Order Continues in Force.**  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

b.    **Obligations at Conclusion of Litigation.**  Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal or final disposition, all

Confidential Information or Highly Confidential Information and documents marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order, including copies as defined in ¶ 4(b), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  The Court is not obligated to return or destroy any exhibits or documents that have been made part of the record.

        **c.**      **Retention of Work Product and one set of Filed Documents.** Notwithstanding the above requirements to return or destroy documents, counsel for the parties may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or Highly Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Highly Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal, provided that such counsel maintain the confidentiality thereof.  Any retained Confidential Information or Highly Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Highly Confidential Information.

        **20.**      **Continuing Jurisdiction.**  All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

        **21.**      **Counterparts.**  This Stipulated Confidentiality Order may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts,

shall constitute one Stipulated Confidentiality Order, which shall be binding upon and effective as to all parties.

Dated:  August 13, 2024

_Randy Mastro_
Randy M. Mastro
Lauren Myers
1185 Avenue of the Americas,
34th Floor
New York, NY 10036
Tel. (212) 556-2100
Fax (212) 556-2222

*Attorneys for Defendants*

Dated: August 13, 2024
      New York, New York

**WIGDOR LLP**

By: _____
        Douglas H. Wigdor
        Valdi Licul
        John S. Crain

85 Fifth Avenue
New York, NY 10003
Telephone:  (212) 257-6800
Facsimile:   (212) 257-6845
dwigdor@wigdorlaw.com
vlicul@wigdorlaw.com
jcrain@wigdorlaw.com

*Counsel for Plaintiff*

PETRILLO KLEIN & BOXER LLP

By: _____
        Nelson A. Boxer

655 Third Avenue
New York, NY 10017
Telephone: (212) 370-0330
Facsimile: (212) 370-0391
nboxer@pkbllp.com

*Counsel for Plaintiff*

**SO ORDERED.**
**Dated:** _____    _____

                                           Honorable Richard J. Sullivan
                                           United States District Judge

17

**ATTACHMENT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHARLES OAKLEY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>MSG NETWORKS, INC., THE MADISON SQUARE GARDEN COMPANY, and MSG SPORTS & ENTERTAINMENT, LLC,<br><br>　　　　　　Defendants. | Case No. 17-cv-6903 (RJS) |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

1.　　I, _____, state that:

2.　　I hereby acknowledge that I have read the Confidentiality Order dated _____, 2024 in the above-captioned action and attached hereto, understand the terms thereof, and agree to be bound by its terms.

3.　　I submit to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Confidentiality Order and understand that the terms of the Confidentiality Order obligate me to use materials designated as Confidential Information or Highly Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information or Highly Confidential Information to any other person, firm or concern.

4.　　I further understand that I am to retain all copies of all protected material provided to me in the Action in a secure manner, and that all copies of such protected material are to remain in my personal custody until termination of my participation in this Action, whereupon the copies of such protected material will be returned to counsel who provided me with such protected material.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name (print):_____

Signature:_____

Date:_____