UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES OAKLEY,

                Plaintiff,

  -v-

MSG NETWORKS INC., THE MADISON SQUARE GARDEN COMPANY, and MSG SPORTS & ENTERTAINMENT, LLC,

                Defendants.

No. 17-cv-6903 (RJS)

**CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

---

RICHARD J. SULLIVAN, Circuit Judge:

    Pursuant to Rules 16–26(f) of the Federal Rules of Civil Procedure, the Court hereby adopts the following Case Management Plan and Scheduling Order.

1. All parties <u>do not</u> consent to disposition of this case by a Magistrate Judge, pursuant to 28 U.S.C. § 636(c).

2. This case <u>is</u> to be tried to a jury.

3. No additional parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed without leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than <u>May 17, 2024</u>.

6. All fact discovery is to be completed no later than <u>December 15, 2024</u>.

7. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court, provided that the parties meet the deadline for completing fact discovery set forth in ¶ 6 above.

    a. Initial requests for production of documents shall be served by <u>May 31, 2024</u>.

    b. Interrogatories shall be served by <u>May 31, 2024</u>.

    c.    Depositions shall be completed by <u>December 15, 2024</u>.

        i.    Absent an agreement between the parties or an order from the Court, depositions are not to be held until all parties have responded to initial requests for document production.

        ii.    There is no priority in deposition by reason of a party's status as a plaintiff or a defendant with the exception that Plaintiff is to be deposed first. (*See* Doc. No. 174 at 7.)

        iii.    Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

    d.    Requests to Admit shall be served no later than <u>December 2, 2024</u>.

8.    All expert disclosures, including reports, production of underlying documents, and depositions shall be completed pursuant to the following deadlines:

    a.    Expert(s) Disclosure: <u>November 25, 2024</u>.

    b.    Exchange of Expert(s) Reports: <u>December 20, 2024</u>.

    c.    Expert(s) Deposition(s): <u>January 31, 2025</u>.

9.    All discovery shall be completed no later than <u>January 31, 2025</u>.

10.    The Court will conduct a post-discovery conference on <u>March 4, 2025 at 10:00 AM</u> in Courtroom 21C of the Daniel P. Moynihan U.S. Courthouse.

11.    If either party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by February 14, 2025. Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three business days from the date of submission of the initial pre-motion letter. Pre-motion letters and responses shall be submitted pursuant to Rule 1.A of the Court's Individual Practices.

12.    If neither party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

13.    Counsel for the parties request a settlement conference before a Magistrate Judge or the Southern District's Mediation Program and request:

    a.    __ X __ Referral to a Magistrate Judge for settlement discussions

    b.    _____ Referral to the Southern District's Mediation Program

       The parties are to contact Magistrate Judge Stewart D. Aaron by December 1, 2024. All counsel must meet for at least one hour to discuss settlement not later than two weeks after the close of fact discovery.

14. Parties have conferred, and their present best estimate of the length of trial is <u>two weeks</u>.

15. In the case of a discovery dispute, unless otherwise directed, parties should describe their discovery disputes in a single letter, jointly composed, not to exceed five pages. Separate and successive letters will not be read. Strict adherence to Fed. R. Civ. P. 37(a)(1), the "meet and confer" rule, is required, and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective parties claim for support. As a general matter, affidavits or exhibits are not permitted in connection with discovery dispute letters without prior written request and permission. However, when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

16. No request for an extension of the deadlines set forth in ¶¶ 6 or 9 shall be granted unless the parties seeking the extension show good cause for the extension and specifically explain (1) what discovery has already been completed, (2) what discovery remains to be done, and (3) why the parties were unable to comply with the preexisting deadlines. As a general matter, the Court will not adjourn a deadline by more than the number of days remaining from the time of the request to the original deadline. (For example, if at the time of the request there are twenty days left before the deadline, the Court will not adjourn the deadline more than twenty days.)

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 179.

SO ORDERED.

DATED:    September 6, 2024
               New York, New York

                                                      RICHARD J. SULLIVAN
                                                      UNITED STATES CIRCUIT JUDGE
                                                      Sitting by Designation