

**Valdi Licul**
vlicul@wigdorlaw.com

November 1, 2024

**VIA EMAIL**

The Honorable Richard J. Sullivan
United States District Court, Southern District of New York
40 Foley Square, Room 2104
New York, New York 10007

      Re:    Oakley v. MSG Networks, *et al.*; Civil Case No. 17-cv-06903 (RJS)

Dear Judge Sullivan:

We represent the Plaintiff Charles Oakley ("Oakley") and write to respectfully request permission to file this letter supplementing Oakley's October 1, 2024 opposition to Defendants' request that this Court reconsider its September 10, 2024 Memorandum and Order ("Order") granting Oakley's motion to compel the deposition of James Dolan ("Dolan"). The basis for this supplemental submission is that on October 30, 2024, Oakley obtained conclusive documentary proof from the NBA that Dolan was not merely a witness to the events underlying this action, but that he, in fact, ordered Oakley's ejection from MSG.

Oakley brought this action alleging assault and battery stemming "from a 2017 incident at [MSG] in which Oakley was forcibly removed from a New York Knicks basketball game." Oakley v. MSG Networks, Inc., No. 17 Civ. 6903 (RJS), 2024 WL 4134903, at *1 (S.D.N.Y. Aug. 12, 2024). Defendants and Dolan have repeatedly attempted to distance Dolan from the events concerning Oakley's ejection. For instance, they opposed Oakley's motion to add Dolan as an individual defendant because, according to them, Dolan "was not" "involved in the decision to remove Oakley." Dkt. 153 p. 1. They subsequently objected to Dolan's deposition, claiming that he is an "apex witness," Dkt. 177 at 5, and "assert[ing]" that "Dolan was not involved with Oakley's removal that evening." Order at 6. Nonetheless, on September 10, 2024, this Court rejected the objection and ordered Dolan's deposition. Id.

Defendants and Dolan responded by moving for reconsideration, doubling down on Dolan's purported lack of involvement. Dkt 192. They argued that "it is not" true that Dolan "'directed' [Oakley's] removal," id., describing as "speculation" Oakley's claim that that Dolan "'may have' directed MSG security or personally authorized the ejection." Dkt. 184 at 2. They claimed Dolan did not have any "unique evidence," and cast Dolan as simply "one of *thousands* of eyewitnesses at the Garden, many of whom were much closer to the incident." Id. at 7 (emphasis in original).



Hon. Richard J. Sullivan
November 1, 2024
Page 2

In fact, on October 30, 2024,[1] Oakley received internal NBA documents establishing that Defendants' description of Dolan's role was (and is) false. An NBA "After Action Report" by NBA Director REDACTED, dated February 9, 2017, only one day after Oakley's removal, reveals that "MSG Security was requested by Knicks owner James Dolan to eject former Knicks legend Charles Oakley." Another report by Security Rep REDACTED, also dated February 9, 2017, discloses that "Jim Dolan instructed His Security to remove Charles Oakley from the Arena."[2] These documents establish beyond any real dispute that Defendants' objection to Dolan's deposition, and the current motion for reconsideration, are based on knowingly false representation of events. For this reason, as well as the reasons set forth in Oakley's memorandum in opposition to Defendants' motion for reconsideration, Dkt. 187, Defendants' motion for reconsideration should be denied.

Respectfully submitted,

Valdi Licul

Cc: All Counsel of Record (*via* email)

---

[1] On June 18, 2024, Oakley served the NBA with a document subpoena. Counsel subsequently corresponded and met and conferred concerning various issues, including negotiating search terms. On October 30, 2024, the NBA produced documents in response to the subpoena.

[2] Pursuant to Local Civil Rule 6.3 and Your Honor's Individual Rule 2(G), Oakley has not attached the NBA reports as exhibits to this letter but will produce these with the Court's permission. Pursuant to the Stipulation and Confidentiality Agreement and Protective Order, the NBA initially agreed to remove the "confidential" designation, but then reversed its position for the documents to remain confidential. Oakley does not believe that these documents meet the standard for sealing. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006).