# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

December 16, 2024

The Honorable Richard J. Sullivan
United States District Court, Southern District of New York
40 Foley Square, Room 2104
New York, New York 10007

Re:    *Oakley v. MSG Networks, et al.*, Case No. 17-cv-06903 (RJS)

Dear Judge Sullivan:

I write as MSG's counsel cognizant of Your Honor's directive that "MSG need not respond to Oakley's letter." Dkt. 231 at 2. I write not in response to the letter but to seek clarification regarding whether the Court plans to consider expert testimony at the December 19 spoliation hearing. Specifically, Oakley submitted with his recent letter an "expert opinion" as a hearing exhibit (although Oakley's counsel was unequivocal at the November 20 conference that this Court did not "**need to hear expert testimony on this**" spoliation issue (Hr. Tr. 45:16-19; 62:24) (emphasis added)). Oakley's expert claims that Oakley's counsel fulfilled their preservation obligations and attempts to exonerate Oakley's counsel of any responsibility.

In the Court's Order, Your Honor wrote that "Oakley's letter is plainly improper and will not be considered," (Dkt. 231 at 1) and we respectfully seek clarification regarding whether the Court will likewise not consider the opinion of Oakley's improper "expert," whose opinion we respectfully submit should be stricken as untimely and inconsistent with counsel's prior representation. But if the Court does plan to consider this "expert" opinion, in order to rebut it, we respectfully request permission to: (1) briefly cross examine Oakley's counsel's proffered "expert" at the upcoming hearing; (2) file a rebuttal expert report by close of business on Wednesday, December 18 (our expert would be made available for cross-examination at the hearing as well); (3) briefly cross examine Oakley's counsel, John Crain, with whom we engaged on this spoliation issue; and (4) submit other related exhibits. These requests are necessary, we submit, because consideration of Oakley's "expert" would alter the scope of the hearing, putting directly at issue the propriety of Oakley's counsel's actions in addition to Oakley's, and MSG should be afforded the opportunity to test Oakley's counsel's claims.

As always, we appreciate the Court's consideration.

Respectfully,
*/s/ Randy M. Mastro*
Randy M. Mastro