# **EXHIBIT 20**

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| CHARLES OAKLEY | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 17-cv-6903 (RJS) |
| MSG NETWORKS, INC., et al., | ) | |
| | ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: AT&T Inc.

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Appendix A

| Place: 1185 Avenue of the Americas, 34th Floor, New York, NY 10036 | Date and Time: 12/09/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*                               OR

_____                /s/ Randy M. Mastro
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Defendants**, who issues or requests this subpoena, are:

Randy M. Mastro, Esq.; 1185 Avenue of the Americas, 34th Floor, New York, NY 10036; (212) 556-2100; rmastro@kslaw.com

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 17-cv-6903 (RJS)

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 1:17-cv-06903-RJS    Document 255-20    Filed 01/09/25    Page 4 of 15

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES OAKLEY,<br><br>Plaintiff,<br><br>v.<br><br>MSG NETWORKS, INC. *et al.*,<br><br>Defendants. | Case No. 17-cv-6903 (RJS)<br><br>**NOTICE OF SUBPOENA** |

TO:   AT&T Inc.
      Registered Office
      15 Columbus Cir
      New York, NY
      10019-1107

**PLEASE TAKE NOTICE** that pursuant to Rule 45 of the Federal Rules of Civil Procedure, Defendants MSG Networks Inc., Madison Square Garden Sports Corp. (f/k/a The Madison Square Garden Company), and Sphere Entertainment Group, LLC (f/k/a MSG Sports & Entertainment, LLC) (collectively, "Defendants") through their undersigned counsel King & Spalding LLP intends to serve the attached Subpoena on AT&T Inc. on November 25, 2024 or as soon thereafter as service may be effectuated. We hereby provide notice of the enclosed Subpoena for the production of documents.

Dated: November 25, 2024

                                              */s/ Randy M. Mastro*

                                              Randy M. Mastro
                                              Jessica Benvenisty
                                              Lauren K. Myers
                                              1185 Avenue of the Americas,
                                              34th Floor
                                              New York, NY 10036
                                              Tel. (212) 556-2100
                                              Fax (212) 556-2222

                                              *Attorneys for Defendants*

# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Randy M. Mastro
Partner
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

November 25, 2024

**VIA PERSONAL SERVICE**

AT&T Inc.
Registered Office
15 Columbus Cir
New York, NY
10019-1107

RE: *Oakley v. MSG Networks, Inc., et al.*; Case No. 17-cv-06903 (RJS)

To Whom It May Concern:

We represent Defendants MSG Networks Inc., Madison Square Garden Sports Corp. (f/k/a The Madison Square Garden Company), and Sphere Entertainment Group, LLC (f/k/a MSG Sports & Entertainment, LLC) (collectively, "Defendants") in the above captioned case. Please find the enclosed Subpoena to produce documents.

You must produce documents listed in Appendix A that are in your possession, custody, or control. Please produce electronic copies to RMastro@kslaw.com or produce physical copies of the requested documents to King & Spalding LLP, c/o Randy Mastro, 110 N Wacker Dr Suite 3800, Chicago, IL 60606. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, you have 14 days after the service of this Subpoena to comply.

Please contact us if you have any questions.

Respectfully,

*/s/ Randy M. Mastro*

Randy M. Mastro

## **APPENDIX A**

## **DEFINITIONS**

1. The definitions and rules of construction set forth in Rule 34 of the Federal Rules of Civil Procedure (the "Federal Rules") and Rule 26.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (each, a "Local Rule," and together, the "Local Rules") are hereby incorporated and apply to the Document Requests set forth herein (each, a "Request," and together, the "Requests"). Unless otherwise defined, all words and phrases used herein shall be accorded their usual meaning and interpreted in their common, ordinary sense. If You do not understand the meaning of any term used herein, You should promptly seek clarification through the undersigned. As used in the Requests, the terms listed below shall be defined as follows:

2. "Action" refers to the action captioned *Oakley v. MSG Networks, Inc.*, Case No. 17-cv-6903 (RJS), currently pending in the United States District Court for the Southern District of New York.

3. "Communication" is synonymous with the usage of that term in Local Rule 26.3(c), and means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), which include writings, correspondence, meetings, conferences, conversations, dialogues, discussions, interviews, consultations, agreements, inquiries, electronic mail messages, SMS messages, messages sent via instant messaging tool, online platforms, or mobile apps (including, but not limited to messages or replies on X (Twitter)), messages sent via any other real-time electronic means, and any other expressions or understandings, whether made face-to-face, by telephone, mail, facsimile, computer, electronic, or otherwise.

4. "Complaint" means the Second Amended Complaint filed by Charles Oakley in the Action (ECF No. 164).

5. "Concerning" is synonymous in meaning and equal in scope to the usage of that term in Local Rule 26.3(c)(7) and means relating to, referring to, reflecting, regarding, discussing, comprising, constituting, mentioning, pertaining, assessing, embodying, recording, stating, describing, touching upon, summarizing, referring, reflecting, relating, evidencing, supporting, refuting, addressing, and depicting.

6. "Charles Oakley," or "Plaintiff," means Plaintiff Charles Oakley and any of Oakley's Employee(s) (as defined herein), agents, officers, directors, representatives, consultants, accountants, attorneys, and any and all entities in which Charles Oakley has an interest, including any Person who acted or purported to act on Charles Oakley's behalf at any and all times.

7. "You" and "Your" means AT&T Wireless and any of Your Employee(s) (as defined herein), agents, officers, directors, representatives, consultants, accountants, attorneys, subsidiaries, divisions, predecessor and successor companies, affiliates, any partnership or joint venture and any and all entities in which You have an interest in and any Person who acted or purported to act on Your behalf at any and all times.

8. "Defendants" means Defendants MSG Networks, Inc., Madison Square Garden Sports Corp. (f/k/a The Madison Square Garden Company), and Sphere Entertainment Co. (f/k/a MSG Sports & Entertainment, LLC), and any of their subsidiaries, divisions, predecessor and successor companies, affiliates, any partnership or joint venture to which they may be a party, and their Employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any Person who acted or purported to act on their behalf.

9. "Document" is synonymous in meaning and equal in scope to the usage of that term in Local Rule 26.3(c)(2) and the terms "documents or electronically stored information" in Federal Rule 34(a)(1)(A), which include writings, e-mails, reports, papers, notes, accounts, memoranda,

correspondence, communications, worksheets, workpapers, analyses, contracts, charts, spreadsheets, agreements, working papers, corporate records, minutes of meetings, books of account, ledger books, notebooks, desk calendars, drawings, graphs, charts, photographs, images, films, slides, audiotape, videotape, appointment books, diaries, drafts, memoranda of meetings or conversations, graphs, telephone records, computer tapes, computer discs, optical discs, laser discs, computer cards and computer printouts and other data or data compilations from which information can be obtained or translated, all electronic, mechanical, magnetic, optical, or electric data, records or representations of any kind (including computer data, computer files, computer programs, hard drives, floppy disks, compact disks, tapes and cards existing on desktop computers, laptop computers, notebook computers, personal digital assistant computers, mobile devices, servers, backup tapes or any other medium), and all other ESI. A draft document or a copy of a document that is in any way different from the original (including as to any handwritten notes, notations, stamps, highlighting, underlining, interlineations, or any other markings) is a separate document within the meaning of this term.

10. "Electronically Stored Information" and "ESI" refers to any type of information that is created, used, or stored in digital form and accessible by digital means. It includes, but is not limited to: e-mails (whether conducted intra-company using company accounts or conducted through an individual, non-company account (e.g., Bloomberg, Thomson Reuters, Gmail, Yahoo! AOL)), spreadsheets, databases, word processing documents, images, presentations, application files, executable files, log files, sound files, video files, and all other files present on any type of device capable of storing electronic data. Devices capable of storing ESI include, but are not limited to: servers, desktop computers, portable computers, handheld computers, flash memory devices, mobile telephones, wireless communication devices, workstations, minicomputers,

mainframes, trading turrets, and all other forms of online or offline storage, whether on or off company premises. ESI includes instant messages (e.g., Cisco Jabber, IBM Sametime, ICQ, Kik, BBM, Slack, Google Hangout, MS Teams, Zoom, Bloomberg Chats), mobile telephone and device text messages (e.g., SMS messages, MMS messages), app-based messages (e.g., WhatsApp, WeChat, X (Twitter)), voicemail messages, social media messages or posts, and similar types of messages. For any document kept in electronic form, the term "document" includes any metadata associated with the document.

11. "Employee" means without limitation, current and former workers, directors, managers, attorneys, agents, associates, secretaries, clerical staff, messengers, and/or contractors/contingent workers.

12. "Parties" means, collectively, Charles Oakley and Defendants.

13. "Person" is synonymous in meaning and equal in scope to the usage of that term in Local Rule 26.3(c)(6) and means as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

14. The terms "and" and "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of the Request all responses that might otherwise fall outside the scope of this Request.

15. The terms "all," "any," or "each" encompass any and all of the matters discussed.

16. The term "including" shall mean "including without limitation."

## INSTRUCTIONS

1. These Requests call for the production of all Documents and Communications within Your possession, custody, or control, whether directly or indirectly, wherever located, including without limitation, information possessed by Your agents, Employees, representatives,

associates, consultants, or other Persons acting on Your behalf, including Your attorneys or their investigators.

2.  Each Request should be responded to in accordance with the Instructions set forth herein, all applicable federal and local laws and rules, and the terms of any applicable order entered, or to be entered, in this Action.

3.  Each Request shall be construed independently and not with reference to any other Request for the purpose of limitation or exclusion.

4.  For the purpose of construing the scope of these Requests, the terms used shall be given their most expansive and inclusive interpretation.

5.  If You believe any Request, definition, or instruction is ambiguous, in whole or in part, You must nonetheless respond and (i) set forth the matter deemed ambiguous and (ii) describe the manner in which You construed the Request in order to frame Your response.

6.  **Time Period:** Unless otherwise stated, the time period for any Request is February 1, 2016 to the present. If any Document or Communication is undated and the date of its preparation cannot be determined, the Document or Communication shall be produced if otherwise responsive to these Requests.

7.  **Lack of Responsive Documents:** If there are no Documents or Communications responsive to a particular Request in Your possession, custody, or control, You must provide a written response so stating.

8.  **Objections:** Any and all objections to producing any category of Documents or Communications pursuant to these Requests must be made in a written response served on counsel for Defendants within the time period for responding to these Requests. If You object to any Request, state with specificity the grounds for such objection and the Request or Requests to which

each objection applies. You shall respond to a Request to the extent You do not object to it. If You object to any Request on the ground of overbreadth, respond to the Request as narrowed to conform to Your objection. If any objection is made to a portion of any of the Requests, You shall furnish Documents responsive to the remainder of that Request.

9. **Privilege:** Where a claim of privilege or other protection is asserted in objecting to any Request or subpart thereof, and any Document or Communication is withheld on the basis of such assertion, You shall submit in lieu of each such Document or Communication a categorical privilege log in accordance with Federal Rule 26 and Local Rule 26.2.

10. The use of the singular shall be deemed to include the plural and vice versa.

11. The use of the verb in any tense shall be construed as the use of the verb in all other tenses.

## REQUESTS

1. Documents sufficient to identify individuals Mr. Oakley corresponded with via text message concerning this Action from February 1, 2017 to February 1, 2022.

2. Documents sufficient to identify individuals Mr. Oakley corresponded with via phone call concerning this Action from February 1, 2017 to February 1, 2022.

3. Documents and Communications sufficient to show all text messages from February 1, 2017 to February 1, 2022 concerning this Action between Mr. Oakley and the following individuals:

    i. Steve Burnett;

    ii. Nate Gray;

    iii. Caroline Oakley;

    iv. Diane Oakley;

    v. Frank Isola;

    vi. Jayson Williams;

    vii. Alex Koblenz;

    viii. MJ Pedone;

    ix. Marilyn Crawford;

    x. Akhtar Farazie; and

    xi. Joseph Masters.

4. Documents sufficient to identify each instance when Mr. Oakley traded in his mobile device, including the reasons documented for each trade in.

5. Documents sufficient to identify the make and model of every mobile device Mr. Oakley has used beginning January 2017 to the present.

6. Documents sufficient to demonstrate whether any of Mr. Oakley's mobile devices was ever backed up to a cloud-based storage site (e.g., iCloud), a hard drive, or both.

AFFIDAVIT OF SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CHARLES OAKLEY,

    Plaintiff,

-v-                                                                            Case No. 17-cv-6903 (RJS)

MSG NETWORKS, INC. et al.,

    Defendants.

STATE OF DELAWARE        }
                                        }ss.
COUNTY OF NEW CASTLE    }

I, William Besco, of Parcels Inc., the State of Delaware, County of New Castle, being duly sworn, say that on the 26th day of November 2024 at 2:23 p.m., I personally served a copy of a NOTICE OF SUBPOENA, APPENDIX A, and a SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION on **AT&T Inc,** by serving the registered agent, The Corporation Trust Company at 1209 Orange Street, Wilmington, DE 19801.

Name of individual accepting service: Chimere Brooks – Authorized to accept
Description of individual: African American, 30-40 yrs. old, 160 lbs., 5'7" with black hair.

                                                                                           _____
                                                                                           William Besco

Subscribed and sworn before me
This 26th day of November 2024

_____
Notary Public
My commission expires: _____

LISA M. JOYNER
NOTARY PUBLIC
STATE OF DELAWARE
My Commission Expires May 20, 2028