UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES OAKLEY,

                Plaintiff,

-v-

MSG NETWORKS, INC., *et al.*,

                Defendants.

No. 17-cv-6903 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

    Before the Court is a motion by defendants MSG Networks, Inc., Madison Square Garden Sports Corp., and Sphere Entertainment Group, LLC (collectively, "MSG") for an order that (1) directs Plaintiff Charles Oakley to immediately produce any relevant medical records pertaining to his claims, and (2) grants MSG leave to serve, as needed, additional interrogatories on Oakley regarding his medical records. (*See* Doc. No. 221 at 8.) For the reasons set forth below, MSG's motion to compel Oakley to produce medical records is GRANTED in part and DENIED in part, and MSG's motion for leave to serve additional interrogatories is DENIED without prejudice to renewal.

**I. Background**

    On November 22, 2024, Oakley and MSG submitted a joint letter pursuant to the Court's Individual Rules and Practices outlining various discovery disputes. (*See generally id*.) As relevant here, MSG requested that the Court (1) order Oakley to immediately produce any relevant medical records pertaining to his claims, and (2) grant MSG leave to serve additional interrogatories on Oakley regarding his medical records. (*See id.* at 8.) The Court subsequently directed the parties to submit a joint letter explaining when MSG served its request for Oakley's medical records so that the Court could determine whether Oakley's production was untimely under Federal Rule of Civil Procedure

34(b)(2)(A). (*See* Doc. No. 228 at 9.) On December 13, 2024, the parties submitted that joint letter, in which MSG indicated that it first requested Oakley's medical records on May 31, 2024 and followed up on September 10, 2024 and October 28, 2024 but had not yet received any responsive documents. (*See* Doc. No. 233 at 1.) For his part, Oakley explained that he was treated by three medical providers for injuries related to the alleged assault in this action: Dr. Anuj Patel, an orthopedist; a licensed massage therapist identified only as "Darra"; and Dr. Wendy Patterson, a psychotherapist. (*See id.*) Oakley further noted that although he did not personally "possess[] any medical records responsive to [MSG's] requests," he authorized these three medical providers to release his health information pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"). (*Id.*)

## II. Discussion

*First*, with respect to Dr. Patel, although MSG has requested multiple times that Oakley produce his medical records, MSG has not indicated whether it has attempted to serve a subpoena on Dr. Patel pursuant to Federal Rule of Civil Procedure 45. While "Federal Rule of Civil Procedure 37(a) permits the district court to issue an order compelling disclosure or discovery," that rule "applies only to a party to an action." *Mazzocchi v. Windsor Owners Corp.*, No. 11-cv-7913 (AT), 2014 WL 594085, at *1 (S.D.N.Y. Feb. 11, 2014) (internal quotation marks omitted); *see also Madigan v. Bronstein*, No. 18-mc-61 (WHP), 2018 WL 1768283, at *2 (S.D.N.Y. Apr. 12, 2018) ("The majority of courts in this Circuit that have analyzed whether motions to compel compliance with a non-party subpoena under Rule 45 may be brought under the auspices of Rule 37 have answered that question in the negative because Rule 37 applies to a *party*'s failure to comply with a discovery order, while Rule 45 addresses a *non-party*'s failure to comply with a discovery subpoena."). In other words, "any disclosure or discovery from [Dr. Patel] must be sought via subpoena pursuant to Rule 45, not by a motion to compel [Oakley] under Rule 37." *Mazzochi*, 2014 WL 594085, at *2. If Dr. Patel fails to

comply with that subpoena, MSG is of course free to file a motion to compel compliance, *see* Fed. R. Civ. P. 45(d)(2)(B)(i), or to hold Dr. Patel in contempt of court, *see* Fed. R. Civ. P. 45(g). However, at this stage, because Dr. Patel – not Oakley – possesses the relevant medical records, MSG's motion to compel Oakley to produce such records is DENIED.

*Second*, with respect to Darra, Oakley contends that he has communicated with Darra, who has represented to him that she is no longer in possession of his medical records from 2017. (*See* Doc. No. 233 at 1.) The Court cannot order Oakley to produce records that are not under his custody or control. *See Mazzochi*, 2014 WL 594085, at *2. However, MSG need not accept Darra's hearsay statement that she no longer possesses Oakley's medical records and may test that assertion, if it wishes, by serving on her a subpoena for documents pursuant to Rule 45. Accordingly, it is hereby ordered that Oakley shall provide MSG with Darra's full name and contact information by the close of business on Tuesday, January 14, 2025.

*Third*, with respect to Dr. Patterson, Oakley asserts that all relevant documents are protected by the psychotherapist privilege. (*See* Doc. No. 233 at 1.) The Supreme Court has held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). While "the patient may of course waive the protection," *id.* at 15 n.14, the Second Circuit has clarified that a plaintiff who seeks merely "garden variety" damages for emotional distress does not waive the psychotherapist privilege, *see In re Sims*, 534 F.3d 117, 141 (2d Cir. 2008). On December 27, 2024, Oakley submitted a letter to the Court clarifying that he is seeking only garden variety damages for emotional distress in this case. (*See* Doc. No. 242 at 1.) Therefore, Dr. Patterson's treatment records remain protected by the psychotherapist privilege, and MSG's motion to compel Oakley to produce such records is DENIED.

*Fourth*, MSG has requested leave to serve on Oakley "additional interrogatories *if needed* after receipt of [his medical records] given that Oakley's deposition has already occurred." (Doc. No. 221 at 8 (emphasis added).) While the Court may grant a party leave to serve additional interrogatories, *see* Fed. R. Civ. P. 33(a)(1), "the movant must make a particularized showing articulating the necessity of propounding further interrogatories," *Yong Biao Ji v. Aily Foot Relax Station Inc.*, No. 19-cv-11881 (VB) (JCM), 2021 WL 1930362, at *5 (S.D.N.Y. May 12, 2021) (internal quotation marks omitted). Here, MSG "offer[s] no explanation – much less a particularized showing – to support [its] purported need for additional interrogatories." *Id.* Indeed, MSG has acknowledged that it does not yet know whether additional interrogatories will be needed at all. (*See* Doc. No. 221 at 8.) Therefore, MSG's motion for leave to serve additional interrogatories is DENIED without prejudice to renewal upon receiving any medical records from Darra or Dr. Patel.

### III. Conclusion

For the reasons stated above, IT IS HEREBY ORDERED THAT MSG's motion to compel Oakley to produce medical records is GRANTED in part and DENIED in part and MSG's motion for leave to serve additional interrogatories on Oakley is DENIED without prejudice to renewal. Oakley shall provide MSG with Darra's full name and contact information by the close of business on Tuesday, January 14, 2025 so that MSG may subpoena her for medical records pursuant to Rule 45, if MSG so desires.

SO ORDERED.

Dated:   January 9, 2025
         New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation