UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES OAKLEY,

                     Plaintiff,

  -v-                                         No. 17-cv-6903 (RJS)
                                                          ORDER

MSG NETWORKS, INC., *et al.*,

                     Defendants.

RICHARD J. SULLIVAN, Circuit Judge:

      The Court is in receipt of a letter from plaintiff Charles Oakley requesting a pre-motion conference regarding his intention to file a motion for spoliation sanctions under Federal Rule of Civil Procedure 37 against defendants MSG Networks, Inc., Madison Square Garden Sports Corp., and Sphere Entertainment Group, LLC (collectively, "MSG"). (*See* Doc. No. 252.) According to Oakley, MSG lost emails for certain custodians from the time period relevant to this case and failed to preserve the corporate cell phone of former MSG Vice President for Security Frank Benedetto. (*See id.* at 1.) Pursuant to the Court's Individual Rules and Practices, MSG filed a response letter on January 13, 2025 that characterizes Oakley's request for a pre-motion conference as "premature, unripe, and inaccurate." (Doc. No. 260 at 1.) Specifically, MSG notes that "Oakley requested both document discovery and a [Rule] 30(b)(6) deposition on this subject, but elected to file [his letter requesting a pre-motion conference] before those documents are produced and that deposition [is] taken" on January 23, 2025. (*Id.*) The Court agrees with MSG that Oakley's

contemplated motion is, at best, premature.[1]  *See, e.g.*, *Ellis v. PB Ventilating Sys., Inc.*, No. 23-cv-4629 (NCM) (JAM), 2024 WL 3025975, at *8 (E.D.N.Y. June 17, 2024).

Accordingly, IT IS HEREBY ORDERED THAT Oakley's request for a pre-motion conference is DENIED without prejudice to renewal following completion of the above-referenced 30(b)(6) deposition and document discovery.  Should Oakley wish to renew his request for a pre-motion conference on his contemplated motion for spoliation sanctions, he shall submit to the Court by January 27, 2025 a letter, not to exceed one single-spaced page, explaining whether, after completing the aforementioned discovery, he continues to believe there is a good-faith basis to seek spoliation sanctions against MSG.

SO ORDERED.

Dated:    January 14, 2025
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

---

[1] The Court is also in receipt of a supplemental letter that Oakley filed on January 14, 2025.  (*See* Doc. No. 261.)  However, the Court's Individual Rules and Practices are clear: "No party [seeking a pre-motion conference] shall submit a reply letter."  In any event, Oakley's January 14, 2025 letter does not alter the Court's conclusion that his contemplated motion is premature.