UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES OAKLEY,

                Plaintiff,

  -v-

MSG NETWORKS, INC., *et al.*,

                Defendants.

No. 17-cv-6903 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      Before the Court is a joint letter from plaintiff Charles Oakley and defendants MSG Networks, Inc., Madison Square Garden Sports Corp., and Sphere Entertainment Group, LLC (collectively, "MSG"), which the Court has construed as a motion by MSG to compel Oakley to produce various documents related to federal loans received by three companies he co-owns with his wife. (*See* Doc. No. 275.) Specifically, MSG is seeking "the signed loan applications, any supporting documentation submitted with the applications, correspondence with the federal government regarding the loans, and business records from the companies reflecting the total payroll costs and number of employees each had for the years relevant to the loans they received" through the federal Paycheck Protection Program ("PPP"). (*Id.* at 3 (internal quotation marks omitted).) Oakley opposes MSG's motion, principally arguing that permitting such discovery would be unreasonably cumulative and disproportional to the needs of this case. (*See id.* at 4–5.) For the reasons set forth below, MSG's motion to compel Oakley to produce documents related to his companies' PPP loans is DENIED.

I.  **Legal Standard**

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, among other things, "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues" at stake in the action, and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Rule 26 further provides that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*

"The party seeking discovery bears the initial burden of proving the discovery is relevant." *Citizens Union of City of N.Y. v. Att'y Gen. of N.Y.*, 269 F. Supp. 3d 124, 139 (S.D.N.Y. 2017). Once that party has shown relevance, "it is up to the responding party to justify curtailing discovery." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 284 F.R.D. 132, 135 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-cv-9792 (WHP) (JCF), 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) ("[T]he party resisting discovery has the burden of showing undue burden or expense.").

II.  **Discussion**

MSG has carried its initial burden in demonstrating that the PPP loan documents are relevant to their defense. According to MSG, Oakley "appears to have committed multiple counts of fraud against the federal government" by submitting PPP loan applications that stated the companies he co-owns had more employees than they actually employed, thus enabling those companies to receive larger loans. (Doc. No. 275 at 1.) Under Federal Rule of Evidence 608(b), a party may cross-examine a witness regarding specific instances of prior conduct "if they are probative of [that witness's] character for truthfulness or untruthfulness." The conduct alleged by

MSG would clearly be probative of Oakley's character for truthfulness. *See Munafo v. Metro. Transp. Auth.*, No. 98-cv-4572 (ERK), 2003 WL 21799913, at *25 (E.D.N.Y. Jan. 22, 2003) ("To be admissible under rule 608(b), specific acts of misconduct must involve some element of deception or fraud that would tend to show the witness'[s] propensity to lie."). And while Oakley correctly notes that "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness," Fed. R. Evid. 608(b), information "need not be admissible in evidence to be discoverable," Fed. R. Civ. P. 26(b)(1).

That said, the Court agrees with Oakley that permitting wide-ranging discovery on prior instances of Oakley's conduct, which have no direct relation to the claims at issue in this case, would be disproportional under Rule 26. As noted above, MSG will not be permitted to introduce any of the requested documents into evidence and will only be able to use them to formulate their questions for cross-examination. *See* Fed. R. Evid. 608(b); *see also United States v. Blackwood*, 456 F.2d 526, 531 (2d Cir. 1972) ("A witness may be impeached by extrinsic proof of a prior inconsistent statement only as to matters which are not collateral, *i.e.*, as to those matters which are relevant to the issues in the case and could be independently proven."). Since MSG has already been able to obtain information that it can use to inform its cross-examination questions regarding the alleged PPP fraud – including public-source records, deposition testimony from Oakley's wife, and deposition testimony from Oakley himself (*see* Doc. No. 275 at 1–3) – permitting further discovery regarding the PPP loans would be disproportional to the needs of this case, which concerns "a single instance of assault and battery on an isolated evening in 2017" (Doc. No. 174 at 5). Indeed, other courts have recognized that "while impeachment discovery may be relevant, there must be some limit to the general purposes of establishing credibility and gathering information for impeachment." *U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 338 F.R.D. 309, 317

(S.D.N.Y. 2021) (internal quotation marks omitted). Otherwise, "a party's effort to seek impeachment material would justify nearly unlimited discovery with respect to every witness or party in every case." *Id.* (internal quotation marks omitted).

### III.   Conclusion

For the reasons stated above, IT IS HEREBY ORDERED THAT the MSG's motion to compel Oakley to produce documents related to his companies' PPP loans is DENIED.

SO ORDERED.

Dated:    January 27, 2025
          New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation