# KING & SPALDING

Randy M. Mastro
Direct Dial: +1 212 827 4019
RMastro@kslaw.com

January 28, 2025

**VIA ECF AND E-MAIL**
Hon. Richard J. Sullivan, U.S. Circuit Court Judge

  Re: *Oakley v. MSG Networks, et al.*, No. 17-cv-6903 (RJS) (S.D.N.Y.)

Dear Judge Sullivan:

I write on behalf of the MSG Defendants ("MSG") in brief reply to Plaintiff Charles Oakley's letter of yesterday that he intends to pursue a spoliation sanctions motion against MSG, while, at the same time, acknowledging he supposedly needs more discovery—from a non-party, Microsoft—to ascertain whether he even has a good faith basis to proceed. ECF 285. That is admission enough to put an end to this sham attempt to divert attention away from the egregious spoliation committed by Oakley and his counsel. To bring such a motion, a party must already have established the factual basis for it and cite caselaw supporting it. Oakley has done neither, which should end the inquiry.[1]

Further discovery here would not change the fact that Oakley lacks basis for any spoliation motion. As MSG's 30(b)(6) witness (Joseph Pochron, a forensics expert from Nardello) testified at his deposition, "we know the technical glitch" in Microsoft's system "occurred beyond a shadow of a doubt," (Pochron Tr. at 90:3-5). And Mr. Pochron was clear that knowing the underlying reason for the glitch, from a Microsoft systems perspective, would not change that conclusion. *See, e.g.*, *id.* at 96:5-18 ("I know a technical glitch occurred, that question I don't need answered by Microsoft. . . . [W]hat I would like to know from Microsoft is why that occurred."). Put differently, there is no question the cause of the data loss was a Microsoft system failure, and further information will not change the fact that this loss stemmed from a failure in Microsoft's system and was no fault of MSG's.

Realizing his email spoliation claim is meritless, Oakley pivots to purportedly missing texts from the corporate phones of security personnel Frank Benedetto and Kori Keaton. But corporate texts are not at issue in this case, as Your Honor has repeatedly ruled MSG is obligated only to produce corporate emails. *See* ECF 181; 228. Also, both Benedetto, who departed before litigation was contemplated, and Keaton have sworn in declarations that they did not recall texting about the incident.[2]

The bottom line is that Oakley continues to pursue this frivolous, vexatious sanctions motion as cover for his own and his counsel's blatant spoliation here. But Oakley's latest letter simply confirms he has no good faith basis for pursuing any such motion against MSG.

Respectfully,
*/s/ Randy M. Mastro*

---

[1] Oakley claims Mr. Pochron testified that Defendants were aware they had "lost emails in June, 2024." That is false. MSG first learned there was an issue with the legal hold in June 2024, which prompted extensive internal investigation to locate the documents. When that could not be done, MSG retained Nardello to attempt to locate the documents. They could not be recovered but, regardless, no determination was made that documents were lost in June 2024.

[2] Oakley also complains in a footnote that MSG provided him in response to his recent discovery requests 14 sworn declarations—including from each of the relevant security guards—all swearing that they do not recall emailing about this incident. But that is what we, as diligent counsel, told this Court we had done: went back to the witnesses to confirm whether they emailed about this incident in the first place, and confirmed they had not.