

**John S. Crain**
jcrain@wigdorlaw.com

January 29, 2025

**VIA ECF**

The Honorable Richard J. Sullivan

      Re:    Oakley v. MSG Networks, *et al.*; Civil Case No. 17-cv-06903 (RJS)

Dear Judge Sullivan:

We represent Plaintiff Charles Oakley in the above-captioned action.  Plaintiff respectfully requests permission to supplement his January 27 letter regarding spoliation sanctions.  Having taken the deposition of James Dolan, on January 28, 2025, it is clear there is a significant spoliation issue regarding information once in Dolan's possession on a company issued[1] phone.[2]

Incredibly, when first asked by Douglas Wigdor whether he had text messages in 2017, Dolan's counsel, Randy Mastro, with an unanswered and pending question, and in an obvious attempt to interfere with the questioning and coach the witness, asked Dolan "Did you text in 2017," to which Dolan responded, "I don't think I did."  Jan. 28, 2025 Deposition of James Dolan ("Dep.") at 210:20-23.  In response to Wigdor's follow-up question "In 2017 it's your testimony that you didn't use text," Dolan then responded clearly "I don't think I did, no." Dep. at 211:4-6.  Based on evidence in our possession, we have more than a good faith basis to believe that Dolan was using text messages as early as 2014 and thus Mastro's obvious coaching and Dolan's response can only be viewed as an effort to hide from the truth.  To be clear, Defendants have produced no texts to or from Dolan, three weeks after the Court's order compelling them to do so.  Oakley v. MSG Networks, Inc., No. 17 Civ. 6903 (RJS), 2025 WL 72111, at *3 (S.D.N.Y. Jan. 9, 2025).  Also of importance, Dolan testified that he has changed phones "six or seven times" and does not know if text messages were imported from one phone to another between phones, Dep. at 212:10-15, meaning they could have been deleted or lost.  In addition, in response to questions about a legal hold produced by Defendants (but not, on its face, sent to Dolan), Dolan responded "I don't recall any document holds ever." Dep. at 214:4-5.  He testified that he did not do any searches of his phone personally and does not recall ever turning it in for someone else to search.  Dep. at 26:8-23.  And in response to questions about whether he had communicated[3] with a long list of individuals, Dolan steadfastly responded that he did not "recall." Dep. at 21-45.  Given the above testimony, we request permission to add these relevant facts to our upcoming spoliation motion under Rule 37(e) and request a hearing and opportunity to cross-examine Dolan on his use of his phone to text about February 8, 2017.

---

[1]    Dep. at 209:4-13.

[2]    We also again respectfully seek the Court's permission to brief a pre-motion conference letter, if the Court intends to decide preliminarily whether a motion remains appropriate.  Since fact discovery ends Friday, Plaintiff brings this matter to the Court's attention now.

[3]    Wigdor defined "communication" as "a text, an e-mail, or any other communication." Dep. at 20-15-19.

Honorable Richard J. Sullivan
January 29, 2025
Page 2

Respectfully submitted,

John S. Crain