UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES OAKLEY,

                Plaintiff,

-v-                                      No. 17-cv-6903 (RJS)
                                                      ORDER

MSG NETWORKS, INC., *et al.*,

                Defendants.

RICHARD J. SULLIVAN, Circuit Judge:

       The Court is in receipt of various letters from plaintiff Charles Oakley and defendants MSG Networks, Inc., Madison Square Garden Sports Corp., and Sphere Entertainment Group, LLC (collectively, "MSG") regarding Oakley's contemplated motion for spoliation sanctions against MSG related to their loss of corporate emails. (*See* Doc. Nos. 285, 293, 300, 301.) In his January 27, 2025 letter, Oakley explained that he will not be in a position to determine whether to proceed with a motion for spoliation sanctions until he receives and reviews information from Microsoft concerning MSG's emails. (*See* Doc. No. 285 at 1.) On January 29, 2025, Oakley filed a supplemental letter related to text messages on the corporate cellphone of MSG CEO James Dolan. In particular, Oakley "request[ed] a hearing and opportunity to cross-examine Dolan on his use of his phone to text about [the events of] February 8, 2017." (Doc. No. 301 at 1.)[1] In response to these letters, MSG has continued to argue that the loss of emails was due to a technical malfunction

---

[1] Pursuant to the parties' Confidentiality Order (*see* Doc. No. 176), Oakley preliminarily filed the unredacted version of this letter under seal. MSG subsequently confirmed that it had no objection to Oakley publicly filing the unredacted version of the letter. (*See* Doc. No. 299.) Oakley then filed the unredacted version of the letter on the public docket. (*See* Doc. No. 301.) Accordingly, Oakley's motion to file the unredacted version of his letter under seal is DENIED as moot.

by a third party and that text messages to or from MSG's corporate phones are not at issue in this case. (*See* Doc. Nos. 293, 300.)

As to Oakley's contemplated motion for spoliation sanctions, there can be little doubt that such a motion remains, at best, premature. As Oakley himself acknowledges, he still lacks sufficient information to determine whether the MSG email inboxes were deleted or lost due to a third-party vendor's technical malfunction or due to affirmative steps or omissions by MSG. (*See* Doc. No. 285.) Without such information, Oakley could not have a good faith basis for making a motion for spoliation sanctions. *See Europe v. Equinox Holdings, Inc.*, 592 F. Supp. 3d 167, 174–75 (S.D.N.Y. 2022) (explaining that a party seeking spoliation sanctions under Rule 37(e) must prove that the opposing party failed to take reasonable steps to preserve the information and that the moving party was prejudiced or that the opposing party acted with the intent to deprive the moving party of the information).

With respect to Oakley's requests concerning MSG's text messages, the Court agrees with MSG that such materials are beyond the scope of discovery and that a hearing involving Dolan is wholly unwarranted. Despite Oakley's efforts to re-inject the issue of corporate text messages into this spoliation dispute (*see* Doc. Nos. 285, 301), the Court has made clear that MSG's document-production obligations extend *only* to its corporate emails and do *not* include corporate text messages (*see* Doc. No. 228 at 6). This is because Oakley had only requested that MSG produce corporate *emails* in his previous motion to compel document production from MSG. (*See id.*) As the Court noted, "[a]llowing Oakley to engage in piecemeal discovery requests would run contrary to" the purposes of the Federal Rules of Civil Procedure. (*Id.*) The Court further noted that "[t]he law of the case doctrine foreclose[d] relitigation of issues expressly or impliedly decided by the [C]ourt." (*Id.* (quoting *Vista Food Exch., Inc. v. Lawson Foods, LLC*, No. 17-cv-7454 (ALC) (SN),

2020 WL 7390224, at *2 (S.D.N.Y. Oct. 26, 2020) (alterations accepted and internal quotation marks omitted)).) Put simply – again – Oakley may not surreptitiously repackage his previously unsuccessful arguments under the guise of a motion for spoliation sanctions.

For the reasons set forth above, IT IS HEREBY ORDERED THAT Oakley's request for a pre-motion conference on his contemplated motion for sanctions is once again DENIED without prejudice to renewal following completion of discovery on this issue. Should Oakley wish to renew his request for a pre-motion conference on his contemplated motion for spoliation sanctions, he shall submit to the Court a letter, not to exceed one single-spaced page, explaining whether, after completing *all* discovery on this issue, he believes there is a good-faith basis to seek spoliation sanctions against MSG. Upon receipt of that letter, the Court will advise the parties whether additional letters or briefs are required. Neither party shall file a response, reply, or sur-reply without *express* authorization from the Court.

IT IS FURTHER ORDERED THAT Oakley's request for a hearing and opportunity to cross-examine James Dolan regarding his text messaging is DENIED. In light of its prior rulings, the Court expects no further variations on this motion in the future.

The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 296.

SO ORDERED.

Dated:   January 30, 2025
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation