UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES OAKLEY,<br><br>                    Plaintiff,<br><br>     -v-<br><br>MSG NETWORKS, INC., *et al.*,<br><br>                    Defendants. | No. 17-cv-6903 (RJS)<br>ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

Before the Court is the latest installment in a running series of joint letters from plaintiff Charles Oakley and defendants MSG Networks, Inc., Madison Square Garden Sports Corp., and Sphere Entertainment Group, LLC (collectively, "MSG") concerning discovery disputes between the parties. (*See* Doc. No. 308.) Having reviewed the letter, the Court construes it to be a motion by Oakley to (1) compel MSG to produce various documents listed on its privilege log and (2) compel MSG CEO James Dolan to sit for another deposition and answer questions regarding an unrelated civil case that was filed almost two decades ago. For the reasons set forth below, Oakley's motion is DENIED.

**I.    Privileged Documents**

With respect to his request for documents listed on MSG's privilege log, Oakley argues that (1) MSG's privilege log does not comply with Southern District of New York Local Rule 26.2, (2) MSG is improperly withholding certain documents in their entirety rather than only redacting the privileged material, and (3) the common-interest doctrine does not cover certain documents involving the National Basketball Association. (*See id.* at 1–2.) Whatever the merits of these arguments, Oakley's request is clearly untimely. The record makes clear that MSG first

produced its privilege log to Oakley on November 13, 2024. (*See id.* at 3.) Yet despite having MSG's privilege log for over two months, Oakley did not raise any of these objections to MSG until January 29, 2025, which was two days before the close of fact discovery, and Oakley did not file a discovery-dispute letter until February 6, 2025, which was nearly a week after the close of fact discovery. (*See id.*) Accordingly, Oakley's request for an order compelling MSG to produce documents listed on its privilege log is DENIED.

## II.     Dolan Deposition

Oakley next argues that Dolan should be compelled to answer questions regarding a 2006 civil suit in which MSG and Dolan were sued for employment retaliation (the "Sanders case"). (*See id.* at 2–3.) Oakley contends that the lawsuit "may have involved a finding that MSG and Dolan lied about the reason they gave for terminating the plaintiff." (*Id.* at 2.) Once again, Oakley's motion is untimely, since it was filed after fact discovery closed on January 31, 2025. But even if Oakley's motion were timely, it would fail on the merits, since the requested deposition is clearly not proportional to the needs of the case.

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," considering, among other things, "the parties' relative access to relevant information," "the importance of the discovery in resolving the issues" at stake in the action, and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Applying that standard here, the Court is convinced that permitting a second deposition of Dolan regarding the Sanders case would be disproportional to the needs of this case. As the Court has previously explained, "while impeachment discovery may be relevant, there must be some limit to the general purposes of establishing credibility and gathering information for

impeachment." (Doc. No. 280 at 3 (quoting *U.S. Sec. & Exch. Comm'n v. Collector's Coffee Inc.*, 338 F.R.D. 309, 317 (S.D.N.Y. 2021).).). This is especially true when the witness, like Dolan, is not a party to the dispute. *See Collector's Coffee Inc.*, 338 F.R.D. at 317; *see also In re 650 Fifth Ave. & Related Props.*, No. 08-cv-10934 (KBF), 2013 WL 12335763, at *2 (S.D.N.Y. Aug. 29, 2013). And while Oakley is correct that the Court did not preemptively place any limits on his questioning of Dolan (*see* Doc. No. 308 at 3), the Court expressly announced its "expect[ation] that counsel [would] comply with their ethical obligations and ensure that Dolan's deposition focuse[d] on the core issues remaining in this case and [was] not used for harassment or to generate gratuitous media publicity" (Doc. No. 218 at 9). In light of that expectation, the Court did not foresee that Oakley's counsel would pursue questioning regarding a lawsuit that is nearly two decades old and is entirely unrelated to the merits of this case.

Accordingly, Oakley's motion to compel Dolan to sit for another deposition and testify regarding the Sanders case is DENIED.

### III. Conclusion

For the reasons stated above, IT IS HEREBY ORDERED THAT that Oakley's motion to compel MSG to produce documents listed on its privilege log and to compel Dolan to sit for another deposition is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 308.

SO ORDERED.

Dated:     February 7, 2025
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

3