UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES OAKLEY,

                    Plaintiff,

-v-

MSG NETWORKS, INC., *et al.*,

                    Defendants.

No. 17-cv-6903 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

      Before the Court is plaintiff Charles Oakley's motion for reconsideration (Doc. No. 325) of the Court's February 7, 2025 order denying as untimely his motion to compel defendants MSG Networks, Inc., Madison Square Garden Sports Corp., and Sphere Entertainment Group, LLC to produce various documents listed on their privilege log (*see* Doc. No. 310).

      As the Court has now explained on two prior occasions, the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Alternatively, the movant must demonstrate "the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted). The Second Circuit has long recognized that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted); *see also Associated Press v.*

*U.S. Dep't of Def.*, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005) ("[A] motion for reconsideration is neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced.").

Oakley has not pointed to any controlling decisions or data that the Court overlooked in its February 7, 2025 order. Rather, Oakley simply rehashes old arguments that the Court previously considered and rejected. Accordingly, IT IS HEREBY ORDERED THAT Oakley's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 325.

SO ORDERED.

Dated:   February 21, 2025
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation