

**Valdi Licul**
vlicul@wigdorlaw.com

April 2, 2025

**VIA ECF & EMAIL**

The Honorable Richard J. Sullivan
United States Court of Appeals for the Second Circuit
500 Pearl St., Room 2530
New York, New York 10007

      Re:    Oakley v. MSG Networks, *et al.*; Civil Case No. 17-cv-06903 (RJS)

Dear Judge Sullivan,

We represent Plaintiff Charles Oakley in this matter and submit this pre-motion letter pursuant to Rule 2(A) of Your Honor's Individual Rules and Practices to disqualify Randy Mastro, First Deputy Mayor, from representing Defendants MSG Networks, Inc., Madison Square Garden Sports Corp., and Sphere Group, LLC (collectively "MSG") because Mastro's continued representation violates the Conflicts of Interest provisions of Chapter 68 of the New York City Charter (the "City Charter").

**I.**    **BACKGROUND**

On April 1, 2025, Mastro, who previously represented MSG and James Dolan in this action as a partner of Gibson, Dunn & Crutcher LLP and then King & Spalding LLP ("K&S"), became First Deputy Mayor of New York City (the "City"). Mastro withdrew as counsel from numerous cases because he was no longer associated with K&S and because of the all-encompassing scope of his new position, which requires that he "[a]dvise and assist the Mayor regarding all" matters related to City government and supervise numerous City agencies and offices. Executive Order No. 45 (September 26, 2024) (emphasis added). Mastro did not, however, withdraw from this matter. Rather, he filed a "Notice of Change of Address," stating his "new firm" – Randy M. Mastro, Esq. – "will continue to be counsel of record" for MSG. Dkt. 345.

"Government watchdogs" opposed Mastro's continued representation of MSG because such representation "raises conflict of interest concerns, given the extensive business interests Dolan and MSG hold before Adams' administration," which "include critical matters like tax breaks the arena enjoys."[1] For its part, the Office of New York City Mayor Eric Adams (the "Mayor's Office") claimed that "Mastro was cleared by the city's Conflict of Interest Board ["COIB"] to see through the Oakley case."[2] In fact, Mastro has not been cleared. The COIB website provides

---

[1] Chris Sommerfeldt, Randy Mastro to remain MSG lawyer while Mayor Adams' top deputy, sparking concern, NY Daily News (last updated Mar. 28, 2025, 10:14 AM), https://www.nydailynews.com/2025/03/27/randy-mastro-remain-msg-lawyer-while-mayor-adams-top-deputy-sparking-concern/.
[2] Id.

that Mastro would "need a moonlighting waiver from the [COIB]" to moonlight as MSG's counsel.[3] The COIB has confirmed, in response to a freedom of information request, that Mastro has not been granted a COIB waiver.

## II.     THE LEGAL STANDARD

It is well settled that a court has the authority to disqualify "an attorney in order to forestall violation of ethical principles."  Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990).  While "disqualifications are generally disfavored," Galloway v. Nassau Cty., 569 F. Supp. 3d 143, 151 (E.D.N.Y. 2021), the Second Circuit has nevertheless instructed that "in the disqualification context, any doubt is to be resolved in favor of disqualification." Hull v. Celanese Corp., 513 F.2d 568, 571 (2d Cir. 1975). Moreover, courts have relied on the City Charter to disqualify litigation participants.  See Lyall v. City of New York, 228 A.D.2d 566, 568 (2d Dep't 1996) (disqualifying expert for violating City Charter § 2604(d)).

## III.    MASTRO IS CONFLICTED AND HAS NOT RECEIVED A WAIVER

City Charter § 2604(a)(1)(b) states that "no regular employee shall have an interest in a firm which such regular employee knows is engaged in business dealings with the city."  "This means that a public servant who is an attorney may not do private legal work for a person or firm which has business dealings with the City."  Advisory Opinion No. 91-7.[4]  Here, as government watchdogs have pointed out, MSG has numerous business ties to the City.  MSG Sports & Entertainment LLC, MSG Entertainment Group LLC, and MSG Entertainment Holdings LLC are entities that do business with the City.[5]   MSG is also the recipient of a five-year special operating permit, likely receives permits from various New York City government agencies such as the Department of Buildings, Fire Department, Sanitation Department and Department of Health and Mental Hygiene.  And MSG's businesses and operations are tied to the City through its receipt of a tax abatement.  Under these circumstances, Mastro is conflicted and may not represent MSG without a waiver.  See Advisory Opinion 2001-3 ("absent a waiver," a City attorney may not "represent for compensation, on any matter, a client that has business dealings with the City, even where the matter does not involve the City") (emphasis added).  This prohibition applies even if Mastro is not compensated for representing MSG.  Id.

Nor would a moonlighting waiver be appropriate.  City Charter § 2604(b)(2) prohibits a public servant from engaging "in any business, transaction or private employment, or have any financial or other private interest, direct or indirect, which is in conflict with the proper discharge of his or her official duties." (emphasis added).  Thus, "a public servant who is an attorney may not have a private law practice which conflicts with the proper discharge of his or her official duties." Advisory Opinion No. 91-7, p. 5.  A public servant violates this section when he "engage[s] in any

---

[3] Get a Waiver, NYC Conflicts of Interest Board (last accessed April 2, 2025), https://www.nyc.gov/site/coib/contact/get-a-waiver.page.
[4] The NYC Conflicts of Interest Board's Advisory opinions are available at, Advisory Opinions, NYC Conflicts of Interest Board (last accessed April 2, 2025), https://www.nyc.gov/site/coib/public-documents/advisory-opinions.page.
[5] See Doing Business Search, (last accessed April 2, 2025), https://apps.nyc.gov/dbnyc/.



private activity during times when [he] [is] required to perform services for the City." Advisory Opinion 2001-3 (emphasis added). The COIB has "indeed fined public servants for using City time and resources for their private practice." Id.

Here, Mastro cannot continue to represent MSG without violating this provision. Courts have consistently doubted that any public servant–let alone a high-ranking official–can simultaneously serve the public while running a private law practice. See City Charter § 1100 (high-level City employees must devote their "whole time to the duties of the office and shall not engage in any other occupation, profession or employment"). "The nature of the attorney-client relationship requires a lawyer to be available when needed by his clients. Neither his time nor his schedule is exclusively his to control. He cannot totally isolate himself from his clients or from other lawyer during normal business hours without failing his professional duties." Civil Service Bar Ass'n, Local 237 Intern. Broth. of Teamsters v. Schwartz, 114 Misc. 2d 849, 854 (S. Ct., Special Term, N.Y. Cty. 1982) (internal citation omitted). "Inevitably, the exigencies of private practice and the convenience of private clients require communication and sometimes actual representation, with concomitant distraction, during the regular hours (including the normal hours of court sessions) required to be devoted to the employment." Matter of Goldstein v. Bartlett, 92 Misc.2d 262, 267 (S. Ct., Special Term, Albany Cty. 1978). Simply put, there is no conceivable way that Mastro can perform his day job concerning "all" matters of City government, including supervising "the activities and operations of all administrations, departments, agencies, boards, offices, committees and commission that do not directly report to the Mayor," Executive Order No. 45, while simultaneously moonlighting as lead litigation counsel for MSG in this hotly-contested matter where numerous motions are pending, more are to be filed and trial ultimately likely. Indeed, Mastro will promptly violate § 2604(2)(b) by appearing for a court-mandated settlement conference on April 7, Dkt. 244, or the next court conference on April 23, Dkt. 316, both of which are scheduled during normal business hours. Simply reading this pre-motion letter during work hours, let alone preparing a response to this or any other motion, would violate Mastro's ethical obligations under the City Charter.[6]

### IV. PERMITING MASTRO TO CONTINUE AS COUNSEL WOULD TAINT THESE PROCEEDINGS AND PREJUDICE OAKLEY

In determining whether disqualification is appropriate, a court should also consider the "risk of trial taint." Glueck v. Jonathan Logan, Inc., 653 F.2d 746, 749 (2d Cir. 1981). Here, permitting the First Deputy Mayor to represent a private client (MSG) in a case involving an arrest, dismissed criminal charges and police officers, would undoubtedly create significant confusion and the appearance that the City (a non-party) has taken sides in this private litigation, severely prejudicing Oakley.

For these reasons, Oakley respectfully requests permission to move to disqualify Mastro as counsel for MSG.

---

[6] The Mayor's Office has attempted to justify Mastro's moonlighting as counsel for MSG on the theory that this case is concluding. Not only is that not true–the matter is very much in active litigation with a trial possible–but there is no such exception in the City Charter.

Respectfully submitted,

Valdi Licul

cc: All Counsel of Record (*via* ECF)