UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES OAKLEY, <br><br> Plaintiff, <br><br> -v- <br><br> MSG NETWORKS, INC., *et al.*, <br><br> Defendants. | No. 17-cv-6903 (RJS) <br> ORDER |

RICHARD J. SULLIVAN, Circuit Judge:

Before the Court is a letter from plaintiff Charles Oakley, which the Court has construed as a motion to disqualify Randy Mastro, counsel for defendants MSG Networks, Inc., Madison Square Garden Sports Corp., and Sphere Entertainment Group, LLC (collectively, "MSG"). (*See* Doc. No. 346.) Oakley argues that Mastro's continued representation of MSG while now serving as the First Deputy Mayor of the City of New York violates Chapter 68 of the New York City Charter. (*See id.* at 1.) MSG and Mastro – in his individual capacity – have both submitted letters challenging the factual basis for Oakley's motion and arguing that disqualification is not warranted. (*See* Doc. Nos. 351, 352.) For the reasons set forth below, Oakley's motion to disqualify Mastro is DENIED.

As courts in this Circuit have repeatedly recognized, "[m]otions to disqualify counsel have long been disfavored." *Bangkok Crafts Corp. v Capitolo di San Pietro in Vaticano*, 376 F. Supp. 2d 426, 428 (S.D.N.Y. 2005); *see also Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979) ("[W]e have shown considerable reluctance to disqualify attorneys despite misgivings about the attorney's conduct."). That is because granting a motion for disqualification "has an immediate adverse effect on the client by separating him from counsel of his choice" and because such

motions "are often interposed for tactical reasons." *Nyquist*, 590 F.2d at 1246. As a result, disqualification is typically ordered only in two scenarios: (1) "where an attorney's conflict of interests . . . undermines the court's confidence in the vigor of the attorney's representation of his client" and (2) "where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation . . . thus giving his present client an unfair advantage." *Id.* In all other scenarios, "there is usually no need to deal with [potential] ethical violations in the very litigation in which they surface," especially "[g]iven the availability of both federal and state comprehensive disciplinary machinery." *Id.* Accordingly, the Second Circuit has emphasized that a party moving to disqualify their opponent's counsel must meet "a high standard of proof." *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978).

Oakley plainly fails to meet that high standard of proof. For starters, the alleged conflict at issue here does not fall into either of the two categories identified above. There is certainly no concern about the vigor of Mastro's representation of MSG, and there is nothing to indicate that Mastro will now have access to privileged information about Oakley that could provide MSG with an unfair advantage. *See Nyquist*, 590 F.2d at 1246. Rather, Oakley relies on the conflicts of interest provisions of the New York City Charter. But he points to no case law where a court has disqualified counsel on these grounds, particularly in light of the availability of other potential disciplinary mechanisms. And even assuming that the Court had the authority to disqualify counsel based on a violation of the New York City Charter, Oakley has not established any factual basis from which the Court could conclude that disqualification was warranted here. As Mastro makes clear, the New York City Conflicts of Interest Board (the "COIB") has determined that there is no conflict of interest and that "Mastro may continue to represent MSG, so long as he does not participate at the Mayor's Office in any matter involving MSG." (Doc. No. 352 at 2 (internal

quotation marks omitted)).) As the Second Circuit has recognized, COIB "'opinions should be given considerable weight by the courts . . . absent a clear showing to the contrary.'" *Molinari v. Bloomberg*, 564 F.3d 587, 617 (2d Cir. 2009) (quoting *DiLucia v. Mandelker*, 493 N.Y.S.2d 769, 711 (1st Dep't 1985)). And while Oakley makes much of the fact that Mastro has not received a waiver from the COIB, such a waiver was plainly unnecessary here because the COIB determined that there was no conflict of interest to begin with. Accordingly, Oakley has not established that Mastro's continued representation of MSG while serving as First Deputy Mayor poses any risk of "taint[ing] the underlying trial" here. *Nyquist*, 590 F.2d at 1246 (internal quotation marks omitted).

For the reasons stated above, IT IS HEREBY ORDERED THAT that Oakley's motion to disqualify Mastro is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 346.

SO ORDERED.

Dated:    April 14, 2025
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

3