

**Valdi Licul**
vlicul@wigdorlaw.com

April 17, 2025

**VIA ECF AND EMAIL**

The Honorable Richard J. Sullivan
U.S. Court of Appeals for the Second Circuit
500 Pearl Street
New York, New York 10007

      Re:    <u>Oakley v. MSG Networks, *et al.*; Civil Case No. 17-cv-06903 (RJS)</u>

Dear Judge Sullivan,

We represent Plaintiff Charles Oakley ("Plaintiff" or "Oakley") in this matter and write regarding our spoliation motion, to be filed tomorrow. In accordance with the Confidentiality Agreement in this matter, Dkt. 176 § 9, Plaintiff conferred with counsel for the MSG Defendants ("MSG") and counsel for nonparty Frank Benedetto regarding the exhibits Plaintiff plans to file in connection with his forthcoming Motion for Spoliation Sanctions. MSG and Benedetto requested that Plaintiff seal certain confidential materials and personal identifying information including the following:

-     Personal Identifying Information in MSG_OAKLEY_0000001
-     MSG_OAKLEY_337-338 (internal MSG emails)
-     MSG_OAKLEY_0000789-97 (legal hold notices)
-     BENEDETTO_0001-2 (an email from Benedetto dated February 9, 2017)
-     Pages 36-37 of the January 13, 2025 deposition of Kori Keaton
-     Certain pages from the January 23, 2025 deposition of Joseph Pochron
-     Certain pages from the January 29, 2025 deposition of Frank Benedetto

Accordingly, Plaintiff plans to file these exhibits with redactions to the information MSG designated as confidential. With respect to Benedetto's email and deposition transcript excerpts, Benedetto has requested these documents be filed entirely under seal. Plaintiff respectfully requests permission to file unredacted versions of the MSG and Benedetto documents preliminarily under seal in anticipation of Defendants and Benedetto filing motions to permanently seal them. Dkt. 176 ("In all cases, the proponent of confidentiality, i.e. the designating party, regardless of whether that is the party filing the document, shall bear the burden of moving the Court for an order of sealing.") Plaintiff does not intend to move to permanently seal these documents or maintain these redactions.

Additionally, Plaintiff respectfully requests permission to file excess exhibits and exhibits longer than the 15-page limit outlined in Rule 2(H) of Your Honor's Individual Practices. Plaintiff



Hon. Richard J. Sullivan
April 17, 2025
Page 2

anticipates that he will file approximately 20 exhibits, with fewer than five exceeding the 15-page limit.

Respectfully submitted,

Valdi Licul

cc:  All Counsel of Record (*via* ECF)

---

Plaintiff's motion to preliminarily file under seal the unredacted copies of certain exhibits in connection with his forthcoming motion for spoliation sanctions is GRANTED. If any party wishes to maintain these documents under seal, that party shall file a motion explaining why continued sealing is justified in light of the presumption in favor of open records. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Plaintiff also moves to file excess exhibits in connection with his forthcoming spoliation motion. However, because Plaintiff has provided no justification for this request, his motion to file excess exhibits is DENIED without prejudice to renewal. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 361.

SO ORDERED: _____

Dated: 4/18/2025        **RICHARD J. SULLIVAN**
                        **U.S.C.J., Sitting by Designation**