UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES OAKLEY,

                Plaintiff,

    -v-

MSG NETWORKS, INC., *et al.*,

                Defendants.

No. 17-cv-6903 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

By letter dated March 17, 2025, plaintiff Charles Oakley seeks to strike six witness declarations produced by defendants MSG Networks, Inc., Madison Square Garden Sports Corp., and Sphere Entertainment Group, LLC (collectively, "MSG") or, in the alternative, to reopen discovery to permit Oakley to depose those witnesses. (*See* Doc. No. 333.) For the reasons set forth below, Oakley's motion is DENIED.

Under Federal Rule of Civil Procedure 26(a)(1)(A), "a party must, without awaiting a discovery request, provide to the other parties . . . the name, and if known, the address and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses." Notably, Rule 26 imposes a continuing duty of disclosure which requires a party to "supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1). Rule 37(c)(1), in turn, provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Nevertheless, because "preclusion of evidence

is a harsh remedy, it should be imposed only in rare situations." *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 156 (S.D.N.Y. 2012) (internal quotation marks omitted).

Oakley contends that the Court should preclude six witnesses from submitting declarations or testifying because "MSG waited until well after the close of discovery to obtain and produce new evidence in the form of witness declarations in an obvious attempt to sandbag Oakley." (Doc. No. 333 at 2.) But Rule 26(a) merely requires that a party disclose the name, address, and telephone number of each witness that party intends to rely on; it does *not* require the party to proactively disclose any witness statements or declarations during the course of discovery. Consequently, the Court is satisfied that MSG fully complied with its obligations under Rule 26 for each of the witnesses referenced in Oakley's motion.

Beginning with Thomas Redmond and Richard Claffey, Oakley concedes that these witnesses "were identified generically during fact discovery as having information or knowledge related to the allegations and MSG's defenses to those allegations." (*Id.* at 3 (internal quotation marks omitted).) In fact, MSG identified Redmond both in its May 17, 2024 Initial Disclosures and its July 1, 2024 Supplemental Disclosures and identified Claffey in its Second Supplemental Disclosures. (*See* Doc. No. 336 at 2–3.) Accordingly, MSG complied with its obligations under Rule 26 for both witnesses, and preclusion is not warranted.

With respect to John Maher, Oakley acknowledges that "MSG identified Maher in its Initial Disclosures," as required by Rule 26(a). (Doc. No. 333 at 2.) He nonetheless insists that preclusion is warranted because "MSG engaged in . . . gamesmanship" given that Maher no longer resides at the address listed in the Initial Disclosures and MSG did not provide updated contact information. (*Id.*) But under Southern District of New York Local Civil Rule 26.3(c)(3), a party

is only required "to give, to the extent known, the person's . . . present or last known address." In other words, the Local Rules impose no duty to track down a witness's current address if he or she moves. Because MSG complied with the Local Rules by providing Maher's last known address, preclusion is again not warranted.

Oakley next focuses on three witnesses – John McEnroe, Timothy Oberweger, and Robin Kraemer – who were disclosed for the first time in MSG's Third Supplemental Disclosures on February 28, 2025, after the close of fact discovery. (*See* Doc. No. 333 at 1.) But Oakley can hardly claim to have been unfairly surprised by MSG's use of these witnesses. With respect to McEnroe and Oberweger, Oakley himself noticed these witnesses as individuals with relevant testimony concerning the alleged assault that occurred at Madison Square Garden on February 17, 2017. (*See* Doc. No. 336 at 2–3.) It was only after *Oakley* cancelled McEnroe's deposition – because "his testimony would have been highly unfavorable to Oakley" (*id.* at 2) – that MSG had reason to regard McEnroe as a defense witness. Thus, MSG's disclosure of McEnroe was timely and comported with Rule 26's requirements. The sequence of events is similar for Oberweger, whom Oakley had initially listed as a plaintiff's witness. (*See* Doc. No. 347 at 2.) It was only after Oakley failed to obtain a declaration from Oberweger that MSG endeavored to obtain one of its own, which it then disclosed to Oakley.[1] (*See id.*) Finally, with respect to Kraemer, there is no dispute that MSG did not learn of her identity until January 30, 2025. (*See id.* at 2.) Once again, Rule 26(e)(1)(A) only requires that a party supplement its initial disclosures "in a timely manner," which MSG did when it included Kraemer in its February 28, 2025 Third Supplemental Disclosures.

---

[1] While Oakley makes much of the fact that MSG did not turn over Oberweger's declaration during discovery in response to Oakley's requests for document production (*see* Doc. No. 333 at 2), MSG was under no obligation to produce this declaration since "the Court has [repeatedly] limited document production in this case to the time period of February 8, 2017 to March 1, 2017" (Doc. No. 259 at 4).

Because the Court determines that MSG complied with the requirements of Rule 26(a) and (e), the Court concludes that there is no basis here to impose sanctions under Rule 37(c). Accordingly, IT IS HEREBY ORDERED THAT Oakley's motion to strike the six witness declarations and preclude MSG from relying on those witnesses is DENIED, as is Oakley's request to reopen discovery and depose these witnesses.

SO ORDERED.

Dated:   April 25, 2025
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation