

**Valdi Licul**
vlicul@wigdorlaw.com

July 3, 2025

**VIA ECF AND EMAIL**

The Honorable Richard J. Sullivan
U.S. Court of Appeals for the Second Circuit
500 Pearl Street
New York, New York 10007

    Re:    Oakley v. MSG Networks, *et al.*; Civil Case No. 17-cv-06903 (RJS)

Dear Judge Sullivan,

We represent Plaintiff Charles Oakley ("Plaintiff" or "Oakley") in this matter and write pursuant to Rule 3 of Your Honor's Individual Practices regarding Oakley's upcoming oppositions to the MSG Defendants' motions for summary judgment and sanctions, and Oakley's motion for sanctions.

Oakley seeks to file certain materials under seal that have been designated as highly confidential under the Confidentiality Agreement in this matter, Dkt. 176 § 9. These materials include the following, most of which have previously been filed under seal with the Court's permission:

- MSG_OAKLEY_0000713-716
- Pages 36-37, 43 of the January 13, 2025 deposition of Kori Keaton
- The Expert Report of Larry B. Perkins[1]

Additionally, Oakley intends to file NBA internal security reports with redactions to the names of the NBA employees pursuant to the Court's prior rulings, Dkt. 218 at 13. Oakley also plans to submit excerpts from the January 1, 2025 deposition of one of the NBA employees and, with the Court's permission, Oakley will redact the employee's name there as well and file an unredacted copy under seal.

Plaintiff does not intend to move to permanently seal these documents or maintain any of these redactions.

---

[1] MSG moved to seal the unredacted expert report of Larry B. Perkins, Dkt. 355, and the Court's ruling on those redactions is pending, Dkt. 392.



We thank the Court for its time and attention to this matter.

Respectfully submitted,

Valdi Licul

cc: All Counsel of Record (*via* ECF)

---

Plaintiff's motion to preliminarily file certain exhibits under seal is GRANTED. If any party wishes to maintain these documents under seal, that party shall file a motion explaining why continued sealing is justified in light of the presumption in favor of open records. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). The Clerk of Court is respectfully directed to terminate the motion pending at Doc. No. 420.

**SO ORDERED:** _____
**Dated:** 7/7/2025    RICHARD J. SULLIVAN
U.S.C.J., Sitting by Designation