UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES OAKLEY,

                        Plaintiff,

    -against-                                    17-CV-06903 (RJS) (RFT)

MSG NETWORKS INC., et al.,

                                                      **ORDER**

                        Defendants.

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

      On July 23, 2025, Judge Richard J. Sullivan issued an Opinion and Order granting in part Defendant's Motion for spoliation sanctions against Plaintiff and awarded Defendant Attorneys' fees as a part of the sanction award. (*See* ECF 439, Op. & Order.) Regarding the attorneys' fee award, Judge Sullivan ordered Defendant to "submit a motion, along with supporting declarations and documentation, setting forth its recoverable fees and costs no later than July 30, 2025," and allowed Plaintiff to file a response by August 6, 2025. (*Id*.) By Amended Order of Reference dated August 7, 2025 (ECF 450, Amended Order), Judge Sullivan referred this case to me for the Motion for attorneys' fee and costs in connection to Defendants' motion for spoliation sanctions.

      On July 30, 2025, Defendant filed a motion for attorneys' fees and costs; memorandum of law in support of the motion; and a declaration supporting the motion that included billing records, an article from American Lawyer, and Ye v. Sephora Declaration. (*See* ECF 445, Def.'s Mot.; ECF 446, Def.'s Mem.; ECF 447, Def.'s Decl.). On August 6, 2025, Plaintiff filed a memorandum of law in opposition of Defendant's motion for attorneys' fees and submitted a declaration in support of his opposition to Defendant's motion for attorneys' fees. (*See* ECF 448, Pla.'s Opp.; ECF 449 Pla.'s Decl.).

      I have reviewed Defendant's submissions and determined that they do not contain all the information necessary to support Defendant's request for attorneys' fees.

**Deficiencies in Defendant's Submissions**

Defendant requests $1,541,238.00 for all legal work related to their spoliation motion. (*See* ECF 445, Def.'s Mot.) This includes a request for fees for work completed by 13 attorneys and 10 litigation support professionals, including paralegals, a librarian, technology services, graphic services, and litigation support. (*See* ECF 446, Def.'s Decl., Exhibit 1, Billing Records at 8-48.) Although the Billing Records submitted by Defendant in Exhibit 1 to the Declaration include the name and title of each timekeeper who worked on Defendant's Spoliation Motion, Defendant has not provided the Court with any biographical information or evidence of qualifications for any of the timekeepers for whom it seeks fees. Although courts may take "judicial notice of the rates awarded in prior cases and the court's own familiarity with the rates in the prevailing district," the requesting party must furnish the court with evidence to support their specific hourly rates and their attorneys' fees requests. *See* Danaher Corp., 2014 WL 4898754 at *2 (quoting Farbotko v. Clinton County, 433 F.3d 204, 209 (2d Cir. 2005)).

Accordingly, it is ORDERED that:

1. No later than October 17, 2025, Defendant shall make a supplemental submission in further support of its request for attorneys' fees and costs. This submission should include biographical information and evidence of qualifications for each of the timekeepers for whom it seeks fees.

DATED: October 10, 2025
New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge