

**Valdi Licul**
vlicul@wigdorlaw.com

October 30, 2025

The Honorable Robyn F. Tarnofsky
United States District Court, Southern District of New York
500 Pearl Street, Courtroom 9B
New York, NY 10007

      Re:    Oakley v. MSG Networks, *et al.*; Civil Case No. 17-cv-06903 (RJS)

Dear Judge Tarnofsky:

We write by way of brief response to the Declaration of Damien Marshall filed by Defendants on October 17, 2025, Dkt. 454. After this Court fairmindedly gave Defendants' counsel another opportunity to offer evidence of their missing biographical qualifications, an omission that usually warrants rejection of a fee application in its entirety, Dkt. 448 at 27-28 (ECF pagination) (quoting See Access 4 All, Inc. v. Park Lane Hotel, Inc., No. 4 Civ. 7174 (SAS) (JCF), 2005 WL 3338555, at *4 (S.D.N.Y. Dec. 7, 2005)), Defendants have failed to file competent evidence. The documents filed, Dkt. 454-1, come from the King & Spalding LLP website, and it is unclear who authored them. They are therefore hearsay for which no exception has been offered. Fed. R. Evid. 801(c). (Of course, even if the attorneys themselves had authored them, they would be hearsay). Defendant's attorneys may be treating this as paperwork that they would rather not do, but they have asked for a crushing award of over $1.5 million in fees, and they should be put to their proof and held to the rules of evidence in every detail. The Court need not give Defendants—purportedly elite attorneys trying to charge rates over $1,500 per hour—an unheard-of second chance to file this biographical information and, it is respectfully submitted, should deny the fee request outright.

Even if the documents were admissible, they only reinforce Plaintiff's arguments. They demonstrate that the attorneys are "complex commercial litigators" who work on behalf of large corporations. That is not the relevant area of law for this case, a relatively simple tort matter. See Nnebe v. Daus, No. 06 Civ. 04991 (RJS), 2022 WL 612967, at *5 (S.D.N.Y. Mar. 1, 2022) (Sullivan, J.). Likewise, the biographies disclose no information from which the Court could conclude they have received "comparable rates . . . in similar cases." Alexander v. Amchem Prods., Inc., No. 07 Civ. 6441 (RJS), 2008 WL 1700157, at *5 (S.D.N.Y. Apr. 3, 2008) (Sullivan, J.). Given the continuing "absence of crucial details" there remains no reason not to set rates at the "lower end of what might be deemed . . . reasonable." Capitol Recs., LLC v. ReDigi, Inc., No. 12 Civ. 95 (RJS), 2022 WL 3348385, at *4 (S.D.N.Y. Aug. 12, 2022) (Sullivan, J.).

We thank the Court for its time and attention to this matter.



Respectfully submitted,

Valdi Licul

cc: All Counsel of Record (*via* ECF)