**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CHARLES OAKLEY,

                Plaintiff,

      v.

MSG NETWORKS, INC., *et al.*,

                Defendants.

No. 1:17-cv-06903-RJS

---

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS OBJECTIONS TO THE OCTOBER 31, 2025, OPINION & ORDER OF MAGISTRATE JUDGE ROBYN F. TARNOFSKY REGARDING DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS

**WIGDOR LLP**
85 Fifth Avenue
New York, New York 10003

**PETRILLO KLEIN & BOXER, LLP**
655 Third Avenue, 22nd Floor
New York, New York 10017

*Counsel for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................iii

INTRODUCTION ..........................................................................................................1

PROCEDURAL HISTORY ...........................................................................................2

ARGUMENT .................................................................................................................3

I.      THE STANDARD ...............................................................................................3

II.     THE LODESTAR METHOD ............................................................................4

III.    THE O&O IS CLEARLY ERRONEOUS AND CONTRARY TO LAW ..........4

        A.    MSG Failed to Establish Reasonable Hourly Rates ...............................5

               1.    MSG Did Not Supply Non-Hearsay Biographical Information .................5

               2.    This Is Not a "Complex Commerical Case"....................................7

               3.    The Magistrate Judge Failed to Consider Rates in Comparable Cases ..............................................................................................8

               4.    The Magistrate Judge Did Not Consider MSG's Payment of Incurred Fees as a Factor When Evaluating Reasonableness to Consider Rates ....................................................................................9

        B.    The Court Did Not Adequately Reduce the Hours Spent ......................10

               1.    The Magistrate Judge Erroneously Placed the Burden on Oakley to Discern What Was Relevant and What Was Not in MSG's Billing Entries ..........................................................................................10

               2.    There Is No Evidence That MSG Maintained Contemporaneous Records ..........................................................................................12

               3.    Plaintiff's Litigation Approach Did Not Contribute to the Work Required of MSG ........................................................................14

               4.    Despite Concluding That Staffing Was Not Always Reasonable, the Court Did Not Address This Issue Independently .....................................15

               5.    MSG Did Not Achieve All of Its Stated Goals .........................................16

C.      The Court Improperly Awarded Unreasonable Costs for Expert and Trial Graphics Support ................................................................................................ 16

D.      The Court Did Not Consider Plaintiff's Argument That K&S's Request Threatens to Swamp a Verdict ................................................................................ 17

CONCLUSION ............................................................................................................. 17

# TABLE OF AUTHORITIES

**Cases**                                                                          **Page(s)**

Abraham v. Leigh,
  No. 17 Civ. 5429 (KPF), 2020 WL 5512718 (S.D.N.Y. Sept. 14, 2020)..................................15

Access 4 All, Inc. v. Park Lane Hotel, Inc.,
  No. 4 Civ. 7174 (SAS) (JCF), 2005 WL 3338555 (S.D.N.Y. Dec. 7, 2005) ..............................2

Alexander v. Amchem Prods., Inc.,
  No. 07 Civ. 6441, 2008 WL 1700157 (S.D.N.Y. Apr. 3, 2008) ..................................................8

An v. Despins,
  No. 22 Civ.10062 (VEC) (JW), 2024 WL 1157281 (S.D.N.Y. Mar. 18, 2024)......................8,9

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany
  & Albany Cnty. Bd. Of Elections,
  522 F.3d 182 (2d Cir. 2008).................................................................................................8, 17

Barbour v. City of White Plains,
  788 F. Supp. 2d 216 (S.D.N.Y. 2011) ......................................................................................8

Baring Indus., Inc. v. 3 BP Prop. Owner LLC,
  2022 WL 4560738 (S.D.N.Y. Sept. 29, 2022) ..........................................................................6

Bell v. Ercole,
  No. 05 Civ. 4532 (ERK), 2011 WL 5040436 (E.D.N.Y. Oct. 21, 2011) ...................................6

Capitol Recs., LLC v. ReDigi Inc.,
  No. 12 Civ. 95 (RJS), 2022 WL 3348385 (S.D.N.Y. Aug. 12, 2022)........................................4

Carroll v. Blinken,
  105 F.3d 79 (2d Cir. 1997).....................................................................................................16

Charlestown Capital Advisors, LLC v. Acero Junction, Inc., et al.,
  No. 18 Civ. 4437 (JGK) (BCM), 2021 WL 1549916 (S.D.N.Y. Apr. 20, 2021) ........................9

Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona,
  188 F. Supp. 3d 333 (S.D.N.Y. 2016) ......................................................................................9

Danaher Corp. v. Travelers Indemnity Co., No.,
  10 Civ. 0121 (JPO), 2015 WL 409525 (S.D.N.Y. Jan. 16, 2015).............................................6

Dancy v. McGinley,
    141 F. Supp. 3d 231 (S.D.N.Y. 2015) ........................................................................ 8

Dome Petroleum Ltd. v. Employers Mutual Liability Ins.,
    131 F.R.D. 63 (D.N.J. 1990) ...................................................................................... 4

Farberware Licensing Co. LLC v. Meyer Mktg. Co.,
    No. 09 Civ.2570 (HB), 2009 WL 5173787 (S.D.N.Y. Dec. 30, 2009) ...................... 17

Finch v. N.Y. State Off. of Child. & Fam. Servs.,
    861 F. Supp. 2d 145 (S.D.N.Y. 2012) ...................................................................... 10

Fisher v. Aetna Life Ins. Co.,
    No. 16 Civ. 144, 2020 WL 5898788 (S.D.N.Y. Oct. 5, 2020) .................................. 16

Google LLC v. Starovikov,
    No. 21 Civ. 10260 (DLC), 2023 WL 2344935 (S.D.N.Y. Mar. 3, 2023) ................... 15

Graduation Sols., LLC v. Acadima, LLC,
    No. 3:17 Civ. 1342 (VLB), 2020 WL 1466204 (D. Conn. Mar. 26, 2020) ................ 6

Haua v. Prodigy Network, LLC,
    20 Civ. 2318 (PGG) (SLC), 2022 WL 20056294 (S.D.N.Y. Aug. 5, 2022) .............. 6

Hensley v. Eckerhart,
    461 U.S. 424 (1983) .............................................................................................. 4, 10

Houston v. Cotter,
    234 F. Supp. 3d 392 (E.D.N.Y. 2018) ........................................................................ 2

HSBC Bank USA, N.A. v. PAKS Holdings, LLC,
    2021 WL 667661 (S.D.N.Y. Feb. 22, 2021) .............................................................. 6

Kottwitz v. Colvin,
    114 F. Supp. 3d 145 (S.D.N.Y. 2015) ...................................................................... 13

LaBarca v. GRJH, Inc.,
    No. 616 Civ. 826 (MAD) (TWD), 2018 WL 1136918 (N.D.N.Y. Mar. 1, 2018) ...... 1

Labarge v. Chase Manhattan Bank,
    No. 95 Civ. 173, 1997 WL 583122 (N.D.N.Y. Sept. 3, 1997) .................................. 4

Lilly v. City of New York,
    934 F.3d 222 (2d Cir. 2019) ............................................................................ 4, 7, 10

Matteo v. Kohl's Dep't Stores, Inc.,
  No. 09 Civ. 7830 (RJS), 2012 WL 5177491 (S.D.N.Y. Oct. 19, 2012)......................................9

McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.,
  No. 22 Civ. 1138 (GHW), 2023 WL 4422495 (S.D.N.Y. July 10, 2023)................................16

Millea v. Metro-North R.R. Co.,
  658 F.3d 154 (2d Cir. 2011)........................................................................................................4

Missouri v. Jenkins by Agyei,
  491 U.S. 274 (1984)............................................................................................................10, 11

Nnebe v. Daus,
  No. 06 Civ. 04991 (RJS), 2022 WL 612967 (S.D.N.Y. Mar. 1, 2022)....................................3, 8

N.Y.A.R.C., Inc. v. Carey,
  711 F.2d 1136 (2d Cir. 1983)......................................................................................................5

Oakley v. Dolan,
  833 F. App'x 896 (2d Cir. 2020)..................................................................................................7

Oakley v. MSG Networks, Inc.,
  No. 17 Civ. 6903 (RJS), 2024 WL 3758798 (S.D.N.Y. Aug. 12, 2024)....................................7

Quaratino v. Tiffany & Co.,
  166 F.3d 422 (2d Cir. 1999)........................................................................................................5

Riley v. City of New York,
  No. 10 Civ. 2513 (MKB), 2015 WL 9592518 (E.D.N.Y. Dec. 31, 2015) .................................5

Seaman v. Nat'l Collegiate Student Loan Tr. 2007-2,
  No. 18 Civ. 1781, 2023 WL 2631937 (S.D.N.Y. Mar. 24, 2023) .............................................16

Spin Master Ltd. v. 13385184960@163.com,
  No. 18 Civ. 10524 (LGS), 2019 WL 8402947 (S.D.N.Y. June 17, 2019) .................................4

Top Jet Enters., Ltd. v. Kulowiec,
  2022 WL 1184245 (S.D.N.Y. Apr. 21, 2022) .............................................................................6

Toussie v. Cnty. of Suffolk,
  No. 1 Civ. 6716 (JS) (ARL), 2012 WL 3860760 (E.D.N.Y. Sept. 6, 2012) .............................1

Triumph Constr. Corp. v. The N.Y.C. Council of Carpenters Pension Fund, et al.,
  No. 12 Civ. 8297 (KPF), 2014 WL 6879851 (S.D.N.Y. Dec. 8, 2014) ...................................10

United States v. Brown,
   348 F.2d 661 (2d Cir.1965)..................................................................................... 6

United States v. U.S. Gypsum Co.,
   333 U.S. 364 (1948) ............................................................................................... 4

Walker v. Carter,
   No. 12 Civ. 5384, 2016 WL 6820722 (S.D.N.Y. Aug. 29, 2016) ................................ 9

**<u>Statutes</u>**

28 U.S.C. § 636........................................................................................................ 3

**<u>Rules</u>**

Fed. R. Civ. P 72 ..................................................................................................... 3
Fed. R. Evid. 801 ..................................................................................................... 5
Fed. R. Evid. 1101 ................................................................................................... 5

Plaintiff Charles Oakley respectfully submits this Memorandum of Law in support of his objections to Magistrate Judge Tarnofsky's Opinion & Order ("O&O"), dated October 31, 2025, (Doc. 461), awarding to MSG Networks, Inc., Madison Square Garden Sports Corp., and Sphere Entertainment Group, LLC (collectively, "MSG") attorneys' fees and costs related to spoliation sanctions imposed by the Court on July 23, 2025 ("Spoliation Order"), (Doc 439).

## INTRODUCTION

Numerous portions of the Opinion & Order were clearly erroneous and contrary to law, starting with the lens through which Magistrate Judge Tarnofsky viewed the spoliation issue – that is, as part of a motion in "a complex commercial case," O&O at 14-15.  In fact, the matter referred to Magistrate Judge Tarnofsky was to assess fees and costs regarding MSG's spoliation motion, a single issue relevant only to the remaining assault and battery causes of action.  As this Court has recognized (*see infra*), this case, as it was constituted at the time of the spoliation litigation, is a tort action – that allegedly occurred during approximately ten minutes on/at a particular date, time, and place in 2017.  Among other things, also clearly erroneous was crediting unreasonable, purported spoliation-related hours incurred by numerous partners, numerous associates, and numerous clerical staff, and their exorbitant hourly rates.  In short, The Court may deny in its entirety a request that is "so outrageously excessive and unreasonable that it could not possibly have been made in good faith." Toussie v. Cnty. of Suffolk, No. 1 Civ. 6716 (JS) (ARL), 2012 WL 3860760, at *6 (E.D.N.Y. Sept. 6, 2012); LaBarca v. GRJH, Inc., No. 616 Civ. 826 (MAD) (TWD), 2018 WL 1136918, at *11 (N.D.N.Y. Mar. 1, 2018) (courts may strike fee applications to "prevent . . . abuse" of fee requests) (citations to quoted cases omitted).  For these and other reasons described below, Oakley's objections to the O&O should be sustained and the O&O should be reversed to reduce MSG's request for attorneys' fees and costs by 95%.

## PROCEDURAL HISTORY

On August 7, 2025, Your Honor referred to Magistrate Judge Tarlofsky the "Specific Non-Dispositive" motion "for attorneys' fees and costs in connection with MSG's motion for spoliation sanctions (*see* Doc. Nos. 444, 445)."  In opposition to that motion, Oakley pointed out numerous deficiencies in MSG's application, including MSG's (1) exaggerated and inflated time entries; (2) failure to keep contemporaneous entries of time spent on the specific spoliation issue; (3) extraordinarily top-heavy and overstaffed legal team; (4) failure to provide evidence of actual billing to MSG; (5) failure to show that its request bore a rationale relationship to similar fee awards; (6) failure to achieve its stated goals; and (7) failure to justify costs.

Among MSG's worst violations was its failure to produce any evidence about the qualifications of its attorneys and staff, let alone their expertise in similar cases, which is essential to determine the hourly rate in calculating the lodestar.  Indeed, Oakley presented the Magistrate Judge and MSG with specific authority showing where courts have slashed, or denied altogether, fees because of such deficiencies.  See Doc. 448 ("Pl. Br.") at 14-15.  Remarkably, MSG made no attempt to remedy these deficiencies on its own.[1]

On October 10, 2025, the Magistrate Judge recognized that she could not grant MSG's application because MSG "ha[d] not provided the Court with any biographical information or evidence of qualifications for any of the timekeepers for whom it seeks fees." Doc. 453 at 2. Rather than "reject the application," as other courts have done, because MSG failed to fulfill its basic obligation to disclose the qualifications of its attorneys and staff, Access 4 All, Inc. v. Park Lane Hotel, Inc., No. 4 Civ. 7174 (SAS) (JCF), 2005 WL 3338555, at *4 (S.D.N.Y. Dec. 7,

---

[1]    Oakley argued that MSG and its wealthy Chairman James Dolan were free, of course, to pay thousands of dollars per hour for an army of lawyers to defend a single-plaintiff personal injury case.  But that did not make their request reasonable, nor did it permit MSG to "run[] up the bill and 'foist their extravagances upon'" Oakley.  Pl. Br. at 21; Houston v. Cotter, 234 F. Supp. 3d 392, 407 (E.D.N.Y. 2018) (citation omitted).

2005), the Magistrate Judge sua sponte gave MSG a chance to cure the defect (even though MSG never asked to do so). MSG's effort to fix the flaw was, at best, cursory. It did not submit, as is customary, any declarations based on personal knowledge attesting to the qualifications of its time keepers. Nor did it present any proof that its attorneys had experience in cases sounding in tort or the use of unreasonable force. MSG merely printed out hearsay pages from its website with biographical information.[2]

Despite these significant defects, on October 31, 2025, the Magistrate Judge issued the O&O awarding to MSG the extraordinary amount of $604,315.15 in attorneys' fees and $38,022.50 in costs – a total far great than awards in comparable cases. O&O at 41.

## ARGUMENT

### I.    THE STANDARD OF REVIEW

A district court's review of a magistrate judge's decision is governed by the Federal Magistrates Act, 28 U.S.C. § 636, and by Rule 72 of the Federal Rules of Civil Procedure. 28 U.S.C. § 636(b)(1)(A) permits a district judge to designate a magistrate judge to "hear and determine any pretrial matter," except in certain circumstances that are inapplicable here. Rule 72(a) provides that, within 14 days of a written decision, a "party may serve and file objections" to a magistrate judge's non-dispositive decision and the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. §636(b)(1)(A).[3]

---

[2]    In his opposition, Oakley argued that it was MSG's obligation to establish the reasonable rate for "similar work by attorneys of like skill *in the area*." Pl. Br. at 19;  Nnebe v. Daus, No. 06 Civ. 04991 (RJS), 2022 WL 612967, at *5 (S.D.N.Y. Mar. 1, 2022) (emphasis in original) (citation omitted). Thus, it was not enough for MSG to assert that its counsel charges big-firm rates. Rather, MSG was under an obligation to show that its attorney had "significant experience" in the particular area at issue. Pl. Br. at 20; Nnebe, 2022 WL 612967, at *5 (rejecting proposed rate for big-firm partners where, as here, "there is no indication that . . . [they] have significant experience in civil rights litigation.").

[3]    "Another party may serve and file a response to that objection . . .  within 14 days after being served . . . ." Local Civil Rule 72.1.

"An order is clearly erroneous if the reviewing court is left with the definite and firm conviction that a mistake has been committed and an order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Spin Master Ltd. v. 13385184960@163.com, No. 18 Civ. 10524 (LGS), 2019 WL 8402947, at *1 (S.D.N.Y. June 17, 2019) (citation and quotations omitted).  A district court is justified in finding a magistrate judge's ruling "clearly erroneous" where, "'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  Labarge v. Chase Manhattan Bank, No. 95 Civ. 173, 1997 WL 583122, at *1 (N.D.N.Y. Sept. 3, 1997) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see also Dome Petroleum Ltd. v. Employers Mutual Liability Ins., 131 F.R.D. 63, 70 (D.N.J. 1990) (magistrate judge's finding that attorney-client privilege was applicable was clearly erroneous).

## II.    THE LODESTAR METHOD

"Both [the Second Circuit] and the Supreme Court have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a 'presumptively reasonable fee.'" Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (citation to quoted case omitted).  "The reasonable hourly rate is the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Lilly v. City of New York, 934 F.3d 222, 231 (2d Cir. 2019).  "The 'fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.'" Capitol Recs., LLC v. ReDigi Inc., No. 12 Civ. 95 (RJS), 2022 WL 3348385, at *4 (S.D.N.Y. Aug. 12, 2022) (quoting Hensley v. Eckerhart, 461 U.S. 424, 437 (1983)).  "The moving party must support its

application by providing contemporaneous time records that detail for each attorney, the date, the

hours expended, and the nature of the work done." <u>Riley v. City of New York</u>, No. 10 Civ. 2513

(MKB), 2015 WL 9592518, at *2 (E.D.N.Y. Dec. 31, 2015) (quoting <u>N.Y.A.R.C., Inc. v. Carey</u>,

711 F.2d 1136, 1148 (2d Cir. 1983) (internal quotation marks omitted)).  Hours that are

"excessive, redundant, or otherwise unnecessary" should be excluded from the fee request.

<u>Quaratino v. Tiffany & Co.</u>, 166 F.3d 422, 426 n.6 (2d Cir. 1999).

## III.     <u>THE O&O IS CLEARLY ERRONEOUS AND CONTRARY TO LAW</u>

### A.     <u>MSG Failed to Establish Reasonable Hourly Rates</u>

#### 1.     **MSG Did Not Supply Non-Hearsay Biographical Information**

After Magistrate Judge Tarnofsky offered counsel at King & Spalding ("K&S") the

opportunity to supply its timekeepers' missing biographical qualifications, counsel simply filed

documents from the King & Spalding LLP website.  Doc. 454.  Since it is unclear who authored

this biographical information, the evidence is not competent and constitutes hearsay for which no

exception applies, and cannot serve as a basis to approve the timekeepers' fees.  Doc. 458; <u>see</u>

Fed. R. Evid. 801(c).  Magistrate Judge Tarnofsky did not address Plaintiff's hearsay argument,

and, instead, without citing any authority, declined to reduce the fees sought because "courts

routinely assess the reasonableness of fees based on biographies taken from firm websites."

O&O at 14.  That holding was contrary to law and clearly erroneous.  In short, there is no

"routine" hearsay exception.  Where a party objects to the use of hearsay, the objection must be

addressed.  <u>See</u> Fed. R. Evid. 1101 (rules of evidence apply in all district court civil proceedings

except for a small number of inapplicable exceptions).

Magistrate Judge Tarnofsky credited MSG counsel's proposition that courts regularly

evaluate reasonableness of fees from biographies on firm websites, but the cases cited by MSG

are inapposite.  In <u>all</u> of them, the fee motions were either unopposed or the competency of such

5

evidence was unchallenged.  O&O at 14; see Doc. 460 (citing Haua v. Prodigy Network, LLC, 20 Civ. 2318 (PGG) (SLC), 2022 WL 20056294, at *2 (S.D.N.Y. Aug. 5, 2022) (fee motion unopposed); Top Jet Enters., Ltd. v. Kulowiec, 2022 WL 1184245, at *3 (S.D.N.Y. Apr. 21, 2022) (sufficiency of biographical information provided unchallenged); HSBC Bank USA, N.A. v. PAKS Holdings, LLC, 2021 WL 667661, at *6 (S.D.N.Y. Feb. 22, 2021) (fee motion unopposed)).  Moreover, MSG's reliance on Baring Indus., Inc. v. 3 BP Prop. Owner LLC, 2022 WL 4560738, at *5 (S.D.N.Y. Sept. 29, 2022), is inappropriate, as counsel in Baring submitted a declaration in which he attested that he had "'direct' and 'personal' knowledge of the facts set forth in his declaration" and recited the timekeepers' qualifications "based on his own knowledge and experience as the lead attorney" in the matter—none of which occurred here.[4]

Magistrate Judge Tarnofsky relied on Danaher Corp. v. Travelers Indemnity Co., No. 10 Civ. 0121 (JPO), 2015 WL 409525, at *4 (S.D.N.Y. Jan. 16, 2015), as amended, 2015 WL 417820 (S.D.N.Y. Jan. 29, 2015), report and recommendation adopted, 2015 WL 1647435 (S.D.N.Y. Apr. 14, 2015), when she declined to reduce fees on the ground that MSG failed to provide necessary background information on the timekeepers.  But Danaher only supports Oakley's position.  First, in addition to biographies taken from the firm website, counsel also submitted a supplemental affirmation in which there was a recitation of the timekeepers' experiences and provided sufficient support of reasonableness with applicable case law, billing survey data, and evidence that the rates were actually paid or approved.  Id.; Doc. 265 at 4-6.  Second, the moving party justified the requested rates by submitting proof that the timekeepers

---

[4]    To be sure, unobjected hearsay can be considered, but that is not what occurred.  See Graduation Sols., LLC v. Acadima, LLC, No. 3:17 Civ. 1342 (VLB), 2020 WL 1466204, at *17 (D. Conn. Mar. 26, 2020) (explaining that hearsay admitted without objection may be considered as evidence); Bell v. Ercole, No. 05 Civ. 4532 (ERK), 2011 WL 5040436, at *34 (E.D.N.Y. Oct. 21, 2011), aff'd, 471 F. App'x 17 (2d Cir. 2012) (same, citing United States v. Brown, 348 F.2d 661, 663 (2d Cir.1965)).

"specialized" in the particular type of case at issue ("insurance recovery").  MSG has not taken any of these steps.

## 2.    This Is Not a "Complex Commercial Case"

The Magistrate Judge justified MSG's inflated rates by claiming that this case started as a "complex commercial case," that subsequently morphed into an assault and battery case.  But that is simply wrong.  This case has always been about Oakley's ejection from MSG, not any complex commercial transaction.  For instance, this Court has consistently described this case as an "assault and battery on an isolated evening in 2017."  Oakley v. MSG Networks, Inc., No. 17 Civ. 6903 (RJS), 2024 WL 3758798, at *2 (S.D.N.Y. Aug. 12, 2024).  The Second Circuit has likewise described this case – even as to Oakley's non-assault and battery claims - as all "arising from [Oakley's] ejection from Madison Square Garden . . . on February 18, 2017, shortly after he arrived to attend a New York Knicks basketball game as an audience member."  Oakley v. Dolan, 833 F. App'x 896, 898 (2d Cir. 2020).  Nothing here can be fairly described as a "complex commercial case."

Even if, arguendo, the Magistrate Judge correctly characterized this case as having started as a "complex commercial case" that subsequently morphed into an assault and battery case, it was purely speculative to justify MSG's exorbitant fee request based on the Magistrate Judge's view that "it would have been inefficient to switch lawyers because the surviving claims sound in tort."  O&O at 14. Not only did MSG not make this argument, but Oakley's non-assault and battery claims were dismissed on the pleadings in 2020 – five years ago – and before any discovery was conducted.  The Magistrate Judge's finding of inefficiency is rank speculation.

Given these circumstances, it was clearly erroneous for the Magistrate Judge to award MSG rates based on an entirely different species of case.  Rather, a reasonable "paying client"

seeking "to spend the minimum necessary," Lilly, 934 F.3d at 231, would not have acted reasonably by hiring complex commercial litigators to litigate an excessive force case.

### 3. The Magistrate Judge Failed to Consider Rates in Comparable Cases

Magistrate Judge Tarnofsky overlooked MSG's obligation to establish the reasonable rate for "similar work by attorneys of like skill *in the area*." Nnebe, 2022 WL 612967, at *5 (emphasis in original) (citation omitted). MSG did not even attempt to demonstrate "comparable rates awarded . . . in similar cases in this District." Alexander v. Amchem Prods., Inc., No. 07 Civ. 6441, 2008 WL 1700157, at * 5 (S.D.N.Y. Apr. 3, 2008) (Sullivan, J.). Magistrate Judge Tarnofsky also did not address Plaintiff's argument that the reasonableness of K&S's rates must be compared to rates awarded in similar assault and battery cases, where rates range from $325 to $450 per hour at most. See Pl. Br. at 20 (Plaintiff's analysis demonstrating that hourly rates between $325 and $450 for experienced attorneys are reasonable for such cases) (citing Dancy v. McGinley, 141 F. Supp. 3d 231, 238–39 (S.D.N.Y. 2015); Barbour v. City of White Plains, 788 F. Supp. 2d 216, 225–26 (S.D.N.Y. 2011), aff'd, 700 F.3d 631 (2d Cir. 2012)). Its failure to do so was clear error.

While Magistrate Judge Tarnofsky cited cases holding that when assessing reasonability of fee awards, courts must consider "awards in similar cases," O&O at 7 (citing Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. Of Albany & Albany Cnty. Bd. Of Elections, 522 F.3d 182, 186 n.3 (2d Cir. 2008)), she did not offer any analysis and, without explanation, simply stated that she was "unpersuaded by Plaintiff's suggestion that MSG's failure to disclose the hourly rates charged by its timekeepers in comparable cases warranted reducing the rates." Id. at 16. The Magistrate Judge instead relied on her own familiarly with rates. The only authority the Magistrate Judge cited, however, was An v. Despins, No. 22 Civ.10062 (VEC) (JW), 2024 WL 1157281, at *1 (S.D.N.Y. Mar. 18, 2024), appeal dismissed, No. 24-914, 2024

WL 4524742 (2d Cir. Aug. 13, 2024), a case that had nothing to do with an ejection or the use of

unreasonable force, but involved allegations of violations of the Foreign Agent Registration Act.[5]

The Magistrate Judge Tarnofsky should have considered instances where there was

spoliation of ESI by one natural person in a tort action.  See Walker v. Carter, No. 12 Civ. 5384,

2016 WL 6820722, at *1-2 (S.D.N.Y. Aug. 29, 2016) (court awarded $8,074.35 where

defendants had sought $17,943 relating to eight-month-long effort to recover plaintiff's spoliated

text messages); Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona, 188 F. Supp.

3d 333, 340 (S.D.N.Y. 2016) (court awarded $43,040.45 where defendants had sought

$65,246.71 for 172 hours of work relating to bad faith spoliation); Matteo v. Kohl's Dep't Stores,

Inc., No. 09 Civ. 7830 (RJS), 2012 WL 5177491, at *4-5 (S.D.N.Y. Oct. 19, 2012) (Sullivan, J.),

aff'd, 533 F. App'x 1 (2d Cir. 2013) (court awarded $10,686.60 where plaintiff had sought a

"plainly excessive" $68,827.10 for 109 hours of work).[6]  Magistrate Judge Tarnofsky should

have lowered the fee to reflect the rates awarded in similar cases faced with similar spoliation

circumstances, and her failure to do so was clearly erroneous and contrary to law.

### 4. The Magistrate Judge Did Not Consider MSG's Payment of Incurred Fees as a Factor When Evaluating Reasonableness of Rates

Magistrate Judge Tarnofsky summarily declined to "deny the Fee Motion on the ground

that [MSG] may not have paid the incurred fees," despite citing caselaw submitted by Oakley

standing for the proposition that "where fees were billed but not paid, the Court 'cannot accept

the quoted rates as compelling evidence, or even a strong indicator, that they are reasonable.'"

O&O at 35-36 (citing Charlestown Capital Advisors, LLC v. Acero Junction, Inc., et al., No. 18

---

[5]       In An, the court justified rates of $1,592 and $1,760 per hour for an experience white collar partner with "specific experience with the Foreign Agent Registration Act."  2024 WL 1157281, at *2.  Here, of course, MSG has failed to present any evidence that its attorneys had any experience in torts or unreasonable force cases.

[6]       As noted in Plaintiff's opposition to MSG's motion for attorneys' fees (Doc. 448), Wigdor LLP recently requested just over $27,000 for 42 hours of work for the loss of text messages by one person, a blended hourly rate of $643, in Ronen v. Redroute, Inc., No. 21 Civ. 2732 (RPK) (E.D.N.Y. Nov. 10, 2023).

Civ. 4437 (JGK) (BCM), 2021 WL 1549916, at \*5-6 (S.D.N.Y. Apr. 20, 2021) and <u>Triumph Constr. Corp. v. The N.Y.C. Council of Carpenters Pension Fund, et al.</u>, No. 12 Civ. 8297 (KPF), 2014 WL 6879851, at \*3 (S.D.N.Y. Dec. 8, 2014)).  The Court committed clear error by failing to consider this factor (and reducing any award as a result), since K&S never proved, or stated, whether MSG had in fact paid the fees for which it seeks reimbursement.

### B.    The Court Did Not Adequately Reduce the Hours Spent

#### 1.    The Magistrate Judge Erroneously Placed the Burden on Oakley to Discern What Was Relevant and What Was Not in MSG's Billing Entries

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate . . . hourly rates." <u>Finch v. N.Y. State Off. of Child. & Fam. Servs.</u>, 861 F. Supp. 2d 145, 150 (S.D.N.Y. 2012) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424 at 437 (1983)).  Oakley painstakingly attempted to separate relevant work from tasks unrelated to spoliation, which was difficult, due to K&S's practice of block-billing.  Magistrate Judge Tarnofsky's decision rested in large part on taking up Plaintiff's arguments and rebutting them. <u>See, e.g.</u>, O&O at 24-25 (discussing vague entries only from Mastro, Myers, and Benvenisty identified by Plaintiff); <u>id</u>. at 26-27 (considering tasks identified by Plaintiff to be unnecessary for spoliation); <u>id</u>. at 27-28 (analyzing entries Plaintiff identified as including non-compensable clerical work).  By limiting its analysis only to these specific, challenged requests, Magistrate Judge Tarnofsky improperly shifted the burden of deciphering the billing records onto Plaintiff, when it was and is MSG's burden to submit clear and comprehensible records to demonstrate the reasonableness of its requested award.  This burden-shifting was contrary to law.

Magistrate Judge Tarnofsky also erroneously decided that the creation of timelines, review of transcripts, and drafting uncontested subpoenas were not clerical tasks, and that the many hours spent on these tasks were compensable.  O&O at 28; <u>cf. Lilly</u>, 934 F.3d at 234

(affirming a fee reduction to account for clerical tasks when billing records reflected a "variety of obviously clerical tasks, as well as entries that blend clerical tasks with legal tasks").  Magistrate Judge Tarnofsky quoted Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n. 10 (1984), in which a distinction was drawn between legal work and "investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by non-lawyers."  O&O at 28.  Simply because counsel's clerical work was "necessary for the lawyers who formulated, drafted, and presented [MSG's] arguments" does not in itself mean that the tasks were not clerical in nature.  See O&O at 28.  Magistrate Judge Tarnofsky stated that, "to the extent that Plaintiff is arguing that the timekeepers who performed clerical tasks were too expensive or that the cost of the work was otherwise too high" (which Plaintiff did argue), the issue is addressed through an across-the-board reduction in fees in connection with the Court's analysis of counsel's practice of block billing.  Id.  However, failure to address this issue (which could have led to a further reduction) separately from block-billing was clear error.  Magistrate Judge Tarnofsky likewise erroneously overlooked K&S's implausible, exaggerated, and inflated time entries, accepting its assertion that legal work performed over seven months, including "(1) preparing for and attending three Court appearances; (2) drafting seven substantive written submissions, including a pre-motion letter, a legal memorandum and reply memorandum, and a post-hearing brief; (3) overseeing the work of an expert witness. . . ; and (4) pursuing and analyzing discovery from Plaintiff and third parties concerning the spoliation,"[7] reasonably amounted to 1,330 hours.  Given this extraordinary number, Magistrate Judge Tarnofsky did not meaningfully address Plaintiff's argument that K&S's billing records reflect substantially more

---

[7]    While there were many pages of AT&T records for the parties to analyze, the spoliation dealt with only 28 days of text messages, Spoliation Order at 3, and the parties first received these records in January 2025, long after spoliation litigation had begun. The records were converted to Microsoft Excel format, allowing searching and organizing in a way that expedited review.

time than the work required, with entries appearing inflated relative to the complexity of the tasks involved. For instance, Plaintiff identified that K&S billed approximately four full working days just to research and draft a three-page letter that cited only a handful of cases; K&S attorneys billed 52.7 attorney hours ($59,639) to draft and send two uncontested subpoenas, each only a few pages long with mostly boilerplate language; spent 43.4 hours ($41,242) to review, make excerpts of, or discuss deposition and hearing transcripts, including 4.2 hours ($2,820) and 3.6 hours ($2,417) by an unbarred law clerk named Martha Strautman on December 26 and 27, 2024, to "review and analyze hearing transcript," making Strautman's analysis by itself far longer than the actual court conference. See Pl. Br. at 5. It is also unclear what work, if any, was done or necessary to "oversee[] the work of an expert witness" who provided a detailed report of his review and opinion, and the court did not address the reasonableness of the hours spent on these efforts.

In sum, Magistrate Judge Tarnofsky clearly erred when she did not address the reasonableness of the amount of time K&S purportedly devoted to the tasks for which it sought reimbursement.

## 2. There Is No Evidence That MSG Maintained Contemporaneous Records

Magistrate Judge Tarnofsky improperly reasoned that "[t]he billing by [MSG's] counsel is not as flawed as the billing in some cases involving a failure to submit contemporaneous billing records, where the lawyers appeared to have had no contemporaneous records at all . . . ." O&O at 33. In fact, K&S made no showing that they maintained any contemporaneous records for time expended on spoliation-related tasks. The Marshall Declaration admitted as much, conceding that K&S timekeepers returned *ex post* to block-billed entries and "estimated" the time worked on spoliation. But K&S did not explain how or when its timekeepers "estimated"

this time spent, and it appears to be based on pure speculation. The Declaration only stated that attorneys entered "contemporaneous *descriptions* of tasks performed," making no reference to time expended. Decl. at 5 (emphasis added). This failure is fatal to a fee application, as "[c]ontemporaneous records of *work performed* is not enough; an attorney must maintain contemporaneous records of the *time expended* performing such work as well." Kottwitz v. Colvin, 114 F. Supp. 3d 145, 150 (S.D.N.Y. 2015) (emphasis in original). Attorneys may not "asses, *ex post*, how much time was . . . expended" and may not "cobble together a historical account of time expended based on work records." Id. at 151.[8]

The Court had no way to "meaningfully assess the entries" when MSG provided no explanation for how its timekeepers determined which portion of each entry was devoted to spoliation.[9] While Magistrate Judge Tarnofsky appropriately applied an across-the-board reduction for blocked-billing, her reduction was inadequate, given her incorrect premise that K&S maintained *some* contemporaneous records of time spent in the absence of any proof of this. For K&S's vague, inflated, and inconsistent entries, and failure to prove what they charged their client, a much larger reduction should have been applied.

### 3.    Plaintiff's Litigation Approach Did Not Contribute to the Work Required Of MSG

The Court concluded that Plaintiff's counsel's behavior contributed to the amount of time K&S expended to uncover the spoliation. This conclusion was unjustified. By way of John Crain's unrebutted Declaration, Plaintiff's counsel explained in detail its participation and

---

[8]    That K&S had to effectively guess (or, as it charitably explains, "estimate") time spent is incomprehensible. MSG moved in October 2024, for reimbursement of fees as a sanction for alleged spoliation violations, but failed to subsequently keep records of time spent on the motion.

[9]    MSG did not, for example, submit declarations from time keepers with personal knowledge explaining how they extrapolated from the block entries the amount of time spent on the spoliation motion. In other words, they simply guessed.

assistance in the investigative process.  See Doc. 286, Crain Decl. ¶¶ 5-7 (explaining how counsel was first made aware of lost text messages); ¶¶ 8, 14-16 (explaining reasons for incorrect information provided to K&S and that K&S already in fact had the relevant information in their possession); ¶¶ 10-13 (explaining timing of disclosure to K&S); ¶¶ 17-18, 20-21 (explaining Plaintiff's counsel's own efforts to confirm the scope of lost data and ways to potentially recover messages).  And Your Honor made no findings regarding Plaintiff's counsel's failure to perform an appropriate investigation.

Magistrate Judge Tarnofsky also erroneously concluded that Plaintiff's litigation approach contributed to the work required of MSG, overlooking that a significant portion of the cited work was necessitated by MSG's own actions.  In fact, the third evidentiary hearing regarding the interpretation of AT&T records was made necessary due to K&S's inaccurate analysis of the text records, counting numerous separate entries that clearly related to the same message, as distinct text messages.  See Spoliation Order at 3.[10]  Only after Plaintiff's briefing and testimony at the hearing did K&S realize that a downward revision of its overcount was appropriate.

The cases relied on by Magistrate Judge Tarnofsky on this point involved frivolous or bad-faith conduct, which was simply not evident here.  Cf. Google LLC v. Starovikov, No. 21 Civ. 10260 (DLC), 2023 WL 2344935, at *3 (S.D.N.Y. Mar. 3, 2023) (rejecting defendants' argument that plaintiff's fee request was excessive when "defendants attempted to stymie . . . efforts to conduct discovery through a lengthy campaign of misrepresentations and spoliation [and] at every step of the way, Defendants and their counsel opted to prolog this litigation—and,

---

[10]    MSG initially argued that Plaintiff sent 1,113 text messages and received 6,658 messages during the relevant period.  Id.  Accounting for the duplicates, MSG then estimated that Plaintiff sent at least 866 text messages and received at least 4,233 messages.  Id.

by extension, increase the plaintiff's legal bills"); <u>Abraham v. Leigh</u>, No. 17 Civ. 5429 (KPF), 2020 WL 5512718, at *12 (S.D.N.Y. Sept. 14, 2020) (finding that plaintiff's sanctionable conduct, including fabrication of evidence and lying to the court about the evidence, made a "mockery of the Court's orders" and necessitated expert investigation and substantial motion practice).

In sum, Magistrate Judge Tarnofsky's apparent reliance on K&S's accusations of fraud and obfuscation on the part of Plaintiff's counsel was clearly erroneous and contrary to law.

### 4. Despite Concluding That Staffing Was Not Always Reasonable, the Court Did Not Address This Issue Independently

Even though Magistrate Judge Tarnofsky acknowledged that there were instances when senior lawyers performed work that could have been done by someone less experienced, it did not reduce the rates for those more senior lawyers. O&O at 23. Instead, Magistrate Judge Tarnofsky addressed this issue through an across-the-board reduction in fees in connection with her analysis of counsel's practice of block-billing. <u>Id.</u> This issue, however, warrants an independent reduction, and should not be conflated with the Court's reduction for block-billed time entries—particularly since Magistrate Judge Tarnofsky's opinion does not cite to or address this point in her analysis for an across-the-board reduction. <u>Id.</u> at 29-35. The case law in this Circuit is clear that a reduction of fees is warranted where a matter was disproportionately staffed with partners. <u>See McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.</u>, No. 22 Civ. 1138 (GHW), 2023 WL 4422495, at *5 (S.D.N.Y. July 10, 2023) (prescribing across-the-board reduction for "top-heavy billing"). K&S's billing records showed, and Magistrate Judge Tarnofsky found, that K&S overstaffed the spoliation litigation with high-level, senior attorneys performing work that could have been done by less senior associates, paralegals, or support staff. Magistrate Judge Tarnofsky's failure to assess a separate reduction as a result was clear error and contrary to law.

### 5.      MSG Did Not Achieve All of Its Stated Goals

MSG sought sanctions "in the form of either (1) the dismissal of Oakley's complaint or (2) the preclusion of evidence related to Oakley's core allegations in this case, permission to present evidence related to Oakley's loss of his text messages, and an adverse-inference instruction."  Spoliation Order at 1.  Your Honor declined dismissal and preclusion of evidence; MSG's stated goal of case-terminating sanctions was never achieved.  Magistrate Judge Tarnofsky committed clear error by overlooking case law making clear that in circumstances where only partial or limited success was achieved, full compensation of the attorney fee award may not be reasonable.  See Fisher v. Aetna Life Ins. Co., No. 16 Civ. 144, 2020 WL 5898788, at *11 (S.D.N.Y. Oct. 5, 2020), aff'd, 32 F.4th 124 (2d Cir. 2022) (reducing fee request by 85% for limited success and vague time entries) (Sullivan, J.); Seaman v. Nat'l Collegiate Student Loan Tr. 2007-2, No. 18 Civ. 1781, 2023 WL 2631937, at *8 (S.D.N.Y. Mar. 24, 2023) (reducing hours because sanctions motion contained argument that "lack[ed] merit"); Carroll v. Blinken, 105 F.3d 79, 81- 82 (2d Cir. 1997) (cutting fees 95%).

### C.      The Court Improperly Awarded Unreasonable Costs for Expert and Trial Graphics Support

Magistrate Judge Tarnofsky concluded that MSG "has not shown that [expert witness] Favro's rates were reasonable," because MSG did not provide sufficient evidence to substantiate his fee.  O&O at 37-39.  While Magistrate Judge Tarnofsky reduced the fees requested in connection with Favro's work by 50%, there was no articulated basis for this specific percentage, nor any explanation as to why a larger reduction was inappropriate.

In addition, while Magistrate Judge Tarnofsky correctly cited case law for the proposition that courts routinely award reasonable costs for technology and graphics used in court "that were necessary to the presentation of evidence by the prevailing party,"  O&O at 39 (citing E.g.,

Farberware Licensing Co. LLC v. Meyer Mktg. Co., No. 09 Civ.2570 (HB), 2009 WL 5173787,

at *8 (S.D.N.Y. Dec. 30, 2009) (awarding $25,000 for equipment and technological graphics),

aff'd, 428 F. App'x 97 (2d Cir. 2011)),  she erroneously awarded the full $14,710 cost of Impact

Trial Graphics' work even though she concluded that MSG "did not provide an explanation of

why the work was needed." O&O at 39-40.

These findings were contrary governing law and clearly erroneous.

### D.    The Court Did Not Consider Plaintiff's Argument That K&S's Request Threatens to Swamp a Verdict

Magistrate Judge Tarnofsky did not address Plaintiff's argument that the amount of fees

requested, and ultimately granted, threatened to swamp a final verdict. Pl. Br. at 19 (citing Arbor

Hill Concerned Citizens Neighborhood Ass'n, 522 F.3d at 186 n.3 (courts should consider "the

amount involved in the case.")).  Magistrate Judge Tarnofsky's failure to do so was clear error.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court reverse the Order

issued by Magistrate Judge Tarnofsky and reduce MSG's request for attorneys' fees and costs by

at least 95%.

Dated: November 14, 2025
       New York, New York

**WIGDOR LLP**

By: _____
       Douglas H. Wigdor
       Valdi Licul
       John S. Crain
       Katherine Vask

85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
dwigdor@wigdorlaw.com

vlicul@wigdorlaw.com
jcrain@wigdorlaw.com
kvask@wigdorlaw.com

**PETRILLO KLEIN & BOXER LLP**

By:  _/s/ Nelson A. Boxer_
        Nelson A. Boxer
        Marcelo Triana
655 Third avenue, 22nd Floor
New York, NY 10017
Tel: 646-560-5986
nboxer@pkbllp.com
mtriana@pkbllp.com

## **CERTIFICATE OF COMPLIANCE**

I Valdi Licul, an attorney duly admitted to practice law before the Southern District of New York, hereby certify that this document, the memorandum of law, complies with the word count limit set forth in Local Civil Rule 7.1 (c) because it contains 5,639 words, excluding the parts of the memorandum of law exempted by the rule. In preparing this certification, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

Dated: November 14, 2025
     New York, New York           By: _____

19