UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLES OAKLEY,<br><br>       Plaintiff,<br><br> -against-<br>MSG NETWORKS INC., et al.,<br><br>       Defendants. | 17-CV-06903 (RJS) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

  Plaintiff's letter-motion for a stay of my order requiring payment by November 21, 2025 of attorney's fees and costs (ECF 461) until after Judge Richard J. Sullivan rules on Plaintiff's objections (ECF 466) is **DENIED**. In considering a motion to stay, the Court considers whether the movant's objections likely have merit; whether the movant will be irreparably injured without a stay; whether a stay would substantially injure other parties; and the public interest. *See Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp.*, No. 19-CV-9193 (PGG) (SLC), 2023 WL 5498962, at *4 (S.D.N.Y. Aug. 25, 2023). The party seeking a stay bears a "heavy burden to establish a favorable balance of these factors." *N.R.D.C. v. U.S. F.D.A.*, 884 F. Supp. 2d 108, 122 (S.D.N.Y. 2012).

  Here, Plaintiff's objections (ECF 465) rehash matters addressed in my order and therefore are unlikely to have merit. Plaintiff's argument that he will be injured absent a stay likewise is unpersuasive. He contends that being required to pay the attorney's fees and costs will harm him because (1) the award could swamp any verdict in his case; (2) he is entitled to review of his objections; and (3) timely payment would be burdensome. However, the award is meant to compensate Defendant for costs incurred in dealing with the spoliation issue and

1

therefore is unrelated to any potential verdict for Plaintiff in the case. Judge Sullivan will review his objections in due course, and if Judge Sullivan decides that the award should be reduced, Defendant will refund to Plaintiff the excess amount Plaintiff paid. And Plaintiff has not demonstrated that paying as ordered, while burdensome to him, would irreparably harm him. Nor am I convinced by Plaintiff's argument that Defendant would not be injured by a stay because Defendant will be paid in full if Judge Sullivan upholds the fee award. Defendant has already spent a substantial amount addressing the spoliation issue and any further delay in reimbursing Defendant for those costs causes economic harm. Finally, while I cannot conclude that the public has a strong interest in whether my order (ECF 461) is stayed, there is some public interest in seeing that the litigation process punishes spoliation activity.

      The Clerk of Court is respectfully requested to terminate ECF 466.

DATED: November 20, 2025
       New York, New York

SO ORDERED.

_____
**ROBYN F. TARNOFSKY**
United States Magistrate Judge