

**John S. Crain**
jcrain@wigdorlaw.com

November 20, 2025

The Honorable Richard J. Sullivan
U.S. Court of Appeals for the Second Circuit
500 Pearl St., Room 2530
New York, New York 10007

      Re:     Oakley v. MSG Networks, *et al.*; Civil Case No. 17-cv-06903 (RJS)

Dear Judge Sullivan,

On October 31, 2025, Magistrate Judge Tarnofsky awarded Defendants MSG Networks, Inc., Madison Square Garden Sports Corp., and Sphere Entertainment Group, LLC, (collectively, "MSG"), $642,337.65 in attorneys' fees and costs ("Order," Doc. 461) related to their motion for spoliation sanctions (see Doc. 439, July 23, 2025, spoliation Order), to be paid by tomorrow, November 21, 2025. Our client, Charles Oakley, subsequently filed timely objections, on November 14, Doc. 465, and Your Honor will consider our objections and will "modify or set aside any part of the [October 31] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). On November 19, 2025, Mr. Oakley moved Magistrate Judge Tarnofsky for an order staying her decision pending Your Honor's ruling on Objections. Magistrate Judge Tarnofsky denied the motion in an order earlier this evening (see Doc. 467). Mr. Oakley hereby respectfully objects to the order denying a stay as "erroneous" under Fed. R. Civ. P. 72(a).

When deciding whether to grant a stay of an order pending appeal, courts consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." Graham v. Delaware-Chenango-Madison-Otsego Bd. of Coop. Educ. Servs., No. 3:24 Civ. 495 (ECC) (ML), 2025 WL 1168243, at *2 (N.D.N.Y. Apr. 22, 2025) (citations and quotations omitted). "This standard applies equally to a request for a stay pending resolution of objections to a magistrate judge's discovery ruling." Id. (citing S.D.N.Y. Magistrate Judge Cave's opinion applying these same four factors in Monterey Bay Mil. Hous., LLC v. Ambac Assurance Corp., No. 19 Civ. 9193, 2023 WL 5498962, at *4 (S.D.N.Y. Aug. 25, 2023)).

Applying this standard, the Magistrate Judge found, first, that Mr. Oakley had not made a strong showing of a likelihood of success because his objections merely "rehash[ed] matters addressed" in the Magistrate Judge's ruling setting the amount of feed. (Doc 467 at 1). Respectfully, this is not the case. While Mr. Oakley's objections are entirely meritorious, in at least two respects



Hon. Richard J. Sullivan
November 20, 2025
Page 2

susceptible to brief treatment, Magistrate Judge Tarnofsky depended on clearly erroneous facts. First, the Magistrate Judge's decision credited hearsay evidence over an objection and without reason. Second, the Magistrate Judge held that this case began as "complex commercial litigation" when it objectively did not. These are clear and dispositive errors, and it was error not to allow Your Honor to pass on them before fees are paid.

Next, the Magistrate Judge held that the possibility of having to potentially undergo the burdensome process of remitting payment only to have it refunded was not enough to demonstrate harm. Id. at 2. The Magistrate Judge also held that the amount of a potential verdict, or the possibility that this fee award will swamp such a verdict, was irrelevant. Id. at 1-2. But, respectfully, this misapprehended Mr. Oakley's argument. While Mr. Oakley argued that payment was a considerable burden, he further argued that the sum of the process he has been put through—eight years and two appeals, without being able to address a jury—is enough, coupled with having to potentially pay *without* the further process due to him, to substantively curtail his rights as a litigant. He argued that careful consideration of his objections were due, under the circumstances. See Johnson v. Spirit Airlines, Inc., No. 07 Civ. 1874 (FB) (JO), 2007 WL 1352148, at *4 (E.D.N.Y. May 8, 2007) ("Spirit will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand sua sponte for a period of time sufficient for Spirit to file any objections it may have."). The Magistrate Judge erroneously treated this as a generic argument of burden, when it instead addressed the considerable hardship Mr. Oakley has already had to undergo in the face of incorrect rulings in this case.

Finally, the Magistrate Judge disagreed "that Defendant would not be injured by a stay because Defendant will be paid in full if Judge Sullivan upholds the fee award." (Doc. 467 at 2.) But this is erroneous, as it is clear that MSG will not be injured by virtue of a stay. If Mr. Oakley's objections are overruled and the award is not modified or stayed further, MSG will receive payment of attorneys' fees and costs. If the objections are sustained, in whole or in part, and are not further stayed, then MSG will receive what it is entitled to, and not more.

Mr. Oakley also pointed out that at the outset of this case, MSG was granted stays both as to discovery, Doc. 90, and as to filing an Answer, Doc. 100. As it happened, MSG was ultimately required to participate in discovery and file an Answer. It would be unjust if MSG—massive and well-resourced corporations—should enjoy such solicitousness of their rights, while Plaintiff is forced to disgorge large sums of money before a final decision is even rendered. Magistrate Judge Tarnofsky did not address this argument at all.

Since, as the Magistrate Judge observed there is no strong public interest against a stay, it is respectfully submitted that the Magistrate Judge erred as to the final Order denying a stay.



Hon. Richard J. Sullivan<br>
November 20, 2025<br>
Page 3

In sum, we respectfully request that Your Honor stay Mr. Oakley's obligation to pay $642,337.65 in attorneys' fees and costs by November 21, 2025, pending Your Honor's ruling on Mr. Oakley's objections.  See, e.g., In re Iraq Telecom Ltd., No. 18 Misc. 458 (LGS) (OTW), Doc. 94 (S.D.N.Y. Feb. 13, 2020) (district court granted stay of Magistrate Judge's Opinion & Order "for a limited duration" "to maintain the status quo until the Objection is adjudicated").

Respectfully submitted,

John S. Crain

cc: All Counsel of Record (*via* ECF)