# KING & SPALDING

King & Spalding LLP
1290 Avenue of the Americas, 14th Floor
New York, NY 10104

November 21, 2025

Damien Marshall
Direct Dial: +1 212 790 5357
DMarshall@kslaw.com

**VIA ECF AND E-MAIL**
Hon. Richard J. Sullivan, U.S. Circuit Court Judge

Re:     *Oakley v. MSG Networks, et al.*, No. 17-cv-6903 (RJS) (S.D.N.Y.)

Dear Judge Sullivan:

We write on behalf of MSG in response to Plaintiff Charles Oakley's letter filed late last night (the "Stay Objections," ECF 469) objecting to Judge Tarnofsky's order of that same day denying his motion for a stay (the "Stay Order," ECF 467) of her October 31, 2025 Opinion and Order directing Oakley to pay MSG $642,337,65 in attorneys' fees and costs by today, November 21, 2025 (the "Fees Order," ECF 461). Oakley's Stay Objections are not only meritless, but also frivolous, vexatious, and the latest in a long line of his abuses of the judicial system that are continuing to waste judicial resources and run up unnecessary legal fees for MSG. The Court should deny the Stay Objections and, as set forth in MSG's response to Plaintiff's objections to the Fees Order: (i) enter MSG's proposed judgment (ECF 462), and (ii) order that enforcement proceedings may commence immediately in the event Oakley does not pay the award today, November 21.

At the outset, Oakley's Stay Objections make clear that he never had any intention of adhering to the deadline in the Fees Order. Despite that the Fees Order was entered almost three weeks ago—and that Oakley's objections were due last week—Oakley waited until there were only two business days before November 21 to file his request for a stay with Judge Tarnofsky, knowing it would be difficult for the Court to rule within that time. And then, when Judge Tarnofsky denied Oakley's request for a stay, he lodged his Stay Objections *at 9:07pm the night before his payment deadline*, using functionally the same letter he submitted to Judge Tarnofsky and recycling its same arguments. *Compare* ECF 466 (Oakley's stay motion) *with* ECF 469 (Oakley's Stay Objections). Oakley's filings and their timing betray that his requests for a stay are disingenuous.

On the merits, Oakley's Objections fail for the same reason his objections to the Fees Order fail—he does not remotely establish that Judge Tarnofsky's decision was "clearly erroneous" or "contrary to law." Fed R. Civ. P. 72(a). While Oakley makes conclusory allegations of error throughout, just as in his objections to the Fees Order, he does not a cite single case indicating that any part of Judge Tarnofsky's Stay Order meets the legal definition of "clear error." *See Gucci Am., Inc. v. Exclusive Imps. Int'l*, 2002 WL 1870293, at *7 (S.D.N.Y. Aug. 13, 2002) (Casey, J.) (defendants failed to show clear error in objection where they cited to no authority). He also fails to meet his burden because his Stay Objections repeat the same arguments he made to Judge Tarnofsky. *See, e.g., G.T. v. N.Y.C. Dep't of Educ.*, 2020 WL 1503508, at *2 (S.D.N.Y. Mar. 30, 2020) (Daniels, J.) (objections that "merely reiterate the arguments already made" do not support a finding of clear error); *Blonder v. Independence Cap. Recovery, LLC*, 2023 WL 2236908, at *4 (E.D.N.Y. Feb. 27, 2023) (finding "no clear error" when Magistrate Judge "review[ed] the same arguments made by the defendant in its objections"). Indeed, all of his arguments in support of his Stay Objections are meritless, as Judge Tarnofsky correctly found:

*First,* Oakley's objections to the Fees Order are likely to fail (and he has not made the requisite "strong showing" of likelihood of success), because his objections simply "rehash" his previously-rejected arguments, and Oakley cites no authority showing that Judge Tarnofsky's decision rose to the level of "clear error." *See* Stay Order (ECF 467) at 1; *Gucci Am., Inc.*, 2002 WL 1870293, at *7; *Blonder*, 2023 WL 2236908, at *4; ECF 468 (MSG's Response to Objections). For example, the two specific underlying "errors" that Oakley calls out in the Stay Objections were, in fact, well-supported findings: Judge Tarnofsky properly relied on K&S attorney biographies, as "courts routinely" do (ECF 461 at 14), in finding that Oakley's "inadmissible" "hearsay" challenge has zero legal support (*id.* at 13-14; ECF 468 at 17-20); and her assessment that the complexity of this case warranted the hiring of complex commercial litigators was not clearly erroneous, because *Oakley's* Complaint originally "alleg[ed] ten causes of action against multiple corporate entities and representatives." (ECF 461 (Fees Order) at 13-15; ECF 468 at 15-17).

*Second,* Oakley fails to even *allege* that he will be "irreparably injured" if he is forced to pay today; rather, he claims, without further explanation, that needing to pay by today would be a "considerable burden" to him.[1] This conclusory statement is not only insufficient, but it also does not even purport to be an "irreparable" injury necessary for the issuance of a stay. *See* Stay Order at 2 (correctly finding that Oakley did not demonstrate irreparable harm); *UGX Brands, LLC v. City of Norfolk,* 2025 WL 2083797, at *3 (S.D.N.Y. July 24, 2025) (Ho, J.) ("Plaintiff cannot, relying on these conclusory statements alone, establish irreparable harm[.]"). Furthermore, to the extent Oakley insists that he is entitled to a stay pending the consideration of his objections either to the Fees Order or the Stay Order, the law is clear that "[t]he mere filing of objections does not automatically stay a magistrate's order" or "excuse a party from complying with it." *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of the Lao People's Dem. Rep.*, 2011 WL 4111504, at *9 (S.D.N.Y. Sept. 13, 2011) (Wood, J.). Oakley's citation to *Johnson v. Spirit Airlines, Inc.* is inapplicable: there, the court stayed a remand order to allow Spirit the opportunity to lodge objections in federal court, which it would have lost the chance to do if the case was immediately remanded to state court. *See* 2007 WL 1352148, at *4 (E.D.N.Y. May 8, 2007).[2] Here, by contrast, Oakley loses no procedural opportunities by complying with the Fees Order, because he has already lodged his objections and they will be considered by the Court in due course.

*Third,* Oakley's claim that MSG would "not be injured by virtue of a stay" is wrong, and Judge Tarnofsky committed no "clear error" in so finding. As Judge Tarnofsky stated, "[MSG] has already spent a substantial amount addressing the spoliation issue and any further delay in reimbursing Defendant for those costs causes economic harm," Stay Order at 2, and it is entitled to collect the award by the deadline ordered by the Court. Oakley's comparisons to MSG's

---

[1] It is galling that Oakley complains about the "sum of the process he has been put through" in this litigation that *he* brought against MSG, which he and his counsel have pursued for years despite their knowledge that the underlying claims lack any factual support. As set forth in detail in MSG's pending Motion for Rule 11 Sanctions, his claims have survived this long only because of Oakley's knowingly false testimony—which was facilitated by his counsel. *See* ECF 411. Furthermore, Oakley faces a fee award today only because of *his own* actions in spoliating years' worth of text messages, misleading MSG about his spoliation, and obstructing MSG's efforts to uncover the truth.

[2] Oakley also cites to *In re Iraq Telecom Ltd.*, No. 18 Misc. 458 (LGS) (OTW), Doc. 94 (S.D.N.Y. Feb. 13, 2020) (Schofield, J.), in which the court granted a five-day stay of a magistrate judge order denying a request for a protective order, pending the adjudication of objections. That case also involved an alleged irreparable harm—there, the moving party alleged that without a protective order, its private and confidential banking information would be released irreversibly violating its privacy rights. *See id.* Doc. 92. There is no similar irreparable harm alleged here.

2

previous motions to stay discovery and the filing of an Answer are inapposite; at the time of those motions, MSG had just obtained the Court's permission to file a pre-discovery motion for summary judgment based on video evidence already in the record. A discovery stay made sense given the procedural posture. Now, by contrast, Oakley has been sanctioned and ordered to pay fees for his intentional destruction of relevant evidence, and he bears the high burden of showing "clear error" to seek modification of Judge Tarnofsky's Fees Order. There is no principled argument for a stay given this procedural posture; rather, it is far more logical for Oakley to comply with the Fees Order and, as Judge Tarnofsky found, should this Court "decide[] that the award should be reduced, [MSG] will refund to [Oakley] the excess amount [he] paid." *See* Stay Order at 2.

***Fourth***, contrary to Oakley's claim, the public interest weighs against granting a stay. In sanctioning Oakley, this Court determined that he had "consciously destroyed" his text messages in "bad faith," "intentionally misled the Court," and made "patent misrepresentations" regarding his texting habits and cell phone trade-ins. ECF 439 at 2, 13-14. As Judge Tarnofsky correctly found (and committed no "clear error" in deciding), "there is some public interest in seeing that the litigation process punishes spoliation activity." Stay Order at 2; *see also, e.g., New Pac. Overseas Grp. (USA) Inc. v. Excal Int'l Dev. Corp.*, 2000 WL 802907, at *3 (S.D.N.Y. June 21, 2000) (Cote, J.) ("the public interest plainly lies in ensuring that court orders are enforced."); *see also Vanceah v. Nat'l R.R. Passenger Corp.*, 2022 WL 3030740, at *6 (S.D.N.Y. Aug. 1, 2022) (Ramos, J.), *aff'd sub nom. Vanceah v. Dendy*, 2023 WL 4199034 (2d Cir. June 26, 2023) ("Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct[.]").

Finally, Oakley's Stay Objections should be denied for the independent reason that he waived his ability to seek a stay of the Fees Order. In his initial response to MSG's fee motion, Oakley argued that "any assessment of fees should be stayed," ECF 448 at 25, and Judge Tarnofsky considered and rejected that argument as "unpersuasive" in the Fees Order. ECF 461 at 40. Judge Tarnofsky instead directed Oakley to pay $642,337,65 *within 21 days*, which, by its terms, is incompatible with a stay. *Id.* at 41. On November 14, Oakley filed his objections to the Fees Order—and objected to nearly every finding made by Judge Tarnofsky—but critically, ***did not object*** to Judge Tarnofsky's denial of his request for a stay. ECF 465. By not objecting to this ruling within the requisite 14 days, therefore, Oakley conceded that her decision with respect to a stay did not constitute "clear error," and he waived the right to any further review of that decision. *See* Fed. R. Civ. P. 72(a). ("A party may not assign as error a defect in the order not timely objected to."); *McCarthy v. Manson*, 554 F. Supp. 1275, 1287 (D. Conn. 1982), *aff'd*, 714 F.2d 234 (2d Cir. 1983) ("As a general rule, a party who fails to file a timely objection to all or part of a recommended decision waives its right to further review (including appellate review) of those parts of the recommended decision to which it fails to object.").

Accordingly, this Court should reject Oakley's Stay Objections. Furthermore, in order to effectuate Judge Tarnofsky's Fees Order, the Court should enter the proposed judgment at ECF 462 and order that enforcement proceedings may begin immediately following November 21, 2025 in the event that Oakley does not pay in full today.

    Respectfully submitted,
    */s/ Damien Marshall*
    Damien Marshall

3