UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES OAKLEY,

                         Plaintiff,

-v-                                       No. 17-cv-6903 (RJS)
                                                                 ORDER

MSG NETWORKS, INC., *et al.*,

                         Defendants.

RICHARD J. SULLIVAN, Circuit Judge:

    Plaintiff Charles Oakley objects to the November 20, 2025 order of Magistrate Judge Robyn F. Tarnofsky denying his motion to stay the payment of $642,337.65 in attorneys' fees and costs in connection with spoliation sanctions that the Court imposed on July 23, 2025. For the reasons set forth below, the objection is overruled.

    Under Federal Rule of Civil Procedure 72(a), the Court may "modify or set aside" a magistrate judge's non-dispositive pretrial order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1). Under the Rule 72 standard, "magistrate judges are afforded broad discretion in resolving nondispositive disputes and reversal is appropriate only if their discretion is abused." *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013) (internal quotation marks omitted).

    Courts must weigh four factors when evaluating motions to stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest

lies." *Nken v. Holder*, 556 U.S. 418, 426 (2009) (internal quotation marks omitted). "The party seeking the stay bears a heavy burden to establish a favorable balance of these factors." *Nat. Res. Def. Council, Inc., v. U.S. Food & Drug Admin.*, 884 F. Supp. 2d 108, 122 (S.D.N.Y. 2012) (internal quotation marks omitted and alteration accepted).

Oakley has not carried that burden here – let alone demonstrated that Judge Tarnofsky clearly erred. In his objection, Oakley primarily argues (1) that he is likely to succeed on the merits, and (2) that he faces a risk of substantial injury if he must comply with the Fees Order. (Doc. No. 469 at 1–2). But Oakley's arguments on the merits – chiefly that Judge Tarnofsky erred by considering biographies of Defendants' attorneys that were publicly posted on their firm's website and by improperly treating this case as a complex commercial litigation – will likely fail because courts routinely consider such biographies, *see, e.g.*, *Haua v. Prodigy Network, LLC*, 2022 WL 20056294, at *3 (S.D.N.Y. Aug. 5, 2022), Defendants submitted a declaration attesting to the accuracy of the biographies (Doc. No. 454 at ¶ 3), and this case originally involved a complex set of ten claims against multiple corporate defendants (Doc. No. 1). Oakley's contention that he will be substantially injured by having to pay fees and costs also falls short of the mark: "because monetary injury can be estimated and compensated, the likelihood of such injury usually does not constitute irreparable harm." *Brenntag Int'l Chem., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999). And Oakley cites no caselaw supporting his novel argument that the length and nature of this particular litigation themselves constitute "considerable hardship" that rises to the level of irreparable harm justifying a stay. (Doc. No. 469 at 2.)

Accordingly, IT IS HEREBY ORDERED THAT Oakley's objection to the denial of his motion for a stay is OVERRULED. The Clerk of Court is respectfully directed to terminate the objection pending at Doc. No. 469.

SO ORDERED.

Dated:     November 21, 2025
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation