# KING & SPALDING

King & Spalding LLP
1290 Avenue of the Americas, 14th Floor
New York, NY 10104

Damien Marshall
Direct Dial: +1 212 790 5357
DMarshall@kslaw.com

December 15, 2025

**VIA ECF AND E-MAIL**

Hon. Richard J. Sullivan, U.S. Circuit Court Judge Sitting by Designation
500 Pearl Street, New York, NY 10007

Re:  *Oakley v. MSG Networks, et al.*, No. 17-cv-6903 (RJS) (S.D.N.Y.)

Dear Judge Sullivan:

We write on behalf of MSG, pursuant to Your Honor's Rule 2(A), to request a pre-motion conference concerning our intention to file a motion for contempt against Plaintiff Charles Oakley for failing to abide by Judge Tarnofsky's October 31 Order directing Oakley to pay MSG $642,337,65 in attorneys' fees and costs by November 21, 2025 (the "Fees Order," ECF 461). Oakley's payment is now more than three weeks late. Indeed, rather than comply with the plain terms of the Fees Order, Oakley and his counsel have continued to waste court resources and run up unnecessary legal fees for MSG by making *five* frivolous requests to stay the Fees Order—none of which have been granted. Notwithstanding the clear language in the Fees Order, and notwithstanding Your Honor's and Magistrate Judge Tarnofsky's orders denying Oakley's requests to stay it, Oakley has not paid or attempted to pay any amount. Because MSG's proposed judgment is still pending, this motion is MSG's only present means to seek relief with respect to Oakley's continuous violation of the Fees Order.

**Factual Background:** On July 23, 2025, the Court granted MSG's Rule 37 motion for spoliation sanctions against Oakley, finding, *inter alia*, that Oakley consciously destroyed his text messages in "bad faith" and that his attorneys were "negligen[t]" in virtually failing to take "any steps" to preserve his text message evidence. ECF 439 at 7, 11–12. The Court granted MSG an adverse inference and relevant attorneys' fees and costs. *Id.* at 11. On July 30, MSG submitted its fees motion, which was accompanied by a declaration attaching, among other evidence, a 45-page spreadsheet containing K&S's billing records. ECF 445, 446, 447. MSG sought fees and costs totaling approximately $1.5 million. ECF 446. On August 6, Oakley opposed MSG's motion and requested that the Court deny the motion in its entirety or, in the alternative, reduce MSG's requested fees and costs by 95%. ECF 448 at 25. Oakley further requested that the Court stay any fees award pending an ultimate verdict at trial. *Id.* On August 7, the Court referred the decision on MSG's fees motion to Magistrate Judge Tarnofsky. ECF 450. On October 31, Judge Tarnofsky granted MSG's motion in part; reduced its requested award to $642,337.65; explicitly denied Oakley's request to stay any fees award until after trial; and ordered Oakley to pay in full "within 21 days of the date of th[e] order"—by November 21, 2025. ECF 461 at 41.

On November 6, MSG filed a proposed judgment in the amount awarded by Judge Tarnofsky. ECF 462. (MSG did not file objections to the Fees Order.) In a November 7 letter, Oakley opposed the proposed judgment as "at best, premature" and stated that he would file objections to the Fees Order and "seek a stay of the [Fees] Order pending resolution of his objections." ECF 463. On November 14, Oakley filed objections but did not object to Judge Tarnofsky's denial of his stay request. ECF 465. On November 19—two days before the payment deadline (and after his 14 days to object to the Fees Order had expired), Oakley filed a separate motion to stay the Fees Order pending the Court's consideration of his objections, making clear that he never had any intention of paying the award when it became due. ECF 466. On November 20, Judge Tarnofsky denied Oakley's stay motion, finding that Oakley's objections "rehash matters addressed in my order and therefore are unlikely to have merit" and stating Oakley "has not demonstrated that paying … irreparably harm[s] him[.]" ECF 467 at 1–2.

Following Judge Tarnofsky's November 20 decision, MSG's counsel sent wire instructions to Oakley's counsel for Oakley's payment. Two hours later, at 9:07 p.m. the night before payment was due, Oakley filed objections to Judge Tarnofsky's denial of his stay motion, arguing that the denial was "erroneous," in part because Judge Tarnofsky failed to consider the "burdensome process of remitting payment," without any elaboration. ECF 469 at 2. On November 21, MSG filed a response letter arguing that the stay objections should be denied because, *inter alia*, Oakley failed to explain how he would be "irreparably injured" if forced to pay by the deadline. ECF 470. Later that day, Your Honor overruled Oakley's stay objections, reasoning that "Oakley has not carried [his]

burden" because his merits arguments "will likely fail" and that he provided "no caselaw" supporting his claim of "irreparable harm." ECF 471 at 1–2. Despite Your Honor's ruling, Oakley did not pay on November 21 (or any date thereafter). Oakley's counsel did not provide any explanation as to why Oakley did not make payment on the deadline proscribed in the Fees Order in either of his requests to Judge Tarnofsky or Judge Sullivan.

At approximately 6:00 p.m. on November 21, Oakley filed a mandamus petition in the Second Circuit requesting a writ of mandamus to stay Judge Tarnofsky's order requiring payment pending a decision on his objections to the Fees Order. *In re Oakley*, Case No. 25-2973, Dkt. 1.1. Oakley's counsel did not give MSG's counsel prior notice of the filing. On November 24, Oakley filed a motion for expedited review of the mandamus petition (Dkt. 11.1). The next day, MSG emailed Oakley's counsel, reiterating that there was no stay of the Fees Order, requesting that Oakley pay in full immediately, and soliciting "any information" Oakley's counsel may have regarding any attempt "to comply," as would be relevant for a potential contempt motion. His counsel responded, in entire sum and substance: "Be assured that we are aware of, and are complying with, all of our ethical obligations." Oakley's counsel did not provide any information about Oakley's ability to pay. On December 8, MSG again requested that Oakley pay the full amount owed and stated that his counsel have "not argued that Oakley is unable to comply with the Fees Order, nor produced any evidence in support of such an argument."

On December 9, the Second Circuit denied Oakley's motion to expedite. Case No. 25-2973, Dkt. 12.1. On December 11, Oakley's counsel sent a letter to MSG's counsel, stating, *for the first time*, that they "have been informed that Mr. Oakley does not have the resources to comply with the Fees Order" and that they are "making every effort to work with our client to gather information regarding his financial situation."[1] Nevertheless, Oakley has now been in violation of Judge Tarnofsky's Fees Order for 24 days.

**Basis for Contempt:** Oakley should be held in contempt because he has flagrantly disregarded the Fees Order and made no effort to comply. To prevail on a contempt motion, the movant must first establish that "(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *King v. Allied Vision, Ltd.*, 65 F.3d 1051, 1058 (2d Cir. 1995). Once the movant "establish[es] the three elements necessary for a finding of contempt, the burden shifts to the alleged contemnor, who must produce evidence establishing a complete inability to pay." *S.E.C. v. Bronson*, 2023 WL 6238818, at *5 (S.D.N.Y. Sept. 26, 2023) (Karas, J.), *appeal dismissed* (Dec. 16, 2024); *see also Huber v. Marine Midland Bank*, 51 F.3d 5, 10 (2d Cir. 1995) (contemnor's burden is to show an inability to comply that is "clear[], plain[], and unmistakabl[e]."). There is ample precedent holding parties in contempt for failing to comply with orders to pay attorneys' fees and costs. *See, e.g.*, *Aquavit Pharm., Inc. v. U-Bio Med, Inc.*, 2022 WL 2093417, at *2 (S.D.N.Y. June 10, 2022) (Caproni, J.) (holding sanctioned party in contempt for failure to pay attorneys' fees, ordering coercive sanctions, and awarding fees for contempt motion); *Ramgoolie v. Ramgoolie*, 2020 WL 8838045, at *2 (S.D.N.Y. Mar. 16, 2020) (Caproni, J.) (same and ordering payment of interest). MSG clearly satisfies its burden.

*First*, Judge Tarnofsky's Fees Order is "clear and unambiguous." *King*, 65 F.3d at 1058. It states unequivocally: "Plaintiff is ORDERED to pay $642,337.65 in attorneys' fees and costs to Defendant … within 21 days of the date of this order." ECF 461 at 41. The Fees Order was issued on October 31, which made the deadline to pay November 21, 2025. There is no "uncertainty" in these "directions." *Comverse, Inc. v. Am. Telecomms., Inc. Chile S.A.*, 2009 WL 464446, at *3 (S.D.N.Y. Feb. 24, 2009) (Leisure, J.). Likewise, there is no uncertainty in the subsequent orders issued by this Court that confirmed Oakley was required to pay by November 21. Judge Tarnofsky explicitly denied Oakley's untimely request for a stay, and Your Honor overruled Oakley's objections to that denial. ECF 467, ("Plaintiff's letter-motion for a stay of my order requiring payment by November 21, 2025 … until after Judge Richard J. Sullivan rules on Plaintiff's objections (ECF 466) is DENIED."), ECF 471 ("Oakley's objection to the denial of his motion for a stay is OVERRULED.")). And, neither Oakley's pending

---

[1] Oakley's December 11 letter also stated that he "recently located three devices that were in storage" that "d[id] not contain text messages from February 2017" but that contained "Facebook messages" that supposedly show "there are no messages from Mr. Oakley about the event." This disclosure raises even more questions about his spoliation, including, *inter alia*, his live testimony before the Court and his explanations regarding his phone trade-ins. MSG reserves all rights with respect to this belated disclosure.

objections nor his mandamus petition stayed his obligation. *Michelo v. Nat'l Collegiate Student Loan Tr. 2007-2*, 2021 WL 1080673, at *2 (S.D.N.Y. Mar. 5, 2021) (Moses, M.J.) (filing objections does not excuse compliance); *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *21 (S.D.N.Y. Feb. 16, 2016) (Pitman, M.J.) (appealing does not excuse compliance). Additionally, Oakley and his counsel have ignored Judge Tarnofsky's clear statement regarding any potential "refund" in the event Your Honor reduces the fee reward. ECF 467 at 2 ("[I]f Judge Sullivan decides that the award should be reduced, Defendant will refund to Plaintiff the excess amount Plaintiff paid."). Such a procedure is typical in these circumstances. *See In re Eur. Gov't Bonds Antitrust Litig.*, 2024 WL 5315290, at *2 (S.D.N.Y. Dec. 9, 2024) (Marerro, J.) (ordering immediate payment of attorneys' fees notwithstanding objections and the potential for a refund pending a reduction or reversal of the award). Rather than abide by these Court orders—the import of which Oakley's lawyers at least at one point seemed to understand, *see* ECF 466 at 2 ("[i]f the objections... are not further stayed, then MSG will receive [payment]")—Oakley continues to openly violate them.

*Second*, the proof of Oakley's noncompliance is clear and convincing. Oakley has not paid (any amount) nor provided evidence that he attempted to pay (any amount). Instead, Oakley and his counsel have tried to exercise self-help, with multiple requests to stay the Fees Order—none of which have been granted. *See e.g.*, *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 656 (2d Cir. 2004) (clear and convincing evidence of noncompliance where party did not follow court order and instead sought a stay).

*Third*, and for similar reasons, Oakley has not attempted to comply with the Fees Order, let alone "diligently attempted to comply" with it "in a reasonable manner." *King*, 65 F.3d at 1058. In fact, he has done everything *except* attempt to comply. Instead of addressing or attempting to explain his failure to meet the payment deadline, Oakley has made frivolous collateral attacks on the Fees Order, including to the Second Circuit, at times even challenging this Court's underlying sanctions decision and seeking to minimize the severity of his conduct. *See* ECF 468 at 11 (claiming that "bad faith conduct" "was simply not evident here"); *see also In re Oakley*, No. 25-2973, Dkt. 1.1 at 1 (falsely claiming Oakley spoliated text messages from just "a period of one month"). Oakley has not made or attempted *partial* payment of the Fees Order, either. *S.E.C. v. Universal Exp., Inc.*, 546 F. Supp. 2d 132, 135 (S.D.N.Y. 2008) (Lynch, J.) (alleged contemnor is still required to pay as much as possible under the circumstances even if he offers proof that he cannot pay the entire amount). Furthermore, Oakley has not offered *any* evidence demonstrating "a complete inability to pay," *S.E.C.*, 2023 WL 6238818, at *5, offering only a belated statement from his counsel that they "have been informed" (by some unidentified person) that Oakley "does not have the resources to comply." *See Huber*, 51 F.3d at 10 (alleged contemnor does not meet his burden when he "offers no evidence as to his inability [] or stands mute.").[2] Oakley's counsel's mere suggestion that they "understand" he is unable to pay—asserted for the first time 20 days after payment was due, only in response to MSG's potential contempt motion, and notably absent from his many previous filings on this topic—is nothing more than a baseless, last ditch attempt to circumvent the Fees Order now that the Second Circuit has signaled it is unlikely to grant him relief. *Id.* at 10 ("Conclusory statements are inadequate to carry [contemnor's] burden.").

With its contempt motion, MSG will seek case terminating sanctions. *See, e.g.*, *Kelly v. EMI Blackwood Music Inc.*, 2007 WL 2327059 (S.D.N.Y. Aug. 16, 2007), *report and recommendation adopted*, 2007 WL 2766660 (S.D.N.Y. Sept. 21, 2007) (Rakoff, J.) (granting case termination sanctions on account of contempt); *Peker v. Fader*, 965 F. Supp. 454, 458 (S.D.N.Y. 1997) (Koetl, J.) (dismissal appropriate sanction where "a specific fine would likely be meaningless"). In addition, MSG will seek its fees in connection with opposing Oakley's various requests to stay the Fees Order and for bringing the contempt motion, as well as interest on the amount of the Fees Order. *See, e.g.*, *Weitzman v. Stein*, 93 F.3d 717, 719 (2d Cir. 1996) (awarding fees and costs of prosecuting contempt); *JLM Couture, Inc. v. Gutman*, 2022 WL 17832303, at *3 (S.D.N.Y. Dec. 21, 2022) (Swain, C.J.) (awarding fees for opposing motion for emergency stay); *Est. of Calloway v. Marvel Ent. Grp., a Div. of Cadence Indus. Corp.*, 9 F.3d 237, 241–42 (2d Cir. 1993) (sanctions award accrued interest since being entered).

---

[2] Oakley should be ordered to testify live so that MSG may test any claim he may make that he is unable to pay.

Respectfully submitted,

*/s/ Damien Marshall*
Damien Marshall