

**Valdi Licul**
vlicul@wigdorlaw.com

December 18, 2025

**VIA ECF AND EMAIL**

The Honorable Richard J. Sullivan
U.S. Court of Appeals for the Second Circuit
500 Pearl Street, Room 2530
New York, New York 10007

   Re: Oakley v. MSG Networks, *et al.*; Civil Case No. 17-cv-06903 (RJS)

Dear Judge Sullivan,

We write on behalf of Plaintiff Charles Oakley ("Plaintiff" or "Oakley") pursuant to Rule 3 of Your Honor's Individual Practices regarding Oakley's opposition to the MSG Defendants' letter motion for pre-motion conference concerning their intention to file a motion for contempt against Oakley (Dkt. 473). Plaintiff plans to file his opposition letter under seal and publicly with redactions. These redactions will be narrowly tailored to compelling privacy interests and limited to specific details of Oakley's accounts and liabilities, including information about his income sources, mortgage debts, taxes owed, and asset ownership.

As an initial matter, at this stage, the information is not subject to any presumption of access, because it is not being used to "determine substantive legal rights." See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 121 (2d Cir. 2006). These pre-motion conference letters are submitted pursuant to local rules and the Court's rules to determine whether further hearings or briefings are appropriate, not to determine any rights. In other words, the Court is still screening the information for its relevance to the judicial process. Cf. United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance."). Accordingly, Oakley's compelling interest in privacy in the limited information to be redacted outweighs any presumption of public access, and sealing is therefore appropriate. See Godson v. Eltman, Eltman & Cooper, P.C., 285 F.R.D. 255, 262 (W.D.N.Y. 2012) (granting motion to seal "sensitive financial information.").

Respectfully submitted,

Valdi Licul

cc: All Counsel of Record (*via* ECF)

Plaintiff's motion to seal is GRANTED. Accordingly, IT IS
HEREBY ORDERED that Plaintiff's unredacted opposition letter
shall remain under seal. The Clerk of Court is respectfully
directed to terminate the motion pending at Doc. No. 474.

SO ORDERED.
December 19, 2025

Richard J. Sullivan
United States Circuit Judge
Sitting by Designation