UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| CHARLES OAKLEY, <br><br> Plaintiff, <br><br> -v- <br><br> MSG NETWORKS, INC., *et al.*, <br><br> Defendants. | No. 17-cv-6903 (RJS) <br> <u>ORDER</u> |

<u>RICHARD J. SULLIVAN</u>, Circuit Judge:

Before the Court is a letter from plaintiff Charles Oakley seeking leave to file a motion to disqualify Randy Mastro, counsel for defendants MSG Networks, Inc., Madison Square Garden Sports Corp., and Sphere Entertainment Group, LLC (collectively, "MSG"). (*See* Doc. No. 478.) In essence, Oakley contends that Mastro's representation of MSG while previously serving as the First Deputy Mayor of New York City constitutes a conflict of interest that will taint the trial process and prejudice Oakley. (*See id.*) MSG and Mastro – in his individual capacity – have both submitted letters arguing against disqualification. (*See* Doc. Nos. 480, 481.) With the consent of the parties, the Court deems Oakley's motion to be made and fully submitted. For the reasons set forth below, Oakley's motion to disqualify Mastro is DENIED.

Oakley previously moved to disqualify Mastro on April 2, 2025. (*See* Doc. No. 346.) The Court denied that motion on April 14, 2025, explaining that "motions to disqualify counsel have long been disfavored" and that "disqualification is typically ordered only in two scenarios: (1) where an attorney's conflict of interests . . . undermines the court's confidence in the vigor of the attorney's representation of his client and (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation . . . thus giving

his present client an unfair advantage." (*Id.* at 1 (internal quotation marks omitted).)  Applying this test, the Court concluded that Mastro could represent MSG vigorously and that his role as First Deputy Mayor did not give him "access to privileged information about Oakley that could provide MSG with an unfair advantage." (*Id.* at 2.)  The Court also noted that "the New York City Conflicts of Interest Board (the 'COIB') has determined that there is no conflict of interest."  (*Id.*)

Oakley's latest motion requests that the Court reconsider its prior ruling.  In particular, Oakley points to a recent New York City Department of Investigation ("DOI") Report that disagreed with COIB's finding that Mastro's representation of MSG did not qualify as a conflict that would require a waiver.  (Doc. No. 478 at 1.)  Oakley contends that this Report "validates" his previous position that Masto's continued representation of MSG would unfairly prejudice him. (*Id.* at 2.)  When pressed as to why, Oakley asserts that Mastro "may have been able to access relevant information" about police officers involved in this case and that police officers called to testify at trial might be inclined to "bend their testimony toward MSG's interests" in light of Mastro's former position as First Deputy Mayor.  (*Id.* at 3.)

But the DOI Report is simply the non-binding opinion of a single municipal agency – not a shift in controlling law that undermines the legal basis for the Court's prior disqualification ruling.  *See Shervington v. Village of Piermont*, 732 F. Supp. 2d 423, 425 (S.D.N.Y. 2010). Furthermore, the Report expressly explains that "DOI is not investigating . . . Mastro's representation of MSG, which he continued only after obtaining COIB's permission"; it also makes clear that DOI "takes *no position* on whether it would have been appropriate for the [COIB] to issue Mastro a public waiver" if it had agreed with DOI that there was a potential conflict.  (*See* Doc. No. 480 at 2 (internal quotation marks omitted).)  Finally, it is undisputed that Mastro is no longer First Deputy Mayor, and there is nothing in the record to suggest that he gleaned inside

2

knowledge about potential law enforcement witnesses while he served in that role or that police officer witnesses would alter their testimony in deference to his past title. (*See* Doc. No. 481 at 2.) In short, the vague – and frankly, implausible – specter of a *former* municipal official's potentially intimidating effect does not suffice to categorically disqualify that official from any future litigation in which a New York City employee may testify. The logic underlying the Court's previous order thus remains sound, while Oakley's arguments to the contrary remain unpersuasive and wholly conclusory.

For all these reasons, IT IS HEREBY ORDERED THAT that Oakley's motion to disqualify Mastro is DENIED.

SO ORDERED.

Dated:     January 14, 2026
           New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation