UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHARLES OAKLEY,

Plaintiff,

-v-

MSG NETWORKS, INC., *et al.*,

Defendants.

No. 17-cv-6903 (RJS)
ORDER

---

RICHARD J. SULLIVAN, Circuit Judge:

Defendants MSG Networks, Inc., Madison Square Garden Sports Corp., and Sphere Entertainment Group, LLC (collectively, "MSG") move to redact "sensitive and confidential security policies" and related information from their submissions in support of their motions *in limine* and for summary judgment.  (Doc. No. 409 at 1; *see also* Doc. Nos. 355, 380.)  Plaintiff Charles Oakley, meanwhile, moves to redact the "names of [several] NBA employees" included in his motion for sanctions and his opposition to MSG's motion for sanctions.  (*See* Doc. No. 421 at 1.)  For the reasons set forth below, MSG's motion is GRANTED and Oakley's motion is DENIED.

"The common law right of public access to judicial documents is firmly rooted in our nation's history."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  "To determine whether th[at] presumption attaches to a particular record," courts "engage[] in a three-step inquiry," assessing (1) "whether the record at issue is a judicial document," (2) the "weight of the presumption of access," and (3) how that presumption stacks up against "the factors that legitimately counsel against disclosure of the judicial document."  *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (internal quotation marks omitted).  Since all of the filings here clearly constitute

"judicial documents" – *i.e.*, records "placed before the court by the parties" that are "relevant to the performance of the judicial function and useful in the judicial process" – the parties' sealing motions depend entirely on the balance between the presumption of public access and any "[c]ountervailing [i]nterests." *Id.* at 59, 61 (internal quotation marks omitted).

Here, MSG's "privacy interests" justify sealing. *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted). As discussed in the Court's previous order, "the presumption of public access" must yield to MSG's efforts to "conceal [its] security protocols" because of "the potential safety concerns of disclosing this sensitive information." (Doc. No. 440 at 15 (citing *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 467 (S.D.N.Y. 2017) (explaining that sealing may be necessary to protect "the public's safety")).) That rationale remains true here, where MSG seeks to seal (i) "discussion of [its] security policies and training practices" (Doc. No. 355 at 1), (ii) those "security policies" themselves (Doc. No. 380 at 1; *see also* Doc. No. 409 at 1), and (iii) "the Expert Report of Timothy Gallagher, which discusses said policies" (Doc. No. 409 at 1). (*Cf.* Doc. No. 284 at 1 (granting motion to redact "time, date, and location of . . . deposition" because of "potential security concerns").)

By contrast, Oakley gives no specific reasons why the Court should seal "the names of NBA employees." (Doc. No. 421 at 1.) He simply notes that he seeks to redact such names "[a]t the request of the NBA" (*id.*) – without pointing to any "higher values," specific privacy concerns, or "competing considerations" that would warrant sealing. *Lugosch*, 435 F.3d at 120 (internal quotation marks omitted). Furthermore, Oakley seeks to redact only the *names* of the NBA employees, not "sensitive personal information" such as "home addresses, biographical information, telephone numbers and compensation." *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015). And those names are relevant to this case; indeed,

2

Oakley invokes the names and specific titles of particular employees, including the "NBA Director" and "Security Rep.," whose reports on his removal Oakley discusses in his motion for sanctions.  (*See* Doc. No. 423 at 6–7.)  Without further explanation as to why the Court should redact these names, Oakley cannot overcome the "potent and fundamental presumptive right of public access." *Mirlis*, 952 F.3d at 58.

For the reasons stated above, IT IS HEREBY ORDERED that MSG's motions to seal are GRANTED, while Oakley's motion to seal is DENIED.  The Clerk of Court is respectfully directed to terminate the motions pending at Doc. Nos. 355, 380, 409, and 421.

SO ORDERED.

Dated:      March 31, 2026
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation

3