WIGDOR.

**Valdi Licul**
vlicul@wigdorlaw.com

August 17, 2026

**VIA ECF**

The Honorable Richard J. Sullivan
U.S. Court of Appeals for the Second Circuit
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 2530
New York, New York 10007

Re: Oakley v. MSG Networks, *et al.*; Civil Case No. 17-cv-06903 (RJS)

Dear Judge Sullivan,

We represent Plaintiff Charles Oakley ("Oakley") and write to respectfully request that the Court (1) enter an order directing the Clerk of Court to issue a final judgment, and (2) defer its adjudication of the parties' sanctions motions until after the Second Circuit rules on Oakley's upcoming appeal.

A motion seeking sanctions is a collateral issue over which a district court retains jurisdiction even after a final judgment. Perpetual Sec., Inc. v. Tang, 290 F.3d 132, 141 (2d Cir. 2002). Accordingly, a court may postpone adjudicating such a motion where, as here, the issues overlap and an appellate decision might inform the district court's ruling. See RLS Assocs., LLC v. United Bank of Kuwait PLC, 2003 WL 22801918, at *2 (S.D.N.Y. Nov. 4, 2003) (holding attorneys' fees motion in abeyance "pending the outcome of the appeal").

That is precisely what this Court did when faced with Defendants MSG Networks, Inc., Madison Square Garden Sports Corp. and Sphere Entertainment Group, LLC's (collectively, "MSG") sanctions motion after the first grant of summary judgment. Despite believing that "the video is pretty unambiguous with respect to a lot of the allegations that are contained in the complaint," this Court nevertheless put the sanctions motion "on ice," see Jan. 3, 2022 Pre-Motion Conference Transcript ("Tr."), at 18:12-16, reasoning:

> I don't think it makes a lot of sense for this motion to become sort of a dress rehearsal for the appeal. It seems to me that until the appeal is decided it doesn't make a lot of sense to rule. My opinion speaks for itself. I think the video speaks for itself. But certainly Mr. Oakley has a right to appeal and he's pursuing it.

Id. at 18:5-10.[1]

For the same reasons the Court identified in 2022, the more efficient and orderly course is to defer ruling on the sanctions motions until the Second Circuit has ruled. Oakley's appeal of the summary judgment order, if successful, would undoubtedly affect the outcome of MSG's sanctions motion. A ruling by the Second Circuit reinstating Oakley's claims would effectively moot MSG's motion. If the Second Circuit affirmed, this Court could then proceed to decide the dueling sanctions motions without prejudice to any party. In short, entering final judgment and deferring sanctions would preserve both Oakley's appellate rights and this Court's ability to address collateral sanctions issues, if necessary, after the Second Circuit provides guidance on the merits.

For these reasons, Oakley respectfully requests that the Court hold the sanctions motions in abeyance until an appeal is decided.

Respectfully submitted,

Valdi Licul

cc: All Counsel of Record (*via* ECF)

[1] At the time, the Court asked the parties to consent to the procedure, which they ultimately did. ECF 133. But such consent was not required. Tr. at 18:19-21 ("If your client says I want to go forward and file the [sanctions] motion right away, I may still say, I don't think this is worth it.").