UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHARLES OAKLEY,

Plaintiff,

-v-

MSG NETWORKS, *et al.*,

Defendants.

No. 17-cv-6903 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

The Court is in receipt of Plaintiff's letters, dated August 17, 2026 and August 24, 2026, requesting that the Court (i) enter an order directing the entry of final judgment; and (ii) postpone its adjudication of the parties' Rule 11 sanctions motions pending appeal of the Court's recent order granting summary judgment to Defendants. (Doc. Nos. 523, 525.) Defendants oppose Plaintiff's request that the Court defer adjudication of the pending sanctions motions but do not oppose Plaintiff's request for the entry of final judgment. (Doc. No. 524.)

District courts retain jurisdiction after the entry of final judgment to adjudicate issues collateral to the merits of a case, such as motions for Rule 11 sanctions. *See Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir. 2002). In addition, after a party has taken an appeal following the entry of final judgment, district courts may, as a matter of discretion, defer adjudicating extant collateral motions in the interest of judicial efficiency. *See, e.g.*, *RLS Assocs., LLC v. United Bank of Kuwait PLC*, No. 1:01-cv-01290 (CSH), 2003 WL 22801918, at *1–2 (S.D.N.Y. Nov. 24, 2003) (deferring resolution of defendant's motion for attorneys' fees pending appeal of the grant of summary judgment). Plaintiff argues that the more efficient course here would be to enter final judgment and delay adjudication of the parties' Rule 11 motions. (Doc. No. 523.)

The Court disagrees. At this point, the parties have completed discovery and briefing on their motions for Rule 11 sanctions is fully submitted. (Doc. Nos. 410–11, 422–23, 425, 436, 438, 442.) Given that the issues relevant to the parties' Rule 11 motions are ripe, the Court concludes that the entry of final judgment and abstention from adjudication of those motions would frustrate, rather than promote, judicial efficiency. *Cf. White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 454 (1982) (observing that the district court practice of "promptly hearing and deciding claims to attorney's fees . . . normally will permit appeals from fee awards to be considered together with any appeal from a final judgment on the merits"). Accordingly, Plaintiff's requests that the Court direct the entry of final judgment and delay adjudication of the parties' Rule 11 motions are DENIED.

Plaintiff does not specifically ask the Court to delay adjudication of MSG's pending motion for contempt of Judge Tarnofsky's October 31, 2025 order directing the payment of attorneys' fees in relation to Plaintiff's spoliation of evidence. (Doc. Nos. 461, 473, 483, 522, 523, 525.) To the extent that Plaintiff also requests that the Court delay adjudication of that motion, the request is DENIED for the same reasons identified above. The Court further directs the parties to submit a status report no later than Friday, September 11, 2026 regarding the payments still outstanding in relation to Judge Tarnofsky's October 31, 2025 attorneys' fees order. (Doc. No. 461, *aff'd* Doc. No. 522.)

The Clerk of Court is respectfully directed to terminate the motion at Doc. No. 523.

SO ORDERED.

Dated: August 28, 2026
New York, New York

RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation